Leonard D. DuBoff – Oregon State Bar No. 774378
(*Pro Hac Vice Application to Be Submitted*)
Edward T. Fu – Oregon State Bar No. 113899
(*Pro Hac Vice Application to Be Submitted*)
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
Fax: (503) 868-7228
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com

Leo Y. Shimizu              010978
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Attorneys for Plaintiff
TRENDTEX FABRICS, LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| TRENDTEX FABRICS, LTD., | Case No. |
|---|---|
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | DEMAND FOR JURY TRIAL |
| NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; VISUAL INTERNET SOLUTIONS, INC., a Hawaii | |

corporation; TROPIHOLIC, INC., a
Florida corporation

Defendants.

Plaintiff TRENDTEX FABRICS, LTD. ("Plaintiff"), by and through its

undersigned counsel, hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the

Copyright Act. This action arises out of the defendants' unauthorized reproduction

and sale of copyrighted fabric surface designs owned by Plaintiff. Accordingly,

Plaintiff seeks relief under the Copyright Act of the United States, as amended, 17

U.S.C. § 101 *et seq*.

## PARTIES

2.      Plaintiff is a corporation that is incorporated in the State of Hawaii

that owns copyrights to various fabric surface designs.

3.      Defendant NTKN, INC. ("NTKN") is a corporation that is

incorporated in the State of Hawaii, does business as KY'S INTERNATIONAL

FASHION, and has its principal place of business at 819 Moowaa Street, Suite

207, Honolulu, Hawaii 96817.

4.      Based on information and belief, HUNG KY is a shareholder and

principal of NTKN and a resident of Honolulu, Hawaii.

5.      SHAKA TIME, INC. ("SHAKA TIME") is a corporation that is

COMPLAINT - 2

incorporated in the State of Hawaii, does business as SHAKA TIME, and has its

principal place of business at 866 Iwilei Road, Suite 206, Honolulu, Hawaii

96817.

6.     Defendant VISUAL INTERNET SOLUTIONS, INC. ("ALOHA

OUTLET") is a corporation that is incorporated in the State of Hawaii, does

business as ALOHA OUTLET, and has its principal place of business at 1281

Akamai Street, Kailua, Hawaii 96734.

7.     Defendant TROPIHOLIC, INC. ("TROPAHOLIC") is a corporation

that is incorporated in the State of Florida, has its principal place of business 8321

SE Royal St., Hobe Sound, Florida 33455, and does or has done business as

TROPIHOLIC and TROPAHOLIC.

## JURISDICTION AND VENUE

8.     This Court has original subject matter jurisdiction under 17 U.S.C. §§

101 *et seq.* and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws

of the United States.

9.     This Court has personal jurisdiction over the defendants. Venue is

appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because

Defendants NTKN, SHAKA TIME, INC., and ALOHA OUTLET have their

principal places of business in this district, Defendant HUNG KY is a resident of

this District, and Defendant TROPAHOLIC does continuous and systematic

business in this District.

## GENERAL ALLEGATIONS

10.     Plaintiff is a fabric wholesaler that owns the copyrights to numerous Hawaiian print surface designs. Plaintiff sells fabrics displaying these copyrighted surface designs to garment manufacturers.

11.     Plaintiff is the current owner, either by right of original registration or subsequent assignment, of the following Hawaiian print fabric surface designs that have been registered with the United States Copyright Office. The names of the subject surface designs, together with their copyright registration certificate numbers and dates of registration, are set forth in Figure 1 below:

**Figure 1**

| Surface Design | Registration No. | Registration Date: |
|---|---|---|
| 73142 | VAu 1-104-076 | May 22, 2012 |
| 73469 | VAu 1-104-023 | June 6, 2012 |
| 73571 | VAu 1-104-025 | June 6, 2012 |
| 73614 | VAu 1-107-464 | September 5, 2012 |
| 73627 | VAu 1-107-464 | September 5, 2012 |
| 4319B | VAu 1-190-261 | November 10, 2014 |
| E4A08 | VAu 624-818 | April 19, 2004 |
| E-022R3 | VAu 635-755 | August 18, 2004 |
| EH-2F44 | VAu 486-537 | July 24, 2000 |
| EH-3D25 | VAu 595-752 | July 7, 2003 |
| EH-20129 | VAu 554-340 | March 7, 2002 |
| KS-6919 | VAu 520-767 | August 28, 2001 |
| 73269 | VAu 1-104-074 | May 22, 2012 |
| EH-2E13B | VAu 565-372 | July 22, 2002 |
| 03780 | VAu 1-185-736 | September 24, 2014 |

12.     Plaintiff or its predecessor in interest has complied in all respects with 17 U.S.C. §§ 101 *et seq.* and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works identified in Figure 1 above.

13.     Based on information and belief, NTKN owns and operates the website www.kyifi.org.

14.     Based on information and belief, NTKN and/or HUNG KY also does business as KY'S ALOHA SHIRTS and owns and operates the website kysalohashirts.com.

15.     Based on information and belief, NTKN and/or HUNG KY also does business as EDENS HAWAII and owns and operates the website edenshawaii.com. NTKN further maintains a seller's account for EDENS HAWAII on www.etsy.com ("Etsy") through which it sells garments and other merchandise.

16.     Based on information and belief, SHAKA TIME owns and operates the website www.shakatime.com.

17.     Based on information and belief, SHAKA TIME also does business as ALOHA SHIRTS CLUB and owns and operates the website www.alohashirtsclub.com.

18.     Based on information and belief, ALOHA OUTLET owns and operates the website www.alohaoutlet.com.

19.     Based on information and belief, TROPAHOLIC owns and operates the websites tropiholic.com and tropaholic.com.

20.     Based on information and belief, NTKN has engaged in the importation and/or manufacture of garments and other merchandise that it then sells directly to the public through its websites www.kyifi.org, kysalohashirts.com, and edenshawaii.com, as well as through EDENS HAWAII's Etsy account. NTKN also wholesales its garments and other merchandise to other retailers, including but not limited to SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC, who then re-sell the purchased garments and other merchandise on their own respective websites.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement – The 73142 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET)

21.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 20 as if fully restated herein.

22.     By no later than August 26, 2010, Hawaiiprint, Inc. ("Hawaiiprint"), which owned the copyright for the 73142 surface design at the time, sold a certain length of fabric displaying the 73142 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73142 surface design.

23.     Based on information and belief, the fabric by Hawaiiprint to NTKN

or its predecessor displaying the 73142 surface design sold has been completely exhausted.

24.     On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 821/Anthurium Galore pattern, including but not limited to the GAL-821B Rayon Women's Aloha Blouse Anthurium Galore (the "Anthurium Galore Blouse"), 30D-821BL Anthurium Galore Paradise Short Dress, 22LD-821G Anthurium Galore Rayon Long Hawaiian Dress, 16D-821G Anthurium Galore Hawaiian Smock Midi Dress, and the AL-821B Anthurium Galore Rayon Men's Aloha Shirt, were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also offering garments displaying the 821/Anthurium Galore pattern, including several types of dresses, for sale on www.kysalohashirts.com and on EDENS HAWAII's Etsy page.

25.     Beginning in January 2022, Plaintiff discovered that NTKN garments displaying the 821/Anthurium Galore pattern, including but not limited to blouses, shirts, and dresses, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohshirtsclub.com and ALOHA OUTLET on its website.

26.     Based on information and belief, NTKN, SHAKA TIME, and

ALOHA OUTLET have sold garments displaying the 821/Anthurium Galore pattern in this District.

27.     The 821/Anthurium Galore pattern is substantially similar or identical to Plaintiff's copyrighted 73142 surface design. A side-by-side comparison of Plaintiff's 73142 surface design with the 821/Anthurium Galore pattern as displayed on the Anthurium Galore Blouse is set forth in Figure 2 below:

**Figure 2**

**73142**                                     **821/Anthurium Galore**




28.     Based on information and belief, the garments presently displaying the 821/Anthurium Galore pattern are reproductions of the 73142 surface design commissioned and imported by NTKN.

29.     Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73142 surface design or sold additional fabric displaying the 73142 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has

licensed SHAKA TIME or ALOHA OUTLET to reproduce or sell the copyrighted 73142 surface design or sold fabric to SHAKA TIME or ALOHA OUTLET displaying the copyrighted 73142 surface design. Plaintiff has also not been compensated for NTKN, SHAKA TIME, or ALOHA OUTLET's present use of the copyrighted 73142 surface design. NTKN, SHAKA TIME, and ALOHA OUTLET's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73142 surface design is therefore unauthorized.

30.    Based on information and belief, NTKN had access to Plaintiff's 73142 surface design through fabric sold to it or its predecessor by Hawaiiprint.- Based on information and belief, SHAKA TIME and ALOHA OUTLET had access to Plaintiff's 73142 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73142 surface design by NTKN or other third-party vendors.

31.    The acts by NTKN, SHAKA TIME, and ALOHA OUTLET complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

32.    Based on information and belief, NTKN, SHAKA TIME, and ALOHA OUTLET have realized profits as a direct and proximate result of their wrongful conduct.

COMPLAINT - 9

33.    Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on October 27, 2021. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

34.    On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME and ALOHA OUTLET via email and certified mail.

35.    NTKN continued to sell garments displaying the 821/Anthurium Galore pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

36.    Due to its continued sale of garments displaying the 821/Anthurium Galore pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

37.    As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

38.    As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73142 surface design.

39.    HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73142 surface design.

40.    As a direct and proximate result of the infringement by NTKN,

HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff has sustained and

will continue to sustain substantial and irreparable harm for which there is no

adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction

restraining and enjoining the infringing conduct.

41.    As a direct and proximate result of the infringement by NTKN,

HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff is entitled to

recover its actual damages in an amount to be proven at trial. Pursuant to 17

U.S.C. § 504, Plaintiff is further entitled to recover NTKN, HUNG KY, SHAKA

TIME, and ALOHA OUTLET's profits attributable to their infringing conduct,

and an accounting of and a constructive trust with respect to such profits.

42.    Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME and ALOHA OUTLET.

43.    Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement – The 73469 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET)

44.    Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 43 as if fully restated herein.

45.    By no later than January 16, 2013, Hawaiiprint, which owned the

COMPLAINT - 11

copyright for the 73469 surface design at the time, sold a certain length of-fabric displaying the 73469 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73469 surface design.

46.    Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73469 surface design has been completely exhausted.

47.    On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 493/Humpback Whale pattern, including but not limited to the AL-493 Humpback Whale Hawaiian Shirt (the "Humpback Whale Shirt"), were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also offering garments displaying the 493/Humpback Whale pattern for sale on EDENS HAWAII's Etsy page.

48.    Beginning in January 2022, Plaintiff discovered that NTKN garments displaying the 493/Humpback Whale pattern, including the Humpback Whale Shirt, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME and ALOHA OUTLET, on their websites.

49.    Based on information and belief, NTKN, SHAKA TIME, and

ALOHA OUTLET have sold garments displaying the 493/Humpback Whale pattern in this District.

50.     The 493/Humpback Whale pattern is substantially similar or identical to Plaintiff's copyrighted 73469 surface design. A side-by-side comparison of Plaintiff's 73469 surface design with the 493/Humpback Whale pattern as displayed on the navy blue Humpback Whale Shirt is set forth in Figure 3 below:

**Figure 3**

| 73469 | 493/Humpback Whale |
|:---:|:---:|

51.     Based on information and belief, the garments presently displaying the 493/Humpback Whale pattern are reproductions of the 73469 surface design commissioned and imported by NTKN.

52.     Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73469 surface design or sold additional fabric displaying the 73469 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME or ALOHA OUTLET to reproduce or sell the

COMPLAINT - 13

copyrighted 73469 surface design or sold fabric to SHAKA TIME or ALOHA

OUTLET displaying the copyrighted 73469 surface design. Plaintiff has also not

been compensated for NTKN, SHAKA TIME, or ALOHA OUTLET's present use

of the copyrighted 73469 surface design. NTKN, SHAKA TIME, and ALOHA

OUTLET's importation, manufacture, and/or sale of clothing displaying a surface

design substantially similar or identical to Plaintiff's copyrighted 73469 surface

design is therefore unauthorized.

53.    Based on information and belief, NTKN had access to Plaintiff's

73469 surface design through fabric sold to it or its predecessor by Hawaiiprint.

Based on information and belief, SHAKA TIME and ALOHA OUTLET had

access to Plaintiff's 73469 surface design, including, without limitation, through

(a) NTKN's websites or place of business; or (b) access to illegally distributed

copies of the 73469 surface design by NTKN or other third-party vendors.

54.    The acts by NTKN, SHAKA TIME, and ALOHA OUTLET

complained of herein constitute infringement of Plaintiff's copyright and

exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

55.    Based on information and belief, NTKN, SHAKA TIME, and

ALOHA OUTLET have realized profits as a direct and proximate result of their

wrongful conduct.

56.    Plaintiff's counsel sent a notice of copyright infringement to NTKN

via email on October 27, 2021. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

57.     On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME and ALOHA OUTLET via email and certified mail.

58.     NTKN continued to sell garments displaying the 493/Humpback Whale pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

59.     Due to its continued sale of garments displaying the 493/Humpback Whale pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

60.     As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

61.     As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73469 surface design.

62.     HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73469 surface design.

63.     As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff has sustained and

will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

64.     As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

65.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME and ALOHA OUTLET.

66.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
### (Copyright Infringement – The 73571 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET)

67.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 66 as if fully restated herein.

68.     By no later than January 16, 2013, Hawaiiprint, which owned the copyright for the 73571 surface design at the time, sold a certain length of fabric

COMPLAINT - 16

displaying the 73571 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73571 surface design.

69.    Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73571 surface design has been completely exhausted.

70.    On or about October 23, 2021, Plaintiff discovered that garments and other merchandise displaying what NTKN apparently named the 499/Woody Car pattern, including but not limited to the AL-499 Woody Chest Band Shirt (the "Woody Car Shirt"), the B-499 Boys Cabana set, and the PL-499 Woody Car Pillow Case, were being offered for sale on www.kyifi.org in various colors. Plaintiff later learned that NTKN was also offering the Woody Car Shirt for sale on EDENS HAWAII's Etsy page.

71.    Beginning in January 2022, Plaintiff discovered that NTKN garments and other merchandise displaying the 499/Woody Car pattern, including but not limited to the Woody Car Shirt and the Woody Car Pillow Case, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohshirtsclub.com, and ALOHA OUTLET on its website.

72.    Based on information and belief, NTKN, SHAKA TIME and

ALOHA OUTLET have sold garments or other merchandise displaying the 499/Woody Car pattern in this District.

73.     The 499/Woody Car pattern is substantially similar or identical to Plaintiff's copyrighted 73571 surface design. A side-by-side comparison of Plaintiff's 73571 surface design with the 499/Woody Car pattern as displayed on the black Woody Car Shirt is set forth in Figure 4 below:

**Figure 4**

**73571**                              **499/Woody Car**

74.     Based on information and belief, the garments presently displaying the 499/Woody Car pattern are reproductions of the 73571 surface design commissioned and imported by NTKN.

75.     Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73571 surface design. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME or ALOHA OUTLET to reproduce or sell the copyrighted 73571 surface design or sold fabric to SHAKA TIME or ALOHA

OUTLET displaying the copyrighted 73571 surface design. Plaintiff has also not

been compensated for NTKN, SHAKA TIME, or ALOHA OUTLET's present use

of the copyrighted 73571 surface design. NTKN, SHAKA TIME, and ALOHA

OUTLET's importation, manufacture, and/or sale of clothing displaying a surface

design substantially similar or identical to Plaintiff's copyrighted 73571 surface

design is therefore unauthorized.

76.    Based on information and belief, NTKN had access to Plaintiff's

73571 surface design through fabric sold to it or its predecessor by Hawaiiprint.

Based on information and belief, SHAKA TIME and ALOHA OUTLET had

access to Plaintiff's 73571 surface design, including, without limitation, through

(a) NTKN's websites or place of business; or (b) access to illegally distributed

copies of the 73571 surface design by NTKN or other third-party vendors.

77.    The acts by NTKN, SHAKA TIME, and ALOHA OUTLET

complained of herein constitute infringement of Plaintiff's copyright and its

exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

78.    Based on information and belief, NTKN, SHAKA TIME, and

ALOHA OUTLET have realized profits as a direct and proximate result of their

wrongful conduct.

79.    Plaintiff's counsel sent a notice of copyright infringement to NTKN

via email on October 27, 2021. Plaintiff's counsel sent a second notice of

COMPLAINT - 19

copyright infringement to NTKN's current counsel via email on April 12, 2022.

80.     On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME and ALOHA OUTLET via email and certified mail.

81.     NTKN continued to sell garments and other merchandise displaying the 499/Woody Car pattern on www.kyifi.org and Etsy.com after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

82.     Due to its continued sale of garments displaying the 499/Woody Car Pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

83.     As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

84.     As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73571 surface design.

85.     HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73571 surface design.

86.     As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff has sustained and

will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

87.     As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET's profits attributable to their infringing conduct.

88.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME and ALOHA OUTLET.

89.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF
### (Copyright Infringement – The 73614 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET)

90.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 89 as if fully restated herein.

91.     By no later than May 7, 2013, Hawaiiprint, which owned the copyright for the 73614 surface design at the time, sold a certain length of fabric

displaying the 73614 surface design to NTKN or its predecessor for use in the manufacture of garments. Some of the fabric was printed under the alternate designations of 73433 and 73684. The sale did not include a license to reproduce the 73614 surface design.

92.     Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73614 surface design has been completely exhausted.

93.     On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 477/Hibiscus pattern, including but not limited to the ALB-477 Hibiscus Side Panel Cotton Men's Hawaiian Shirt (the "Hibiscus Shirt") and the 2LDB-477 Long Hawaiian Dress ("the Hibiscus Dress"), were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also offering the Hibiscus Shirt and Hibiscus Dress for sale on EDENS HAWAII's Etsy page.

94.     Beginning in January 2022, Plaintiff discovered that NTKN garments displaying the 477/Hibiscus pattern, including the Hibiscus Shirt, were also being offered for sale by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohashirtsclub.com and ALOHA OUTLET on its website.

95.     Based on information and belief, NTKN, SHAKA TIME, and

ALOHA OUTLET have sold garments displaying the 477/Hibiscus pattern in this District.

96.     The 477/Hibiscus pattern is substantially similar or identical to Plaintiff's copyrighted 73614 surface design. A side-by-side comparison of the Plaintiff's 73614 surface design with the 477/Hibiscus pattern as displayed on the black Hibiscus Shirt is set forth in Figure 5 below:

**Figure 5**

**73614**                          **477/Hibiscus**



97.     Based on information and belief, the garments presently displaying the 477/Hibiscus pattern are reproductions of the 73614 surface design commissioned and imported by NTKN.

98.     Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73614 surface design or sold additional fabric displaying the 73614 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has

licensed SHAKA TIME or ALOHA OUTLET to reproduce or sell the copyrighted 73614 surface design or sold fabric to SHAKA TIME or ALOHA OUTLET displaying the copyrighted 73614 surface design. Plaintiff has also not been compensated for NTKN, SHAKA TIME, or ALOHA OUTLET's present use of the copyrighted 73614 surface design. NTKN, SHAKA TIME, and ALOHA OUTLET's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73614 surface design is therefore unauthorized.

99.     Based on information and belief, NTKN had access to Plaintiff's 73614 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME and ALOHA OUTLET had access to Plaintiff's 73614 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73614 surface design by NTKN or other third-party vendors.

100.    The acts by NTKN, SHAKA TIME, and ALOHA OUTLET complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

101.    NTKN, SHAKA TIME, and ALOHA OUTLET have realized profits as a direct and proximate result of their wrongful conduct.

102.    On October 27, 2021, Plaintiff's counsel sent a notice of copyright

infringement to NTKN. However, the infringing items remained for sale on

www.kyifi.org as of December 17, 2021. Plaintiff's counsel sent a second notice

of copyright infringement to NTKN's current counsel via email on April 12, 2022.

103.   On April 12, 2022, Plaintiff's counsel sent a notice of copyright

infringement to SHAKA TIME via email and certified mail.

104.   NTKN continued to sell garments displaying the 477/Hibiscus

pattern after the first notice of copyright infringement was delivered thereby

necessitating the second notice of copyright infringement.

105.   Due to its continued sale of garments displaying the 477/Hibiscus

pattern after first being notified of the infringement, NTKN has willfully engaged

in the acts complained of in conscious disregard of Plaintiff's rights.

106.   As a shareholder and principal of NTKN, HUNG KY had the right

and ability to stop or limit NTKN's infringement but failed to exercise that right.

107.   As a shareholder and principal of NTKN, HUNG KY enjoyed a

direct financial benefit from NTKN's direct infringement of the 73614 surface

design.

108.   HUNG KY has therefore vicariously infringed Plaintiff's copyright

of the 73614 surface design.

109.   As a direct and proximate result of the infringement by NTKN,

HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff has sustained and

will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

110. As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

111. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME and ALOHA OUTLET.

112. Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**FIFTH CLAIM FOR RELIEF**
**(Copyright Infringement – The 73627 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET)**

113. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 113 as if fully restated herein.

114. By no later than June 12, 2014, Hawaiiprint, which owned the copyright for the 73627 surface design at the time, sold a certain length of fabric

displaying the 73627 surface design to NTKN or its predecessor for use in the manufacture of garments. Some of the fabric was printed under the alternate designation of 73836. The sale did not include a license to reproduce the 73627 surface design.

115.    Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73627 surface design has been completely exhausted.

116.    On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently identified as the 492/Parrot pattern, including but not limited to the AL492 Parrot Chest Band Hawaiian Shirt (the "Parrot Shirt"), were being offered for sale in various colors on www.kyifi.org.

117.    Beginning in January 2022, Plaintiff discovered that NTKN garments displaying the 492/Parrot pattern, including the Parrot Shirt, were also being offered for sale by other vendors, including SHAKA TIME and ALOHA OUTLET, on their respective websites.

118.    Based on information and belief, NTKN, SHAKA TIME, and ALOHA OUTLET have sold garments displaying the 492/Parrot pattern in this District.

119.    The 492/Parrot pattern is substantially similar or identical to Plaintiff's copyrighted 73627 surface design. A side-by-side comparison of

Plaintiff's 73627 surface design with the 492/Parrot pattern as displayed on the Parrot Shirt is set forth in Figure 6 below:

**Figure 6**

**73627**                                    **492/Parrot**



120.   Based on information and belief, the garments presently displaying the 492/Parrot pattern are reproductions of the 73627 surface design commissioned and imported by NTKN.

121.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73627 surface design or sold additional fabric displaying the 73627 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME or ALOHA OUTLET to reproduce or sell the copyrighted 73627 surface design or sold fabric to SHAKA TIME or ALOHA OUTLET displaying the copyrighted 73627 surface design. Plaintiff has also not been compensated for NTKN, SHAKA TIME, or ALOHA OUTLET's present use of the copyrighted 73627 surface design. NTKN, SHAKA TIME, and ALOHA

OUTLET's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73627 surface design is therefore unauthorized.

122.   Based on information and belief, NTKN had access to Plaintiff's 73627 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME and ALOHA OUTLET had access to Plaintiff's 73627 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73627 surface design by NTKN or other third-party vendors.

123.   The acts by NTKN, SHAKA TIME, and ALOHA OUTLET complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

124.   On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN.

125.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME and ALOHA OUTLET via email and certified mail.

126.   Based on information and belief, NTKN, SHAKA TIME, and ALOHA OUTLET have realized profits as a direct and proximate result of their wrongful conduct.

127. NTKN continued to sell garments displaying 492/Parrot pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

128. Due to its continued sale of garments displaying 492/Parrot pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

129. As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

130. As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73627 surface design.

131. HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73627 surface design.

132. As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

133. As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff is entitled to

recover its actual damages in an amount to be proven at trial. Pursuant to 17

U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY,

SHAKA TIME, and ALOHA OUTLET's profits attributable to their infringing

conduct, and an accounting of and a constructive trust with respect to such profits.

134.   Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME and ALOHA OUTLET.

135.   Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

### SIXTH CLAIM FOR RELIEF
### (Copyright Infringement – The 4319B Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET)

136.   Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 135 as if fully restated herein.

137.   By no later than July 30, 2013, Hawaiiprint, which owned the

copyright for the 4319B surface design at the time, sold a certain length of fabric

displaying the 4319B surface design to NTKN or its predecessor for use in the

manufacture of garments. The sale did not include a license to reproduce the

4319B surface design.

138.   Based on information and belief, the fabric sold by Hawaiiprint to

NTKN or its predecessor displaying the 4319B surface design has been

completely exhausted.

139.   On or about October 23, 2021, Plaintiff discovered that garments and other merchandise displaying what NTKN apparently named the 504/World War II pattern, including but not limited to the AL-504 World War II Hawaiian Shirt (the "WWII Shirt"), were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also selling garments and other merchandise displaying the 504/World War II pattern on EDENS HAWAII's Etsy page.

140.   Beginning in January 2022, Plaintiff discovered that NTKN garments and other merchandise displaying the 504/World War II pattern, including but not limited to shirts and pillowcases, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohashirtsclub.com and ALOHA OUTLET on its website.

141.   Based on information and belief, NTKN, SHAKA TIME, and ALOHA OUTLET have sold garments and other merchandise displaying the 504/World War II pattern in this District.

142.   The 504/World War II pattern is substantially similar or identical to Plaintiff's copyrighted 4319B surface design. A side-by-side comparison of Plaintiff's 4319B surface design with the 504/World War II pattern as displayed

on the green WWII Shirt is set forth in Figure 7 below:

**Figure 7**

**4319B**                    **504/World War II**

                    

143.   Based on information and belief, the garments presently displaying

the 504/World War II pattern are reproductions of the 4319B surface design

commissioned and imported by NTKN.

144.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce

the copyrighted 4319B surface design or sold additional fabric displaying the

4319B surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has

licensed SHAKA TIME or ALOHA OUTLET to reproduce or sell the

copyrighted 4319B surface design or sold fabric to SHAKA TIME or ALOHA

OUTLET displaying the copyrighted 4319B surface design. Plaintiff has also not

been compensated for NTKN, SHAKA TIME, or ALOHA OUTLET's present use

of the copyrighted 4319B surface design. NTKN, SHAKA TIME, and ALOHA

OUTLET's importation, manufacture, and/or sale of clothing displaying a surface

design substantially similar or identical to Plaintiff's copyrighted 4319B surface

design is therefore unauthorized.

145.   Based on information and belief, NTKN had access to Plaintiff's 4319B surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME and ALOHA OUTLET had access to Plaintiff's 4319B surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 4319B surface design by NTKN or other third-party vendors.

146.   The acts by NTKN, SHAKA TIME, and ALOHA OUTLET complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

147.   Based on information and belief, NTKN, SHAKA TIME, and ALOHA OUTLET have realized profits as a direct and proximate result of their wrongful conduct.

148.   On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN via email. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel current via email on April 12, 2022.

149.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME and ALOHA OUTLET via email and certified mail.

150.   NTKN continued to sell garments and other merchandise displaying

the 504/World War II pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

151.    Due to its continued sale of garments and other merchandise displaying the 504/World War II pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

152.    As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

153.    As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 4319B surface design.

154.    HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 4319B surface design.

155.    As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

156.    As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff is entitled to

recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

157.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME and ALOHA OUTLET.

158.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**SEVENTH CLAIM FOR RELIEF**
**(Copyright Infringement – The E4A08 Surface Design)**
**(Against NTKN and HUNG KY)**

159.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 158 as if fully restated herein.

160.   By no later than January 15, 2008, Plaintiff sold a certain length of fabric displaying the E4A08 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the E4A08 surface design.

161.   Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the E4A08 surface design has been completely exhausted.

162.   On or about November 24, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the Pern Orchid pattern, including but not limited to the Pern Orchid Cotton Long Hawaiian Tank Dress (the "Pern Orchid Dress), were being offered for sale in various colors on www.kysalohashirts.com.

163.   Based on information and belief, NTKN has sold garments displaying the Pern Orchid pattern in this District.

164.   The Pern Orchid pattern is substantially similar or identical to Plaintiff's copyrighted E4A08 surface design. A side-by-side comparison of Plaintiff's E4A08 surface design with the Pern Orchid Dress is set forth in Figure 8 below:

**Figure 8**

| E4A08 | Pern Orchid |
|---|---|

165.   Based on information and belief, the garments presently displaying the Pern Orchid pattern are reproductions of the E4A08 surface design commissioned and imported by NTKN.

COMPLAINT - 37

166.   Plaintiff has neither authorized NTKN to reproduce the copyrighted E4A08 surface design nor sold additional fabric to NTKN displaying the E4A08 surface design. Plaintiff has also not been compensated for NTKN's use of the copyrighted E4A08 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted E4A08 surface design is therefore unauthorized.

167.   Based on information and belief, NTKN had access to Plaintiff's E4A08 surface design through fabric sold to it or its predecessor by Plaintiff.

168.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

169.   Based on information and belief, NTKN has realized profits as a direct and proximate result of their wrongful conduct.

170.   On December 8, 2021, Plaintiff's counsel sent a notice of copyright infringement via email to former counsel for NTKN. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

171.   NTKN continued to sell the Pern Orchid Dress after the first notice of copyright infringement were delivered, thereby necessitating the second notice of copyright infringement.

172.   Due to its continued sale of the Pern Orchid Dress after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

173.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

174.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the E4A08 surface design.

175.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the E4A08 surface design.

176.   As a direct and proximate result of the infringement by NTKN and HUNG, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

177.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

178.    Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

179.    Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## EIGHTH CLAIM FOR RELIEF
### (Copyright Infringement – The E-022R3 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC)

180.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 179 as if fully restated herein.

181.    By no later than March 10, 2005, Plaintiff sold a certain length of fabric displaying the E-022R3 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the alternate designation of E-022R. The sale did not include a license to reproduce the E-022R3 surface design.

182.    Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the E-022R3 surface design has been completely exhausted.

183.    On or about November 24, 2021, Plaintiff discovered that garments and other merchandise displaying what NTKN apparently named the 405/Cocktail pattern, including but not limited to the AL-405 Cocktail Chest Band Hawaiian Shirt (the "Cocktail Shirt") and the PL-405 Cocktail Pillow Case, was being

offered for sale in various colors on www.kyifi.org.

184.   Beginning in January 2022, Plaintiff discovered that NTKN garments and other merchandise displaying the 405/Cocktail pattern, including but not limited to the Cocktail Shirt, were also being offered for sale under various names and in various colors by other vendors, including SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com and ALOHA OUTLET and TROPAHOLIC on their respective websites.

185.   Based on information and belief, NTKN, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC have sold garments and other merchandise displaying the 405/Cocktail pattern in this District.

186.   The 405/Cocktail pattern is substantially similar or identical to Plaintiff's copyrighted E-0223R3 surface design. A side-by-side comparison of Plaintiff's E-022R3 surface design with the 405/Cocktail pattern as displayed on the navy Cocktail Shirt is set forth in Figure 9 below:

**Figure 9**

E-022R3                         405/Cocktail

187.   Based on information and belief, the garments presently displaying the 405/Cocktail pattern are reproductions of the E-022R3 surface design commissioned and imported by NTKN.

188.   Plaintiff has neither authorized NTKN to reproduce the copyrighted E-022R3 surface design nor sold additional fabric displaying the E-022R3 surface design to NTKN. Likewise, Plaintiff has neither licensed SHAKA TIME, ALOHA OUTLET, or TROPAHOLIC to reproduce or sell the copyrighted E-022R3 surface design or sold fabric to SHAKA TIME, ALOHA OUTLET, or TROPAHOLIC displaying the copyrighted E-022R3 surface design. Plaintiff has also not been compensated for NTKN, SHAKA TIME, ALOHA OUTLET, or TROPAHOLIC's present use of the copyrighted E-022R3 surface design. NTKN, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted E-022R3 surface design is therefore unauthorized.

189.   Based on information and belief, NTKN had access to Plaintiff's E-022R3 surface design through fabric sold to it or its predecessor by Plaintiff. Based on information and belief, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC had access to Plaintiff's E-022R3 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b)

access to illegally distributed copies of the E-022R3 surface design by NTKN or other third-party vendors.

190.   The acts by NTKN, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC's complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

191.   Based on information and belief, NTKN, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC have realized profits as a direct and proximate result of their wrongful conduct.

192.   On December 8, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN via email. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

193.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC via email and certified mail.

194.   NTKN continued to sell garments and other merchandise displaying the 405/Cocktail pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

195.   TROPAHOLIC has continued to sell garments displaying the 405/Cocktail pattern after receiving notice of the copyright infringement.

196.   Due to their continued sale of garments and other merchandise displaying the 405/Cocktail pattern after first being notified of the infringement, NTKN and TROPAHOLIC have willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

197.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

198.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the E-022R3 surface design.

199.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the E-022R3 surface design.

200.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

201.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY,

SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

202.    Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, and TROPAHOLIC and $30,000 against SHAKA TIME and ALOHA OUTLET.

203.    Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**NINTH CLAIM FOR RELIEF**
**(Copyright Infringement – The EH-2F44 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET)**

204.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 203 as if fully restated herein.

205.    By no later than July 17, 2008, Plaintiff sold a certain length of fabric displaying the EH-2F44 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the alternate designation of EH-2F44R. The sale did not include a license to reproduce the EH-2F44 surface design.

206.    Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the EH-2F44 surface design has been completely exhausted.

207.   On or about November 24, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 336/Motorcycle pattern, including but not limited to the AL-336 Motorcycle Surfing Cotton Men's Hawaiian Shirt (the "Motorcycle Shirt") and the B-336 boys' set (the "Motorcycle Set"), were being offered for sale in various colors on its website www.kyifi.org.

208.   Beginning in January 2022, Plaintiff discovered that NTKN garments displaying the 336/Motorcycle pattern, including but not limited to the Motorcycle Shirt, was also being offered for sale under various names and in various colors by other vendors, including SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com and ALOHA OUTLET on its website.

209.   Based on information and belief, NTKN, SHAKA TIME, and ALOHA OUTLET have sold garments displaying the 336/Motorcycle pattern in this District.

210.   The 336/Motorcycle pattern is substantially similar or identical to Plaintiff's copyrighted EH-2F44 surface design. A side-by-side comparison of Plaintiff's EH-2F44 surface design with the 336/Motorcycle pattern as displayed on the navy blue Motorcycle Shirt is set forth in Figure 10 below:

/ / /

/ / /

/ / /

**Figure 10**

EH-2F44                                                336/Motorcycle

                           

211.   Based on information and belief, the garments presently displaying

the 336/Motorcycle pattern are reproductions of the EH-2F44 surface design

commissioned and imported by NTKN.

212.   Plaintiff has neither authorized NTKN to reproduce the copyrighted

EH-2F44 surface design nor sold additional fabric displaying the EH-2F44 surface

design to NTKN. Likewise, Plaintiff has neither licensed SHAKA TIME or

ALOHA OUTLET to reproduce or sell the copyrighted EH-2F44 surface design

or sold fabric to SHAKA TIME or ALOHA OUTLET displaying the copyrighted

EH-2F44 surface design. Plaintiff has also not been compensated for NTKN,

SHAKA TIME or ALOHA OUTLET's present use of the copyrighted EH-2F44

surface design. NTKN, SHAKA TIME, and ALOHA OUTLET's importation,

manufacture, and/or sale of clothing displaying a surface design substantially

similar or identical to Plaintiff's copyrighted EH-2F44 surface design is therefore

unauthorized.

213.   Based on information and belief, NTKN had access to Plaintiff's EH-2F44 surface design through fabric sold to it or its predecessor by Plaintiff. Based on information and belief, SHAKA TIME and ALOHA OUTLET had access to Plaintiff's EH-2F44 surface design, including, without limitation, through ((a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the EH-2F44 surface design by NTKN or other third-party vendors.

214.   The acts by NTKN, SHAKA TIME, and ALOHA OUTLET complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

215.   Based on information and belief, NTKN, SHAKA TIME, and ALOHA OUTLET have realized profits as a direct and proximate result of their wrongful conduct.

216.   Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on December 8, 2021. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

217.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME and ALOHA OUTLET via email and certified mail.

218.   NTKN continued to sell garments displaying the 336/Motorcycle pattern after the first notice of copyright infringement was delivered, thereby

necessitating the second notice of copyright infringement.

219.   Due to its continued sale of garments displaying the 336/Motorcycle after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

220.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

221.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2F44 surface design.

222.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-2F44 surface design.

223.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

224.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY,

SHAKA TIME, and ALOHA OUTLET's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

225.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME and ALOHA OUTLET.

226.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**TENTH CLAIM FOR RELIEF**
**(Copyright Infringement – The EH-3D25 Surface Design)**
**(Against NTKN and HUNG KY)**

227.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 226 as if fully restated herein.

228.   By no later than December 11, 2003, Plaintiff sold a certain length of fabric displaying the EH-3D25 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the alternate designation of EH-3D25R. The sale did not include a license to reproduce the EH-3D25 surface design.

229.   Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the EH-3D25 surface design has been completely exhausted.

230.   On or about November 24, 2021, Plaintiff discovered that garments

displaying what NTKN apparently named the 386/Beach Party pattern or series, including but not limited to the AL-386 Beach Party Hawaiian Shirt (the "Beach Party Shirt"), were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that the Beach Party Shirt was also being offered for sale on EDENS HAWAII's Etsy page.

231.   Based on information and belief, NTKN has sold garments displaying the 386/Beach Party pattern in this District.

232.   The 386/Beach Party pattern is substantially similar or identical to Plaintiff's copyrighted EH-3D25 surface design. A side-by-side comparison of Plaintiff's EH-3D25 surface design with the 386/Beach Party pattern as displayed on the Beach Party Shirt is set forth in Figure 11 below:

**Figure 11**

**EH-3D25**            **386/Beach Party**

          

233.   Based on information and belief, the garments presently displaying the 386/Beach Party pattern are reproductions of the EH-3D25 surface design

commissioned and imported by NTKN.

234.   Plaintiff has neither authorized NTKN to reproduce the copyrighted EH-3D25 surface design nor sold additional fabric displaying the EH-3D25 surface design to NTKN. Plaintiff has also not been compensated for NTKN's use of the copyrighted EH-3D25 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted EH-3D25 surface design is therefore unauthorized.

235.   Based on information and belief, NTKN had access to Plaintiff's EH-3D25 surface design through fabric sold to it or its predecessor by Plaintiff.

236.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

237.   Based on information and belief, NTKN has realized profits as a direct and proximate result of their wrongful conduct.

238.   On December 8, 2021, Plaintiff's counsel sent a notice of copyright infringement to former counsel for NTKN. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

239.   NTKN continued to sell garments displaying the 386/Beach Party pattern after the first notice of copyright infringement was delivered, thereby

necessitating the second notice of copyright infringement.

240.   Due to its continued sale of the 386/Beach Party garments after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

241.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

242.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-3D25 surface design.

243.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-3D25 surface design.

244.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

245.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct,

and an accounting of and a constructive trust with respect to such profits.

246.   Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

247.   Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

### ELEVENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-20129 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

248.   Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 247 as if fully restated herein.

249.   By no later than August 12, 2004, Plaintiff sold a certain length of

fabric displaying the EH-20129 surface design to NTKN or its predecessor for use

in the manufacture of garments. The sale did not include a license to reproduce the

EH-20129 surface design.

250.   Based on information and belief, the fabric sold by Plaintiff to NTKN

or its predecessor displaying the EH-20129 surface design has been completely

exhausted.

251.   On or about November 24, 2021, Plaintiff discovered that garments

displaying what NTKN apparently named the 538/Leis Heavenly Flower pattern

or series, including but not limited to the AL-538 Leis Heavenly Flower Cotton

Men's Aloha Shirt (the "Leis Shirt"), were being offered for sale on

www.kyifi.org. Plaintiff later learned that the Leis Shirt was also being offered for sale on www.kysalohashirts.com.

252.   On or about December 16, 2021, Plaintiff discovered that NTKN garments displaying the 538/Leis Heavenly Flower pattern, including but not limited to the Leis Shirt, were also being offered for sale under various names and in various colors by other vendors, including SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com.

253.   Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 538/Leis Heavenly Flower pattern in this District.

254.   The 538/Leis Heavenly Flower pattern is substantially similar or identical to Plaintiff's copyrighted EH-20129 surface design. A side-by-side comparison of Plaintiff's EH-20129 surface design with the 538/Leis Heavenly Flower pattern as displayed on the navy Leis Shirt with is set forth in Figure 12 below:

**Figure 12**

| EH-20129 | 538/Leis Heavenly Flower |
|:---:|:---:|




255.   Based on information and belief, the garments presently displaying the 538/Leis Heavenly Flower pattern are reproductions of the EH-20129 surface design commissioned and imported by NTKN.

256.   Plaintiff has neither authorized NTKN to reproduce the copyrighted EH-20129 surface design nor sold additional fabric displaying the EH-20129 surface design to NTKN. Likewise, Plaintiff has neither licensed SHAKA TIME or ALOHA OUTLET to reproduce or sell the copyrighted EH-20129 surface design or sold fabric to SHAKA TIME or ALOHA OUTLET displaying the copyrighted EH-20129 surface design. Plaintiff has also not been compensated for NTKN, SHAKA TIME or ALOHA OUTLET's present use of the copyrighted EH-20129 surface design. NTKN, SHAKA TIME, and ALOHA OUTLET's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted EH-20129 surface design is therefore unauthorized.

257.   Based on information and belief, NTKN had access to Plaintiff's EH-2F44 surface design through fabric sold to it or its predecessor by Plaintiff. Based on information and belief, SHAKA TIME and ALOHA OUTLET had access to Plaintiff's EH-20129 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the EH-20129 surface design by NTKN or other third-party vendors.

258.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

259.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

260.   On December 8, 2021, Plaintiff's counsel sent a notice of copyright infringement to former counsel for NTKN. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

261.   On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

262.   NTKN continued to sell garments displaying the 538/Leis Heavenly Flower pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

263.   Due to its continued sale of garments displaying the 538/Leis Heavenly Flower pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

264.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

265.   As a shareholder and principal of NTKN, HUNG KY enjoyed a

direct financial benefit from NTKN's direct infringement of the EH-20129 surface design.

266.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-20129 surface design.

267.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

268.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

269.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

270.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**TWELFTH CLAIM FOR RELIEF**
**(Copyright Infringement – The KS-6919 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and**
**TROPAHOLIC)**

271.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 270 as if fully restated herein.

272.   By no later than July 14, 2008, Plaintiff sold a certain length of fabric displaying the KS-6919 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the alternate designation of KS-6919R. The sale did not include a license to reproduce the KS-6919 surface design.

273.   Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the KS-6919 surface design has been completely exhausted.

274.   On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 805/Hibiscus Panel pattern, including but not limited to the 6D-805 White Hibiscus Dress and the AL-805 Blue Hibiscus Shirt, were being offered for sale in various colors on www.kyifi.org.

275.   Beginning in January 2022, Plaintiff discovered that garments displaying the 805/Hibiscus Panel pattern were also being offered for sale under various names and in various colors by other vendors, including SHAKA TIME

COMPLAINT - 59

on its websites www.shakatime.com and www.alohashirtsclub.com and ALOHA

OUTLET and TROPAHOLIC on their respective websites.

276.   Based on information and belief, NTKN, SHAKA TIME, ALOHA

OUTLET, and TROPAHOLIC have sold garments displaying the 805/Hibiscus

Panel pattern in this District.

277.   The 805/Hibiscus Panel pattern is substantially similar or identical to

Plaintiff's copyrighted KS-6919 surface design. A side-by-side comparison of

Plaintiff's KS-6919 surface design with the 805/Hibiscus Panel pattern as

displayed on the navy blue Hibiscus Panel Shirt is set forth in Figure 13 below:

**Figure 13**

**KS-6919**                                **805/Hibiscus Panel**

278.   Based on information and belief, the garments presently displaying

the 805/Hibiscus Panel pattern are reproductions of the KS-6919 surface design

commissioned and imported by NTKN.

279.   Plaintiff has neither authorized NTKN to reproduce the copyrighted

KS-6919 surface design nor sold additional fabric displaying the KS-6919 surface

design to NTKN. Likewise, Plaintiff has neither licensed SHAKA TIME,

ALOHA OUTLET, or TROPAHOLIC to reproduce or sell the copyrighted KS-

6919 surface design or sold fabric to SHAKA TIME, ALOHA OUTLET, or

TROPAHOLIC displaying the copyrighted KS-6919 surface design. Plaintiff has

also not been compensated for NTKN, SHAKA TIME, ALOHA OUTLET, or

TROPAHOLIC's present use of the copyrighted KS-6919 surface design. NTKN,

SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC's importation,

manufacture, and/or sale of clothing displaying a surface design substantially

similar or identical to Plaintiff's copyrighted KS-6919 surface design is therefore

unauthorized.

280.   Based on information and belief, NTKN had access to Plaintiff's KS-

6919 surface design through fabric sold to it or its predecessor by Plaintiff. Based

on information and belief, SHAKA TIME, ALOHA OUTLET, and

TROPAHOLIC had access to Plaintiff's KS-6919 surface design, including,

without limitation, through (a) NTKN's websites or place of business; or (b)

access to illegally distributed copies of the KS-6919 surface design by NTKN or

other third-party vendors.

281.   The acts by NTKN, SHAKA TIME, ALOHA OUTLET, and

TROPAHOLIC complained of herein constitute infringement of Plaintiff's

copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

282.   Based on information and belief, NTKN, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC have realized profits as a direct and proximate result of their wrongful conduct.

283.   Plaintiff's counsel sent a notice of copyright infringement to NTKN's current counsel via email on April 12, 2012.

284.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC via email and certified mail.

285.   TROPAHOLIC has continued to sell garments displaying the 805/Hibiscus Panel pattern after receiving notice of the copyright infringement.

286.   Due to its continued sale of garments displaying the 805/Hibiscus Panel pattern after first being notified of the infringement, TROPAHOLIC has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

287.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

288.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

289.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the KS-6919 surface design.

290.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the KS-6919 surface design.

291.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

292.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

293.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, and TROPHOLIC and $30,000 against SHAKA TIME and ALOHA OUTLET.

294.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

### THIRTEENTH CLAIM FOR RELIEF
**(Copyright Infringement – The 73269 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET)**

295.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 294 as if fully restated herein.

296.   By no later than March 6, 2012, Hawaiiprint, which owned the copyright for the 73269 surface design at the time, sold a certain length of fabric displaying the 73269 surface design to NTKN or its predecessor for use in the manufacture of garments. Some of the fabric was printed under the alternate designation of 73489. The sale did not include a license to reproduce the 73269 surface design.

297.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73269 surface design has been completely exhausted.

298.   On or about October 23, 2021, Plaintiff discovered that garments and other merchandise displaying what NTKN apparently named the 825/Pupukea Hibiscus & Orchid pattern, including but not limited to the AL-825 Pupukea Hibiscus & Orchid Aloha Shirt (the "Pupukea Hibiscus Shirt"), the GAL-825 Women's Pupukea Hibiscus & Orchid Aloha Blouse (the "Pupukea Blouse"), and

the PL825 Pupukea Hibiscus & Orchid Pillow Case, were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also offering merchandise displaying the 825/Pupukea Hibiscus & Orchid pattern for sale on www.kysalohashirts.com and also on EDENS HAWAII's Etsy page.

299.    In approximately January 2022, Plaintiff discovered that garments and other merchandise displaying what NTKN apparently named the 466 pattern, including but not limited to blouses, tops, and dresses, were being offered for sale on www.kyifi.org.

300.    Beginning in January 2022, Plaintiff discovered that garments and other merchandise displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com and ALOHA OUTLET on its website.

301.    Based on information and belief, NTKN, SHAKA TIME, and ALOHA OUTLET have sold garments and other merchandise displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns in this District.

302.    The 825/Pupukea Hibiscus & Orchid and 466 patterns are substantially similar or identical to Plaintiff's copyrighted 73269 surface design. A side-by-side comparison of Plaintiff's 73269 surface design with the

825/Pupukea Hibiscus & Orchid pattern as displayed on the purple Pupukea Hibiscus Shirt and the 466 pattern as displayed on a yellow top is set forth in Figure 14 below:

**Figure 14**

**73269**                                    **825/Pupukea Hibiscus & Orchid**

**466**

303.   Based on information and belief, the garments presently displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns are reproductions of the 73269 surface design commissioned and imported by NTKN.

304.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73269 surface design or sold additional fabric displaying the 73269 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME or ALOHA OUTLET to reproduce or sell the copyrighted 73269 surface design or sold fabric to SHAKA TIME or ALOHA

OUTLET displaying the copyrighted 73269 surface design. Plaintiff has also not

been compensated for NTKN, SHAKA TIME or ALOHA OUTLET's present use

of the copyrighted 73269 surface design. NTKN, SHAKA TIME, and ALOHA

OUTLET's importation, manufacture, and/or sale of clothing displaying a surface

design substantially similar or identical to Plaintiff's copyrighted 73269 surface

design is therefore unauthorized.

305.   Based on information and belief, NTKN had access to Plaintiff's

73269 surface design through fabric sold to it or its predecessor by Hawaiiprint.

Based on information and belief, SHAKA TIME and ALOHA OUTLET had

access to Plaintiff's 73269 surface design, including, without limitation, through

(a) NTKN's websites or place of business; or (b) access to illegally distributed

copies of the 73269 surface design by NTKN or other third-party vendors.

306.  The acts by NTKN, SHAKA TIME, and ALOHA OUTLET

complained of herein constitute infringement of Plaintiff's copyright and

exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

307.   Based on information and belief, NTKN, SHAKA TIME, and

ALOHA OUTLET have realized profits as a direct and proximate result of their

wrongful conduct.

308.   Plaintiff's counsel sent a notice of copyright infringement to NTKN's

current counsel on April 12, 2022.

309.  On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME and ALOHA OUTLET via email and certified mail.

310.  Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

311.  As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

312.  As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73269 surface design.

313.  HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73269 surface design.

314.  As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

315.  As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17

U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY,

SHAKA TIME, and ALOHA OUTLET's profits attributable to their infringing

conduct, and an accounting of and a constructive trust with respect to such profits.

316.   Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME and ALOHA OUTLET.

317.   Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

## FOURTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-2E13B Surface Design)
### (Against NTKN and HUNG KY)

318.   Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 317 as if fully restated herein.

319.   By no later than July 16, 2008, Plaintiff sold a certain length of fabric

displaying the EH-2E13B surface design to NTKN or its predecessor for use in

the manufacture of garments. The sale did not include a license to reproduce the

EH-2E13B surface design.

320.   Based on information and belief, the fabric sold by Plaintiff to NTKN

or its predecessor displaying the EH-2E13B surface design has been completely

exhausted.

321.   In approximately January 2022, Plaintiff discovered that garments

displaying what NTKN apparently named the 358/Old Car pattern, including but not limited to the AL358 Old Car Hawaiian Shirt ("the Old Car Shirt") and the B-358 Boys Cabana Set Border Design, were being offered for sale in various colors on www.kyifi.org.

322.    In approximately April 2022, Plaintiff discovered that the Old Car Shirt was also being sold by other vendors, including Cities Fashion on its website www.citiesfashion.com.

323.    Based on information and belief, NTKN has sold garments displaying the 358/Old Car pattern in this District.

324.    The 358/Old Car pattern is substantially similar or identical to Plaintiff's copyrighted EH-2E13B surface design. A side-by-side comparison of Plaintiff's EH-2E13B surface design with the 358/Old Car as pattern as displayed on the navy blue Old Car Shirt is set forth in Figure 15 below:

**Figure 15**

EH-2E13B                    358/Old Car

325.    Based on information and belief, the garments presently displaying

COMPLAINT - 70

the 358/Old Car pattern are reproductions of the EH-2E13B surface design commissioned and imported by NTKN.

326.   Plaintiff has neither authorized NTKN to reproduce the copyrighted EH-2E13B surface design nor sold additional fabric displaying the EH-2E13B surface design to NTKN. Plaintiff has also not been compensated for NTKN's use of the copyrighted EH-2E13B surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted EH-2E13B surface design is therefore unauthorized.

327.   Based on information and belief, NTKN had access to Plaintiff's EH-2E13B surface design through fabric sold to it or its predecessor by Plaintiff.

328.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

329.   Based on information and belief, NTKN has realized profits as a direct and proximate result of their wrongful conduct.

330.   Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on April 12, 2022.

331.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

332.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

333.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2E13B surface design.

334.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-2E13B surface design.

335.   As a direct and proximate result of the infringement by NTKN and HUNG KY Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

336.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

337.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

338.   Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

## FIFTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The 03780 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

339.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 338 as if fully restated herein.

340.   By no later than June 28, 2013, Hawaiiprint, which owned the copyright for the 03780 surface design at the time, sold a certain length of fabric displaying the 03780 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 03780 surface design.

341.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 03780 surface design has been completely exhausted.

342.   On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 503/Lahaina pattern, including but not limited to the ALB-503 Lahaina Side Panel Shirt (the "Lahaina Shirt") and the 2LDB-503 Lahaina Side Panel Dress (the "Lahaina Dress"), were being offered for sale in various colors www.kyifi.org. Plaintiff later learned that garments displaying the 503/Lahaina pattern were also being offered for sale on EDENS HAWAII's Etsy page.

343.   Beginning in January 2022, Plaintiff discovered that garments displaying NTKN's 503/Lahaina pattern, including but not limited to the Lahaina Shirt and Lahaina Dress, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohahshirtsclub.com.

344.   Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 503/Lahaina pattern in this District.

345.   The 503/Lahaina pattern is substantially similar or identical to Plaintiff's copyrighted 03780 surface design. A side-by-side comparison of Plaintiff's 03780 surface design with the 503/Lahaina pattern as displayed on the Lahaina Shirt is set forth in Figure 16 below:

**Figure 16**

| 03780 | 503/Lahaina |

346.   Based on information and belief, the garments presently displaying the 503/Lahaina pattern are reproductions of the 03780 surface design

COMPLAINT - 74

commissioned and imported by NTKN.

347.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 03780 surface design or sold additional fabric displaying the 03780 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 03780 surface design or sold fabric to SHAKA TIME displaying the copyrighted 03780 surface design. Plaintiff has also not been compensated for NTKN, SHAKA TIME, or ALOHA OUTLET's present use of the copyrighted 03780 surface design. NTKN, SHAKA TIME, and ALOHA OUTLET's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 03780 surface design is therefore unauthorized.

348.   Based on information and belief, NTKN had access to Plaintiff's 03780 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 03780 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 03780 surface design by NTKN or other third-party vendors.

349.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

COMPLAINT - 75

350.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

351.   On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

352.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME via email and certified mail.

353.   NTKN continued to sell garments displaying the 503/Lahaina pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

354.   Due to its continued sale of garments displaying the 503/Lahaina pattern after first being notified of the infringement, NTKN willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

355.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

356.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 03780 surface design.

357.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 03780 surface design.

COMPLAINT - 76

358.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

359.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover the profits of NTKN, HUNG KY, and SHAKA TIME attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

360.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

361.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment of up to $2,250,000 and other relief as follows:

A. On Plaintiff's First Claim for Relief against NTKN, HUNG KY, SHAKA

TIME, and ALOHA OUTLET:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73142 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73142 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73142 surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

B. On Plaintiff's Second Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET:

    a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73469 surface design in violation of 17 U.S.C. § 501;

    b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73469 surface design;

    c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73469 surface design;

    d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

    e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

    g. That Plaintiff be awarded such other and further relief as is just and

proper.

C. On Plaintiff's Third Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET:

    a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73571 surface design in violation of 17 U.S.C. § 501;

    b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73571 surface design;

    c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73571 surface design;

    d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

    e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

D. On Plaintiff's Fourth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73614 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73614 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73614 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according

to law; and

    g. That Plaintiff be awarded such other and further relief as is just and proper.

E. On Plaintiff's Fifth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET:

    a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73627 surface design in violation of 17 U.S.C. § 501;

    b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73627 surface design;

    c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73627 surface design;

    d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

    e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

    g.  That Plaintiff be awarded such other and further relief as is just and proper.

F.  On Plaintiff's Sixth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET:

    a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 4319B surface design in violation of 17 U.S.C. § 501;

    b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 4319B surface design;

    c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 4319B surface design;

    d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

    e.  That Plaintiff be awarded its costs and reasonable attorneys' fees

pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

G. On Plaintiff's Seventh Claim for Relief against NTKN and HUNG KY:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted E4A08 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted E4A08 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted E4A08 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

H. On Plaintiff's Eighth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted E-022R3 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted E-022R3 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted E-022R3 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN, HUNG KY, and TROPAHOLIC, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees

pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

I. On Plaintiff's Ninth Claim for Relief against NTKN, HUNG KY, SHAKA TIMA, and ALOHA OUTLET:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-2F44 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-2F44 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-2F44 surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

J.  On Plaintiff's Tenth Claim for Relief against NTKN and HUNG KY:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-3D25 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-3D25 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-3D25 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees

pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

K.  On Plaintiff's Eleventh Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a.  That t the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-20129 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-20129 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-20129 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees

pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

L.  On Plaintiff's Twelfth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, ALOHA OUTLET, and TROPAHOLIC:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted KS-6919 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted KS-6919 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted KS-6919 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN, HUNG KY, and TROPAHOLIC, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

M. On Plaintiff's Thirteenth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and ALOHA OUTLET:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73269 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73269 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73269 surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and ALOHA OUTLET, jointly and severally, pursuant to 17

U.S.C. § 504(c);

    e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

    g. That Plaintiff be awarded such other and further relief as is just and proper.

N. On Plaintiff's Fourteenth Claim for Relief against NTKN and HUNG KY:

    a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-2E13B surface design in violation of 17 U.S.C. § 501;

    b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-2E13B surface design;

    c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-2E13B surface design;

    d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

O.  On Plaintiff's Fifteenth Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 03780 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 03780 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 03780 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 29th day of June 2022.

/s/ Leo Y. Shimizu
Leo Y. Shimizu
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Leonard D. DuBoff, OSB # 774378
(*Pro Hac Vice Application to Be Submitted*)
Edward T. Fu, OSB #113899
(*Pro Hac Vice Application to Be Submitted*)
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com
Telephone: (503) 968-8111

Attorneys for Plaintiff

COMPLAINT - 93

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TRENDTEX FABRICS, LTD.

## DEFENDANTS
NTKN, INC.; SHAKA TIME, INC., VISUAL INTERNET SOLUTIONS, INC., TROPIHOLIC, INC.

**(b)** County of Residence of First Listed Plaintiff   Honolulu
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Honolulu
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Leo Y. Shimizu, 1441 Kapiolani Blvd., Ste. 910, Honolulu, HI 96814
Telephone: (808) 679-2049

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. 101 et seq.
Brief description of cause:
Copyright infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  2,250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   06/29/2022

SIGNATURE OF ATTORNEY OF RECORD   /s/ Leo Y. Shimizu

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print    Save As...    Reset