Leonard D. DuBoff, *Pro Hac Vice*
Edward T. Fu, *Pro Hac Vice*
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
Fax: (503) 868-7228
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com

Leo Y. Shimizu          010978
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Attorneys for Plaintiff
TRENDTEX FABRICS, LTD.

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., | Case No. 1:22-cv-00287-LEK-KJM |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | |
| NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; TROPIHOLIC, INC., a Florida corporation | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff TRENDTEX FABRICS, LTD. ("Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the defendants' unauthorized reproduction and sale of copyrighted fabric surface designs owned by Plaintiff. Accordingly, Plaintiff seeks relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## PARTIES

2.     Plaintiff is a corporation that is incorporated in the State of Hawaii that owns copyrights to various fabric surface designs.

3.     Defendant NTKN, INC. ("NTKN") is a corporation that is incorporated in the State of Hawaii, does business as KY'S INTERNATIONAL FASHION, and has its principal place of business at 819 Moowaa Street, Suite 207, Honolulu, Hawaii 96817.

4.     Based on information and belief, HUNG KY is a shareholder and principal of NTKN and a resident of Honolulu, Hawaii.

5.     SHAKA TIME, INC. ("SHAKA TIME") is a corporation that is incorporated in the State of Hawaii, does business as SHAKA TIME, and has its principal place of business at 866 Iwilei Road, Suite 206, Honolulu, Hawaii

96817.

6.      Defendant TROPIHOLIC, INC. ("TROPAHOLIC") is a corporation that is incorporated in the State of Florida, has its principal place of business 8321 SE Royal St., Hobe Sound, Florida 33455, and does or has done business as TROPIHOLIC and TROPAHOLIC.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction under 17 U.S.C. §§ 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

8.      This Court has personal jurisdiction over the defendants. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants NTKN and SHAKA TIME, INC. have their principal places of business in this district, Defendant HUNG KY is a resident of this District, and Defendant TROPAHOLIC does continuous and systematic business in this District.

## GENERAL ALLEGATIONS

9.      Plaintiff is a fabric wholesaler that owns the copyrights to numerous Hawaiian print surface designs. Plaintiff sells fabrics displaying these copyrighted surface designs to garment manufacturers.

10.     Plaintiff is the current owner, either by right of original registration

or subsequent assignment, of the following Hawaiian print fabric surface designs

that have been registered with the United States Copyright Office. The names of

the subject surface designs, together with their copyright registration certificate

numbers and dates of registration, are set forth in Figure 1 below:

**Figure 1**

| Surface Design | Registration No. | Registration Date: |
|---|---|---|
| 73142 | VAu 1-104-076 | May 22, 2012 |
| 73138 | VAu 1-104-076 | May 22, 2012 |
| 73469 | VAu 1-104-023 | June 6, 2012 |
| 73454 | VAu 1-104-023 | June 6, 2012 |
| 73571 | VAu 1-104-025 | June 6, 2012 |
| 73614 | VAu 1-107-464 | September 5, 2012 |
| 73627 | VAu 1-107-464 | September 5, 2012 |
| 4319B | VAu 1-190-261 | November 10, 2014 |
| 91202 | VAu 1-190-261 | November 10, 2014 |
| E4A08 | VAu 624-818 | April 19, 2004 |
| E-022R3 | VAu 635-755 | August 18, 2004 |
| EH-2F44 | VAu 486-537 | July 24, 2000 |
| EH-3D25 | VAu 595-752 | July 7, 2003 |
| EH-20129 | VAu 554-340 | March 7, 2002 |
| KS-6919 | VAu 520-767 | August 28, 2001 |
| 73269 | VAu 1-104-074 | May 22, 2012 |
| EH-2E13B | VAu 565-372 | July 22, 2002 |
| 03780 | VAu 1-185-736 | September 24, 2014 |
| 73657 | VAu 1-185-736 | September 24, 2014 |
| EH-2J11 | VA-1-069-408 | January 29, 2001 |
| EH-2M59 | VAu 497-009 | July 3, 2000 |
| EH-81104 | VA 1-069-405 | January 29, 2001 |
| 73096 | VA 1-823-989 | April 18, 2012 |
| 73104 | VA 1-823-989 | April 18, 2012 |

11.    Plaintiff or its predecessor in interest has complied in all respects

with 17 U.S.C. §§ 101 *et seq.* and secured the exclusive rights and privileges in

FIRST AMENDED COMPLAINT - 4

and to the copyrights of the above-referenced works identified in Figure 1 above.

12.     Based on information and belief, NTKN owns and operates the website www.kyifi.org.

13.     Based on information and belief, NTKN and/or HUNG KY also does business as KY'S ALOHA SHIRTS and owns and operates the website kysalohashirts.com.

14.     Based on information and belief, NTKN and/or HUNG KY also does business as EDENS HAWAII and owns and operates the website edenshawaii.com. NTKN further maintains a seller's account for EDENS HAWAII on www.etsy.com ("Etsy") through which it sells garments and other merchandise.

15.     Based on information and belief, SHAKA TIME owns and operates the website www.shakatime.com.

16.     Based on information and belief, SHAKA TIME also does business as ALOHA SHIRTS CLUB and owns and operates the website www.alohashirtsclub.com.

17.     Based on information and belief, TROPAHOLIC owns and operates the websites tropiholic.com and tropaholic.com.

18.     Based on information and belief, NTKN has engaged in the importation and/or manufacture of garments and other merchandise that it then

sells directly to the public through its websites www.kyifi.org,

kysalohashirts.com, and edenshawaii.com, as well as through EDENS HAWAII's

Etsy account. NTKN also wholesales its garments and other merchandise to other

retailers, including but not limited to SHAKA TIME and TROPAHOLIC, who

then re-sell the purchased garments and other merchandise on their own respective

websites.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement – The 73142 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

19.     Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 18 as if fully restated herein.

20.     By no later than August 26, 2010, Hawaiiprint, Inc. ("Hawaiiprint"),

which owned the copyright for the 73142 surface design at the time, sold a certain

length of fabric displaying the 73142 surface design to NTKN or its predecessor

for use in the manufacture of garments. The sale did not include a license to

reproduce the 73142 surface design.

21.     Based on information and belief, the fabric by Hawaiiprint to NTKN

or its predecessor displaying the 73142 surface design sold has been completely

exhausted.

22.     On or about October 23, 2021, Plaintiff discovered that garments

displaying what NTKN apparently named the 821/Anthurium Galore pattern,

including but not limited to the GAL-821B Rayon Women's Aloha Blouse Anthurium Galore (the "Anthurium Galore Blouse"), 30D-821BL Anthurium Galore Paradise Short Dress, 22LD-821G Anthurium Galore Rayon Long Hawaiian Dress, 16D-821G Anthurium Galore Hawaiian Smock Midi Dress, and the AL-821B Anthurium Galore Rayon Men's Aloha Shirt, were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also offering garments displaying the 821/Anthurium Galore pattern, including several types of dresses, for sale on www.kysalohashirts.com and on EDENS HAWAII's Etsy page.

23.    Beginning in January 2022, Plaintiff discovered that NTKN garments displaying the 821/Anthurium Galore pattern, including but not limited to blouses, shirts, and dresses, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohshirtsclub.com and Aloha Outlet (www.alohaoutlet.com).

24.    Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 821/Anthurium Galore pattern in this District.

25.    The 821/Anthurium Galore pattern is substantially similar or identical to Plaintiff's copyrighted 73142 surface design. A side-by-side comparison of Plaintiff's 73142 surface design with the 821/Anthurium Galore

FIRST AMENDED COMPLAINT - 7

pattern as displayed on the Anthurium Galore Blouse is set forth in Figure 2 below:

**Figure 2**

**73142**                               **821/Anthurium Galore**

            

26.     Based on information and belief, the garments presently displaying the 821/Anthurium Galore pattern are reproductions of the 73142 surface design commissioned and imported by NTKN.

27.     Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73142 surface design or sold additional fabric displaying the 73142 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 73142 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73142 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73142 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design

FIRST AMENDED COMPLAINT - 8

substantially similar or identical to Plaintiff's copyrighted 73142 surface design is therefore unauthorized.

28.     Based on information and belief, NTKN had access to Plaintiff's 73142 surface design through fabric sold to it or its predecessor by Hawaiiprint.- Based on information and belief, SHAKA TIME had access to Plaintiff's 73142 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73142 surface design by NTKN or other third-party vendors.

29.     The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

30.     Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

31.     Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on October 27, 2021. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

32.     On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

33.     NTKN continued to sell garments displaying the 821/Anthurium Galore pattern after the first notice of copyright infringement was delivered,

thereby necessitating the second notice of copyright infringement.

34.      Due to its continued sale of garments displaying the 821/Anthurium Galore pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

35.      As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

36.      As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73142 surface design.

37.      HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73142 surface design.

38.      As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

39.      As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504, Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's, profits attributable

to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

40. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

41. Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**(Copyright Infringement – The 73469 Surface Design)**
**(Against NTKN, HUNG KY, and SHAKA TIME)**

42. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 41 as if fully restated herein.

43. By no later than January 16, 2013, Hawaiiprint, which owned the copyright for the 73469 surface design at the time, sold a certain length of fabric displaying the 73469 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73469 surface design.

44. Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73469 surface design has been completely exhausted.

45. On or about October 23, 2021, Plaintiff discovered that garments

FIRST AMENDED COMPLAINT - 11

displaying what NTKN apparently named the 493/Humpback Whale pattern,
including but not limited to the AL-493 Humpback Whale Hawaiian Shirt (the
"Humpback Whale Shirt"), were being offered for sale in various colors on
www.kyifi.org. Plaintiff later learned that NTKN was also offering garments
displaying the 493/Humpback Whale pattern for sale on EDENS HAWAII's Etsy
page.

46.     Beginning in January 2022, Plaintiff discovered that NTKN garments
displaying the 493/Humpback Whale pattern, including the Humpback Whale
Shirt, were also being offered for sale under various names and in various colors
by other vendors, including but not limited to SHAKA TIME and Aloha Outlet
(www.alohaoutlet.com).

47.     Based on information and belief, NTKN and SHAKA TIME have
sold garments displaying the 493/Humpback Whale pattern in this District.

48.     The 493/Humpback Whale pattern is substantially similar or identical
to Plaintiff's copyrighted 73469 surface design. A side-by-side comparison of
Plaintiff's 73469 surface design with the 493/Humpback Whale pattern as
displayed on the navy blue Humpback Whale Shirt is set forth in Figure 3 below:

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT - 12

**Figure 3**

73469                                              493/Humpback Whale

          

49.     Based on information and belief, the garments presently displaying the 493/Humpback Whale pattern are reproductions of the 73469 surface design commissioned and imported by NTKN.

50.     Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73469 surface design or sold additional fabric displaying the 73469 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 73469 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73469 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73469 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73469 surface design is therefore unauthorized.

FIRST AMENDED COMPLAINT - 13

51.     Based on information and belief, NTKN had access to Plaintiff's 73469 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 73469 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73469 surface design by NTKN or other third-party vendors.

52.     The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

53.     Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

54.     Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on October 27, 2021. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

55.     On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

56.     NTKN continued to sell garments displaying the 493/Humpback Whale pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

57.     Due to its continued sale of garments displaying the 493/Humpback

Whale pattern after first being notified of the infringement, NTKN has willfully

engaged in the acts complained of in conscious disregard of Plaintiff's rights.

58.     As a shareholder and principal of NTKN, HUNG KY had the right

and ability to stop or limit NTKN's infringement but failed to exercise that right.

59.     As a shareholder and principal of NTKN, HUNG KY enjoyed a

direct financial benefit from NTKN's direct infringement of the 73469 surface

design.

60.     HUNG KY has therefore vicariously infringed Plaintiff's copyright

of the 73469 surface design.

61.     As a direct and proximate result of the infringement by NTKN,

HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to

sustain substantial and irreparable harm for which there is no adequate remedy at

law. Plaintiff therefore is entitled to a permanent injunction restraining and

enjoining the infringing conduct.

62.     As a direct and proximate result of the infringement by NTKN,

HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages

in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is

further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits

attributable to their infringing conduct, and an accounting of and a constructive

trust with respect to such profits.

63.     Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME.

64.     Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
**(Copyright Infringement – The 73571 Surface Design)**
**(Against NTKN, HUNG KY, and SHAKA TIME)**

65.     Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 64 as if fully restated herein.

66.     By no later than January 16, 2013, Hawaiiprint, which owned the

copyright for the 73571 surface design at the time, sold a certain length of fabric

displaying the 73571 surface design to NTKN or its predecessor for use in the

manufacture of garments. The sale did not include a license to reproduce the

73571 surface design.

67.     Based on information and belief, the fabric sold by Hawaiiprint to

NTKN or its predecessor displaying the 73571 surface design has been completely

exhausted.

68.     On or about October 23, 2021, Plaintiff discovered that garments and

other merchandise displaying what NTKN apparently named the 499/Woody Car

pattern, including but not limited to the AL-499 Woody Chest Band Shirt (the

"Woody Car Shirt"), the B-499 Boys Cabana set, and the PL-499 Woody Car

Pillow Case, were being offered for sale on www.kyifi.org in various colors.

Plaintiff later learned that NTKN was also offering the Woody Car Shirt for sale

on EDENS HAWAII's Etsy page.

69.    Beginning in January 2022, Plaintiff discovered that NTKN garments

and other merchandise displaying the 499/Woody Car pattern, including but not

limited to the Woody Car Shirt and the Woody Car Pillow Case, were also being

offered for sale under various names and in various colors by other vendors,

including but not limited to SHAKA TIME on both www.shakatime.com and

www.alohshirtsclub.com, and Aloha Outlet (www.alohaoutlet.com).

70.    Based on information and belief, NTKN and SHAKA TIME  have

sold garments or other merchandise displaying the 499/Woody Car pattern in this

District.

71.    The 499/Woody Car pattern is substantially similar or identical to

Plaintiff's copyrighted 73571 surface design. A side-by-side comparison of

Plaintiff's 73571 surface design with the 499/Woody Car pattern as displayed on

the black Woody Car Shirt is set forth in Figure 4 below:

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT - 17

**Figure 4**

**73571**                                                  **499/Woody Car**



72.     Based on information and belief, the garments presently displaying the 499/Woody Car pattern are reproductions of the 73571 surface design commissioned and imported by NTKN.

73.     Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73571 surface design. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 73571 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73571 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73571 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73571 surface design is therefore unauthorized.

74.     Based on information and belief, NTKN had access to Plaintiff's

FIRST AMENDED COMPLAINT - 18

73571 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 73571 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73571 surface design by NTKN or other third-party vendors.

75.     The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and its exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

76.     Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

77.     Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on October 27, 2021. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

78.     On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

79.     NTKN continued to sell garments and other merchandise displaying the 499/Woody Car pattern on www.kyifi.org and Etsy.com after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

80.     Due to its continued sale of garments displaying the 499/Woody Car

FIRST AMENDED COMPLAINT - 19

Pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

81.    As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

82.    As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73571 surface design.

83.    HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73571 surface design.

84.    As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

85.    As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct.

86.    Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

87.     Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**FOURTH CLAIM FOR RELIEF**
**(Copyright Infringement – The 73614 Surface Design)**
**(Against NTKN, HUNG KY, and SHAKA TIME)**

88.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 87 as if fully restated herein.

89.     By no later than May 7, 2013, Hawaiiprint, which owned the copyright for the 73614 surface design at the time, sold a certain length of fabric displaying the 73614 surface design to NTKN or its predecessor for use in the manufacture of garments. Some of the fabric was printed under the alternate designations of 73433 and 73684. The sale did not include a license to reproduce the 73614 surface design.

90.     Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73614 surface design has been completely exhausted.

91.     On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 477/Hibiscus pattern, including but not limited to the ALB-477 Hibiscus Side Panel Cotton Men's Hawaiian Shirt (the

"Hibiscus Shirt") and the 2LDB-477 Long Hawaiian Dress ("the Hibiscus Dress"), were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also offering the Hibiscus Shirt and Hibiscus Dress for sale on EDENS HAWAII's Etsy page.

92.    Beginning in January 2022, Plaintiff discovered that NTKN garments displaying the 477/Hibiscus pattern, including the Hibiscus Shirt, were also being offered for sale by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohashirtsclub.com and Aloha Outlet (www.alohaoutlet.com).

93.    Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 477/Hibiscus pattern in this District.

94.    The 477/Hibiscus pattern is substantially similar or identical to Plaintiff's copyrighted 73614 surface design. A side-by-side comparison of the Plaintiff's 73614 surface design with the 477/Hibiscus pattern as displayed on the black Hibiscus Shirt is set forth in Figure 5 below:

**Figure 5**

| 73614 | 477/Hibiscus |



FIRST AMENDED COMPLAINT - 22

95.   Based on information and belief, the garments presently displaying the 477/Hibiscus pattern are reproductions of the 73614 surface design commissioned and imported by NTKN.

96.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73614 surface design or sold additional fabric displaying the 73614 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 73614 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73614 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73614 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73614 surface design is therefore unauthorized.

97.   Based on information and belief, NTKN had access to Plaintiff's 73614 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 73614 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73614 surface design by NTKN or other third-party vendors.

FIRST AMENDED COMPLAINT - 23

98.     The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

99.     NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

100.    On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN. However, the infringing items remained for sale on www.kyifi.org as of December 17, 2021. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

101.    On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

102.    NTKN continued to sell garments displaying the 477/Hibiscus pattern after the first notice of copyright infringement was delivered thereby necessitating the second notice of copyright infringement.

103.    Due to its continued sale of garments displaying the 477/Hibiscus pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

104.    As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

105.    As a shareholder and principal of NTKN, HUNG KY enjoyed a

FIRST AMENDED COMPLAINT - 24

direct financial benefit from NTKN's direct infringement of the 73614 surface design.

106.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73614 surface design.

107.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

108.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

109.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

110.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

FIRST AMENDED COMPLAINT - 25

**FIFTH CLAIM FOR RELIEF**
**(Copyright Infringement – The 73627 Surface Design)**
**(Against NTKN, HUNG KY, and SHAKA TIME)**

111.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 110 as if fully restated herein.

112.   By no later than June 12, 2014, Hawaiiprint, which owned the copyright for the 73627 surface design at the time, sold a certain length of fabric displaying the 73627 surface design to NTKN or its predecessor for use in the manufacture of garments. Some of the fabric was printed under the alternate designation of 73836. The sale did not include a license to reproduce the 73627 surface design.

113.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73627 surface design has been completely exhausted.

114.   On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently identified as the 492/Parrot pattern, including but not limited to the AL492 Parrot Chest Band Hawaiian Shirt (the "Parrot Shirt"), were being offered for sale in various colors on www.kyifi.org.

115.   Beginning in January 2022, Plaintiff discovered that NTKN garments displaying the 492/Parrot pattern, including the Parrot Shirt, were also being offered for sale by other vendors, including but not limited to SHAKA TIME and

Aloha Outlet (www.alohaoutlet.com).

116.    Based on information and belief, NTKN and SHAKA TIME have

sold garments displaying the 492/Parrot pattern in this District.

117.    The 492/Parrot pattern is substantially similar or identical to

Plaintiff's copyrighted 73627 surface design. A side-by-side comparison of

Plaintiff's 73627 surface design with the 492/Parrot pattern as displayed on the

Parrot Shirt is set forth in Figure 6 below:

**Figure 6**

**73627**                                   **492/Parrot**



118.    Based on information and belief, the garments presently displaying

the 492/Parrot pattern are reproductions of the 73627 surface design

commissioned and imported by NTKN.

119.    Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce

the copyrighted 73627 surface design or sold additional fabric displaying the

73627 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has

FIRST AMENDED COMPLAINT - 27

licensed SHAKA TIME to reproduce or sell the copyrighted 73627 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73627 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73627 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73627 surface design is therefore unauthorized.

120.   Based on information and belief, NTKN had access to Plaintiff's 73627 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 73627 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73627 surface design by NTKN or other third-party vendors.

121.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

122.   On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN.

123.   On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

124.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

125.   NTKN continued to sell garments displaying 492/Parrot pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

126.   Due to its continued sale of garments displaying 492/Parrot pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

127.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

128.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73627 surface design.

129.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73627 surface design.

130.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

131.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

132.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

133.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**SIXTH CLAIM FOR RELIEF**
**(Copyright Infringement – The 4319B Surface Design)**
**(Against NTKN, HUNG KY, and SHAKA TIME)**

134.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 133 as if fully restated herein.

135.   By no later than July 30, 2013, Hawaiiprint, which owned the copyright for the 4319B surface design at the time, sold a certain length of fabric displaying the 4319B surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 4319B surface design.

FIRST AMENDED COMPLAINT - 30

136.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 4319B surface design has been completely exhausted.

137.   On or about October 23, 2021, Plaintiff discovered that garments and other merchandise displaying what NTKN apparently named the 504/World War II pattern, including but not limited to the AL-504 World War II Hawaiian Shirt (the "WWII Shirt"), were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also selling garments and other merchandise displaying the 504/World War II pattern on EDENS HAWAII's Etsy page.

138.   Beginning in January 2022, Plaintiff discovered that NTKN garments and other merchandise displaying the 504/World War II pattern, including but not limited to shirts and pillowcases, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohashirtsclub.com and Aloha Outlet (www.alohaoutlet.com).

139.   Based on information and belief, NTKN and SHAKA TIME have sold garments and other merchandise displaying the 504/World War II pattern in this District.

140.   The 504/World War II pattern is substantially similar or identical to

FIRST AMENDED COMPLAINT - 31

Plaintiff's copyrighted 4319B surface design. A side-by-side comparison of

Plaintiff's 4319B surface design with the 504/World War II pattern as displayed

on the green WWII Shirt is set forth in Figure 7 below:

**Figure 7**

**4319B**                                  **504/World War II**



141.   Based on information and belief, the garments presently displaying

the 504/World War II pattern are reproductions of the 4319B surface design

commissioned and imported by NTKN.

142.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce

the copyrighted 4319B surface design or sold additional fabric displaying the

4319B surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has

licensed SHAKA TIME to reproduce or sell the copyrighted 4319B surface design

or sold fabric to SHAKA TIME displaying the copyrighted 4319B surface design.

Plaintiff has also not been compensated for NTKN or SHAKA TIME's present

use of the copyrighted 4319B surface design. NTKN and SHAKA TIME's

importation, manufacture, and/or sale of clothing displaying a surface design

substantially similar or identical to Plaintiff's copyrighted 4319B surface design is

FIRST AMENDED COMPLAINT - 32

therefore unauthorized.

143.   Based on information and belief, NTKN had access to Plaintiff's 4319B surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 4319B surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 4319B surface design by NTKN or other third-party vendors.

144.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

145.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

146.   On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN via email. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel current via email on April 12, 2022.

147.   On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

148.   NTKN continued to sell garments and other merchandise displaying the 504/World War II pattern after the first notice of copyright infringement was

delivered, thereby necessitating the second notice of copyright infringement.

149.   Due to its continued sale of garments and other merchandise displaying the 504/World War II pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

150.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

151.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 4319B surface design.

152.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 4319B surface design.

153.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

154.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is

further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

155. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

156. Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## SEVENTH CLAIM FOR RELIEF
### (Copyright Infringement – The E4A08 Surface Design)
### (Against NTKN and HUNG KY)

157. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 156 as if fully restated herein.

158. By no later than January 15, 2008, Plaintiff sold a certain length of fabric displaying the E4A08 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the E4A08 surface design.

159. Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the E4A08 surface design has been completely exhausted.

160. On or about November 24, 2021, Plaintiff discovered that garments

displaying what NTKN apparently named the Pern Orchid pattern, including but not limited to the Pern Orchid Cotton Long Hawaiian Tank Dress (the "Pern Orchid Dress), were being offered for sale in various colors on www.kysalohashirts.com.

161.   Based on information and belief, NTKN has sold garments displaying the Pern Orchid pattern in this District.

162.   The Pern Orchid pattern is substantially similar or identical to Plaintiff's copyrighted E4A08 surface design. A side-by-side comparison of Plaintiff's E4A08 surface design with the Pern Orchid Dress is set forth in Figure 8 below:

**Figure 8**

**E4A08**                              **Pern Orchid**



163.   Based on information and belief, the garments presently displaying the Pern Orchid pattern are reproductions of the E4A08 surface design commissioned and imported by NTKN.

164.   Plaintiff has neither authorized NTKN to reproduce the copyrighted

FIRST AMENDED COMPLAINT - 36

E4A08 surface design nor sold additional fabric to NTKN displaying the E4A08 surface design. Plaintiff has also not been compensated for NTKN's use of the copyrighted E4A08 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted E4A08 surface design is therefore unauthorized.

165.   Based on information and belief, NTKN had access to Plaintiff's E4A08 surface design through fabric sold to it or its predecessor by Plaintiff.

166.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

167.   Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

168.   On December 8, 2021, Plaintiff's counsel sent a notice of copyright infringement via email to former counsel for NTKN. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

169.   NTKN continued to sell the Pern Orchid Dress after the first notice of copyright infringement were delivered, thereby necessitating the second notice of copyright infringement.

170.   Due to its continued sale of the Pern Orchid Dress after first being

FIRST AMENDED COMPLAINT - 37

notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

171.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

172.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the E4A08 surface design.

173.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the E4A08 surface design.

174.   As a direct and proximate result of the infringement by NTKN and HUNG, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

175.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

176.   Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

177.   Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

## EIGHTH CLAIM FOR RELIEF
### (Copyright Infringement – The E-022R3 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and TROPAHOLIC)

178.   Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 177 as if fully restated herein.

179.   By no later than March 10, 2005, Plaintiff sold a certain length of

fabric displaying the E-022R3 surface design to NTKN or its predecessor for use

in the manufacture of garments. The fabric was printed under the alternate

designation of E-022R. The sale did not include a license to reproduce the E-

022R3 surface design.

180.   Based on information and belief, the fabric sold by Plaintiff to NTKN

or its predecessor displaying the E-022R3 surface design has been completely

exhausted.

181.   On or about November 24, 2021, Plaintiff discovered that garments

and other merchandise displaying what NTKN apparently named the 405/Cocktail

pattern, including but not limited to the AL-405 Cocktail Chest Band Hawaiian

Shirt (the "Cocktail Shirt") and the PL-405 Cocktail Pillow Case, was being

offered for sale in various colors on www.kyifi.org.

FIRST AMENDED COMPLAINT - 39

182.   Beginning in January 2022, Plaintiff discovered that NTKN garments and other merchandise displaying the 405/Cocktail pattern, including but not limited to the Cocktail Shirt, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com, TROPAHOLIC, and Aloha Outlet (www.alohaoutlet.com).

183.   Based on information and belief, NTKN, SHAKA TIME, and TROPAHOLIC have sold garments and other merchandise displaying the 405/Cocktail pattern in this District.

184.   The 405/Cocktail pattern is substantially similar or identical to Plaintiff's copyrighted E-0223R3 surface design. A side-by-side comparison of Plaintiff's E-022R3 surface design with the 405/Cocktail pattern as displayed on the navy Cocktail Shirt is set forth in Figure 9 below:

**Figure 9**

E-022R3                        405/Cocktail



185.   Based on information and belief, the garments presently displaying

FIRST AMENDED COMPLAINT - 40

the 405/Cocktail pattern are reproductions of the E-022R3 surface design commissioned and imported by NTKN.

186.   Plaintiff has neither authorized NTKN to reproduce the copyrighted E-022R3 surface design nor sold additional fabric displaying the E-022R3 surface design to NTKN. Likewise, Plaintiff has neither licensed SHAKA TIME or TROPAHOLIC to reproduce or sell the copyrighted E-022R3 surface design or sold fabric to SHAKA TIME or TROPAHOLIC displaying the copyrighted E-022R3 surface design. Plaintiff has also not been compensated for NTKN, SHAKA TIME, or TROPAHOLIC's present use of the copyrighted E-022R3 surface design. NTKN, SHAKA TIME, and TROPAHOLIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted E-022R3 surface design is therefore unauthorized.

187.   Based on information and belief, NTKN had access to Plaintiff's E-022R3 surface design through fabric sold to it or its predecessor by Plaintiff. Based on information and belief, SHAKA TIME and TROPAHOLIC had access to Plaintiff's E-022R3 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the E-022R3 surface design by NTKN or other third-party vendors.

188.   The acts by NTKN, SHAKA TIME, and TROPAHOLIC's

complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

189.   Based on information and belief, NTKN, SHAKA TIME, and TROPAHOLIC have realized profits as a direct and proximate result of their wrongful conduct.

190.   On December 8, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN via email. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

191.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME and TROPAHOLIC via email and certified mail.

192.   NTKN continued to sell garments and other merchandise displaying the 405/Cocktail pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

193.   TROPAHOLIC has continued to sell garments displaying the 405/Cocktail pattern after receiving notice of the copyright infringement.

194.   Due to their continued sale of garments and other merchandise displaying the 405/Cocktail pattern after first being notified of the infringement, NTKN and TROPAHOLIC have willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

195.   As a shareholder and principal of NTKN, HUNG KY had the right

FIRST AMENDED COMPLAINT - 42

and ability to stop or limit NTKN's infringement but failed to exercise that right.

196.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the E-022R3 surface design.

197.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the E-022R3 surface design.

198.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, , and TROPAHOLIC, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

199.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and TROPAHOLIC, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, SHAKA TIME, and TROPAHOLIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

200.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, and TROPAHOLIC and $30,000 against SHAKA TIME.

201.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## NINTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-2F44 Surface Design)
### (Against NTKN, HUNG KY and SHAKA TIME)

202.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 201 as if fully restated herein.

203.   By no later than July 17, 2008, Plaintiff sold a certain length of fabric displaying the EH-2F44 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the alternate designation of EH-2F44R. The sale did not include a license to reproduce the EH-2F44 surface design.

204.   Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the EH-2F44 surface design has been completely exhausted.

205.   On or about November 24, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 336/Motorcycle pattern, including but not limited to the AL-336 Motorcycle Surfing Cotton Men's Hawaiian Shirt (the "Motorcycle Shirt") and the B-336 boys' set (the "Motorcycle Set"), were being offered for sale in various colors on its website www.kyifi.org.

206.   Beginning in January 2022, Plaintiff discovered that NTKN garments

FIRST AMENDED COMPLAINT - 44

displaying the 336/Motorcycle pattern, including but not limited to the Motorcycle Shirt, was also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com and Aloha Outlet (www.alohaoutlet.com)..

207.   Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 336/Motorcycle pattern in this District.

208.   The 336/Motorcycle pattern is substantially similar or identical to Plaintiff's copyrighted EH-2F44 surface design. A side-by-side comparison of Plaintiff's EH-2F44 surface design with the 336/Motorcycle pattern as displayed on the navy blue Motorcycle Shirt is set forth in Figure 10 below:

**Figure 10**

| **EH-2F44** | **336/Motorcycle** |



209.   Based on information and belief, the garments presently displaying the 336/Motorcycle pattern are reproductions of the EH-2F44 surface design commissioned and imported by NTKN.

FIRST AMENDED COMPLAINT - 45

210.    Plaintiff has neither authorized NTKN to reproduce the copyrighted EH-2F44 surface design nor sold additional fabric displaying the EH-2F44 surface design to NTKN. Likewise, Plaintiff has neither licensed SHAKA TIME to reproduce or sell the copyrighted EH-2F44 surface design or sold fabric to SHAKA TIME displaying the copyrighted EH-2F44 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted EH-2F44 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted EH-2F44 surface design is therefore unauthorized.

211.    Based on information and belief, NTKN had access to Plaintiff's EH-2F44 surface design through fabric sold to it or its predecessor by Plaintiff. Based on information and belief, SHAKA TIME had access to Plaintiff's EH-2F44 surface design, including, without limitation, through ((a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the EH-2F44 surface design by NTKN or other third-party vendors.

212.    The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

213.    Based on information and belief, NTKN and SHAKA TIME have

realized profits as a direct and proximate result of their wrongful conduct.

214.   Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on December 8, 2021. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

215.   On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

216.   NTKN continued to sell garments displaying the 336/Motorcycle pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

217.   Due to its continued sale of garments displaying the 336/Motorcycle after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

218.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

219.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2F44 surface design.

220.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-2F44 surface design.

221.   As a direct and proximate result of the infringement by NTKN,

FIRST AMENDED COMPLAINT - 47

HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

222.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

223.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

224.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## TENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-3D25 Surface Design)
### (Against NTKN and HUNG KY)

225.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 224 as if fully restated herein.

226.   By no later than December 11, 2003, Plaintiff sold a certain length of

FIRST AMENDED COMPLAINT - 48

fabric displaying the EH-3D25 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the designation of EH-3D25R. The sale did not include a license to reproduce the EH-3D25 surface design.

227.   Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the EH-3D25 surface design has been completely exhausted.

228.   On or about November 24, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 386/Beach Party pattern or series, including but not limited to the AL-386 Beach Party Hawaiian Shirt (the "Beach Party Shirt"), were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that the Beach Party Shirt was also being offered for sale on EDENS HAWAII's Etsy page.

229.   Based on information and belief, NTKN has sold garments displaying the 386/Beach Party pattern in this District.

230.   The 386/Beach Party pattern is substantially similar or identical to Plaintiff's copyrighted EH-3D25 surface design. A side-by-side comparison of Plaintiff's EH-3D25 surface design with the 386/Beach Party pattern as displayed on the Beach Party Shirt is set forth in Figure 11 below:

/ / /

FIRST AMENDED COMPLAINT - 49

/ / /

**Figure 11**



EH-3D25                                      386/Beach Party

          

231.   Based on information and belief, the garments presently displaying

the 386/Beach Party pattern are reproductions of the EH-3D25 surface design

commissioned and imported by NTKN.

232.   Plaintiff has neither authorized NTKN to reproduce the copyrighted

EH-3D25 surface design nor sold additional fabric displaying the EH-3D25

surface design to NTKN. Plaintiff has also not been compensated for NTKN's use

of the copyrighted EH-3D25 surface design. NTKN's importation, manufacture,

and/or sale of clothing displaying a surface design substantially similar or

identical to Plaintiff's copyrighted EH-3D25 surface design is therefore

unauthorized.

233.   Based on information and belief, NTKN had access to Plaintiff's EH-

3D25 surface design through fabric sold to it or its predecessor by Plaintiff.

FIRST AMENDED COMPLAINT - 50

234.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

235.   Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

236.   On December 8, 2021, Plaintiff's counsel sent a notice of copyright infringement to former counsel for NTKN. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

237.   NTKN continued to sell garments displaying the 386/Beach Party pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

238.   Due to its continued sale of the 386/Beach Party garments after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

239.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

240.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-3D25 surface design.

241.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-3D25 surface design.

242.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

243.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

244.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

245.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## ELEVENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-20129 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

246.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 245 as if fully restated herein.

247.   By no later than August 12, 2004, Plaintiff sold a certain length of fabric displaying the EH-20129 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the EH-20129 surface design.

248.   Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the EH-20129 surface design has been completely exhausted.

249.   On or about November 24, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 538/Leis Heavenly Flower pattern or series, including but not limited to the AL-538 Leis Heavenly Flower Cotton Men's Aloha Shirt (the "Leis Shirt"), were being offered for sale on www.kyifi.org. Plaintiff later learned that the Leis Shirt was also being offered for sale on www.kysalohashirts.com.

250.   On or about December 16, 2021, Plaintiff discovered that NTKN garments displaying the 538/Leis Heavenly Flower pattern, including but not limited to the Leis Shirt, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com.

251.   Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 538/Leis Heavenly Flower pattern in this District.

252.   The 538/Leis Heavenly Flower pattern is substantially similar or identical to Plaintiff's copyrighted EH-20129 surface design. A side-by-side comparison of Plaintiff's EH-20129 surface design with the 538/Leis Heavenly Flower pattern as displayed on the navy Leis Shirt with is set forth in Figure 12 below:

**Figure 12**

| **EH-20129** | **538/Leis Heavenly Flower** |



253.   Based on information and belief, the garments presently displaying the 538/Leis Heavenly Flower pattern are reproductions of the EH-20129 surface design commissioned and imported by NTKN.

254.   Plaintiff has neither authorized NTKN to reproduce the copyrighted EH-20129 surface design nor sold additional fabric displaying the EH-20129 surface design to NTKN. Likewise, Plaintiff has neither licensed SHAKA TIME to reproduce or sell the copyrighted EH-20129 surface design or sold fabric to SHAKA TIME displaying the copyrighted EH-20129 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the

FIRST AMENDED COMPLAINT - 54

copyrighted EH-20129 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted EH-20129 surface design is therefore unauthorized.

255.   Based on information and belief, NTKN had access to Plaintiff's EH-2F44 surface design through fabric sold to it or its predecessor by Plaintiff. Based on information and belief, SHAKA TIME had access to Plaintiff's EH-20129 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the EH-20129 surface design by NTKN or other third-party vendors.

256.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

257.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

258.   On December 8, 2021, Plaintiff's counsel sent a notice of copyright infringement to former counsel for NTKN. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

259.   On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

FIRST AMENDED COMPLAINT - 55

260.   NTKN continued to sell garments displaying the 538/Leis Heavenly Flower pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

261.   Due to its continued sale of garments displaying the 538/Leis Heavenly Flower pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

262.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

263.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-20129 surface design.

264.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-20129 surface design.

265.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

266.   As a direct and proximate result of the infringement by NTKN,

HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

267.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

268.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## TWELFTH CLAIM FOR RELIEF
### (Copyright Infringement – The KS-6919 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and TROPAHOLIC)

269.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 268 as if fully restated herein.

270.   By no later than July 14, 2008, Plaintiff sold a certain length of fabric displaying the KS-6919 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the alternate designation of KS-6919R. The sale did not include a license to reproduce the KS-6919 surface design.

271.   Based on information and belief, the fabric sold by Plaintiff to NTKN

or its predecessor displaying the KS-6919 surface design has been completely exhausted.

272.   On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 805/Hibiscus Panel pattern, including but not limited to the 6D-805 White Hibiscus Dress and the AL-805 Blue Hibiscus Shirt, were being offered for sale in various colors on www.kyifi.org.

273.   Beginning in January 2022, Plaintiff discovered that garments displaying the 805/Hibiscus Panel pattern were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com, TROPAHOLIC, and Aloha Outlet (www.alohaoutlet.com).

274.   Based on information and belief, NTKN, SHAKA TIME, TROPAHOLIC have sold garments displaying the 805/Hibiscus Panel pattern in this District.

275.   The 805/Hibiscus Panel pattern is substantially similar or identical to Plaintiff's copyrighted KS-6919 surface design. A side-by-side comparison of Plaintiff's KS-6919 surface design with the 805/Hibiscus Panel pattern as displayed on the navy blue Hibiscus Panel Shirt is set forth in Figure 13 below:

FIRST AMENDED COMPLAINT - 58

/ / /

/ / /

/ / /

**Figure 13**

KS-6919

805/Hibiscus Panel





276.   Based on information and belief, the garments presently displaying

the 805/Hibiscus Panel pattern are reproductions of the KS-6919 surface design

commissioned and imported by NTKN.

277.   Plaintiff has neither authorized NTKN to reproduce the copyrighted

KS-6919 surface design nor sold additional fabric displaying the KS-6919 surface

design to NTKN. Likewise, Plaintiff has neither licensed SHAKA TIME or

TROPAHOLIC to reproduce or sell the copyrighted KS-6919 surface design or

sold fabric to SHAKA TIME or TROPAHOLIC displaying the copyrighted KS-

6919 surface design. Plaintiff has also not been compensated for NTKN, SHAKA

TIME, or TROPAHOLIC's present use of the copyrighted KS-6919 surface

design. NTKN, SHAKA TIME, and TROPAHOLIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted KS-6919 surface design is therefore unauthorized.

278.   Based on information and belief, NTKN had access to Plaintiff's KS-6919 surface design through fabric sold to it or its predecessor by Plaintiff. Based on information and belief, SHAKA TIME and TROPAHOLIC had access to Plaintiff's KS-6919 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the KS-6919 surface design by NTKN or other third-party vendors.

279.   The acts by NTKN, SHAKA TIME, and TROPAHOLIC complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

280.   Based on information and belief, NTKN, SHAKA TIME, and TROPAHOLIC have realized profits as a direct and proximate result of their wrongful conduct.

281.   Plaintiff's counsel sent a notice of copyright infringement to NTKN's current counsel via email on April 12, 2012.

282.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME, and TROPAHOLIC via email and certified mail.

283.   TROPAHOLIC has continued to sell garments displaying the 805/Hibiscus Panel pattern after receiving notice of the copyright infringement.

284.   Due to its continued sale of garments displaying the 805/Hibiscus Panel pattern after first being notified of the infringement, TROPAHOLIC has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

285.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

286.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

287.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the KS-6919 surface design.

288.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the KS-6919 surface design.

289.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and TROPAHOLIC, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

FIRST AMENDED COMPLAINT - 61

290.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and TROPAHOLIC, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, SHAKA TIME, and TROPAHOLIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

291.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, and TROPHOLIC and $30,000 against SHAKA TIME.

292.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## THIRTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The 73269 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

293.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 292 as if fully restated herein.

294.   By no later than March 6, 2012, Hawaiiprint, which owned the copyright for the 73269 surface design at the time, sold a certain length of fabric displaying the 73269 surface design to NTKN or its predecessor for use in the manufacture of garments. Some of the fabric was printed under the alternate designation of 73489. The sale did not include a license to reproduce the 73269

surface design.

295.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73269 surface design has been completely exhausted.

296.   On or about October 23, 2021, Plaintiff discovered that garments and other merchandise displaying what NTKN apparently named the 825/Pupukea Hibiscus & Orchid pattern, including but not limited to the AL-825 Pupukea Hibiscus & Orchid Aloha Shirt (the "Pupukea Hibiscus Shirt"), the GAL-825 Women's Pupukea Hibiscus & Orchid Aloha Blouse (the "Pupukea Blouse"), and the PL825 Pupukea Hibiscus & Orchid Pillow Case, were being offered for sale in various colors on www.kyifi.org. Plaintiff later learned that NTKN was also offering merchandise displaying the 825/Pupukea Hibiscus & Orchid pattern for sale on www.kysalohashirts.com and also on EDENS HAWAII's Etsy page.

297.   In approximately January 2022, Plaintiff discovered that garments and other merchandise displaying what NTKN apparently named the 466 pattern, including but not limited to blouses, tops, and dresses, were being offered for sale on www.kyifi.org.

298.   Beginning in January 2022, Plaintiff discovered that garments and other merchandise displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns were also being offered for sale under various names and in various

colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com and Aloha Outlet (www.alohaoutlet.com).

299.   Based on information and belief, NTKN and SHAKA TIME have sold garments and other merchandise displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns in this District.

300.   The 825/Pupukea Hibiscus & Orchid and 466 patterns are substantially similar or identical to Plaintiff's copyrighted 73269 surface design. A side-by-side comparison of Plaintiff's 73269 surface design with the 825/Pupukea Hibiscus & Orchid pattern as displayed on the purple Pupukea Hibiscus Shirt and the 466 pattern as displayed on a yellow top is set forth in Figure 14 below:

**Figure 14**

| **73269** | **825/Pupukea Hibiscus & Orchid** |




**466**

301.   Based on information and belief, the garments presently displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns are reproductions of the 73269 surface design commissioned and imported by NTKN.

302.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73269 surface design or sold additional fabric displaying the 73269 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 73269 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73269 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73269 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73269 surface design is therefore unauthorized.

303.   Based on information and belief, NTKN had access to Plaintiff's 73269 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 73269 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73269 surface design by NTKN or other third-party vendors.

FIRST AMENDED COMPLAINT - 65

304.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

305.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

306.   Plaintiff's counsel sent a notice of copyright infringement to NTKN's current counsel on April 12, 2022.

307.   On April 12, 2022, Plaintiff's counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

308.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

309.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

310.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73269 surface design.

311.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73269 surface design.

312.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to

sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

313.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

314.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

315.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## FOURTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-2E13B Surface Design)
### (Against NTKN and HUNG KY)

316.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 315 as if fully restated herein.

317.   By no later than July 16, 2008, Plaintiff sold a certain length of fabric displaying the EH-2E13B surface design to NTKN or its predecessor for use in

FIRST AMENDED COMPLAINT - 67

the manufacture of garments. The sale did not include a license to reproduce the EH-2E13B surface design.

318.   Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the EH-2E13B surface design has been completely exhausted.

319.   In approximately January 2022, Plaintiff discovered that garments displaying what NTKN apparently named the 358/Old Car pattern, including but not limited to the AL358 Old Car Hawaiian Shirt ("the Old Car Shirt") and the B-358 Boys Cabana Set Border Design, were being offered for sale in various colors on www.kyifi.org.

320.   In approximately April 2022, Plaintiff discovered that the Old Car Shirt was also being offered for sale by other vendors, including  but not limited to Cities Fashion (www.citiesfashion.com).

321.   Based on information and belief, NTKN has sold garments displaying the 358/Old Car pattern in this District.

322.   The 358/Old Car pattern is substantially similar or identical to Plaintiff's copyrighted EH-2E13B surface design. A side-by-side comparison of Plaintiff's EH-2E13B surface design with the 358/Old Car as pattern as displayed on the navy blue Old Car Shirt is set forth in Figure 15 below:

/ / /

FIRST AMENDED COMPLAINT - 68

/ / /

/ / /

/ / /

**Figure 15**

EH-2E13B                                    358/Old Car

                  

323.   Based on information and belief, the garments presently displaying

the 358/Old Car pattern are reproductions of the EH-2E13B surface design

commissioned and imported by NTKN.

324.   Plaintiff has neither authorized NTKN to reproduce the copyrighted

EH-2E13B surface design nor sold additional fabric displaying the EH-2E13B

surface design to NTKN. Plaintiff has also not been compensated for NTKN's use

of the copyrighted EH-2E13B surface design. NTKN's importation, manufacture,

and/or sale of clothing displaying a surface design substantially similar or

identical to Plaintiff's copyrighted EH-2E13B surface design is therefore

unauthorized.

325.   Based on information and belief, NTKN had access to Plaintiff's EH-

2E13B surface design through fabric sold to it or its predecessor by Plaintiff.

FIRST AMENDED COMPLAINT - 69

326.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

327.   Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

328.   Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on April 12, 2022.

329.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

330.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

331.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2E13B surface design.

332.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-2E13B surface design.

333.   As a direct and proximate result of the infringement by NTKN and HUNG KY Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing

conduct.

334.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

335.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

336.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

### FIFTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The 03780 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

337.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 336 as if fully restated herein.

338.   By no later than June 28, 2013, Hawaiiprint, which owned the copyright for the 03780 surface design at the time, sold a certain length of fabric displaying the 03780 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 03780 surface design.

339.   Based on information and belief, the fabric sold by Hawaiiprint to

FIRST AMENDED COMPLAINT - 71

NTKN or its predecessor displaying the 03780 surface design has been completely exhausted.

340.   On or about October 23, 2021, Plaintiff discovered that garments displaying what NTKN apparently named the 503/Lahaina pattern, including but not limited to the ALB-503 Lahaina Side Panel Shirt (the "Lahaina Shirt") and the 2LDB-503 Lahaina Side Panel Dress (the "Lahaina Dress"), were being offered for sale in various colors www.kyifi.org. Plaintiff later learned that garments displaying the 503/Lahaina pattern were also being offered for sale on EDENS HAWAII's Etsy page.

341.   Beginning in January 2022, Plaintiff discovered that garments displaying NTKN's 503/Lahaina pattern, including but not limited to the Lahaina Shirt and Lahaina Dress, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohahshirtsclub.com.

342.   Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 503/Lahaina pattern in this District.

343.   The 503/Lahaina pattern is substantially similar or identical to Plaintiff's copyrighted 03780 surface design. A side-by-side comparison of Plaintiff's 03780 surface design with the 503/Lahaina pattern as displayed on the Lahaina Shirt is set forth in Figure 16 below:

FIRST AMENDED COMPLAINT - 72

/ / /

/ / /

/ / /

**Figure 16**

03780                                    503/Lahaina



344.   Based on information and belief, the garments presently displaying the 503/Lahaina pattern are reproductions of the 03780 surface design commissioned and imported by NTKN.

345.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 03780 surface design or sold additional fabric displaying the 03780 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 03780 surface design or sold fabric to SHAKA TIME displaying the copyrighted 03780 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 03780 surface design. NTKN and SHAKA TIME's

importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 03780 surface design is therefore unauthorized.

346.   Based on information and belief, NTKN had access to Plaintiff's 03780 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 03780 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 03780 surface design by NTKN or other third-party vendors.

347.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

348.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

349.   On October 27, 2021, Plaintiff's counsel sent a notice of copyright infringement to NTKN. Plaintiff's counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

350.   On April 12, 2022, Plaintiff's counsel sent notices of copyright infringement to SHAKA TIME via email and certified mail.

351.   NTKN continued to sell garments displaying the 503/Lahaina pattern

after the first notice of copyright infringement was delivered, thereby

necessitating the second notice of copyright infringement.

352.   Due to its continued sale of garments displaying the 503/Lahaina

pattern after first being notified of the infringement, NTKN willfully engaged in

the acts complained of in conscious disregard of Plaintiff's rights.

353.   As a shareholder and principal of NTKN, HUNG KY had the right

and ability to stop or limit NTKN's infringement but failed to exercise that right.

354.   As a shareholder and principal of NTKN, HUNG KY enjoyed a

direct financial benefit from NTKN's direct infringement of the 03780 surface

design.

355.   HUNG KY has therefore vicariously infringed Plaintiff's copyright

of the 03780 surface design.

356.   As a direct and proximate result of the infringement by NTKN,

HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to

sustain substantial and irreparable harm for which there is no adequate remedy at

law. Plaintiff therefore is entitled to a permanent injunction restraining and

enjoining the infringing conduct.

357.   As a direct and proximate result of the infringement by NTKN,

HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages

in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is

further entitled to recover the profits of NTKN, HUNG KY, and SHAKA TIME

attributable to their infringing conduct, and an accounting of and a constructive

trust with respect to such profits.

358.   Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME.

359.   Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

**SIXTEENTH CLAIM FOR RELIEF**
**(Copyright Infringement – The EH-2J11 Surface Design)**
**(Against NTKN and HUNG KY)**

360.   Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 359 as if fully restated herein.

361.   By no later than August 7, 2007, Plaintiff sold a certain length of

fabric displaying the EH-2J11 surface design to NTKN or its predecessor for use

in the manufacture of garments. The sale did not include a license to reproduce the

EH-2J11 surface design.

362.   Based on information and belief, the fabric sold by Plaintiff to NTKN

or its predecessor displaying the EH-2J11 surface design has been completely

exhausted.

363.   On or about May 31, 2022, Plaintiff discovered that garments

displaying what NTKN apparently named the 332/Waterfall Island pattern, including but not limited to the KSM-332 Hawaiian Kids Muu Muu ("Waterfall Island Muu Muu") were being offered for sale on www.kyifi.org.

364. On or about June 1, 2022, Plaintiff discovered that the Waterfall Island Muu Muu was also being offered for sale by other vendors, including but not limited to Leilani's Attic (www.leilanisattic.com).

365. Based on information and belief, NTKN has sold garments displaying the 332/Waterfall Island pattern in this District.

366. The 332/Waterfall Island pattern is substantially similar or identical to Plaintiff's copyrighted EH-2J11 surface design. A side-by-side comparison of Plaintiff's EH-2J11 surface design with the 332/Waterfall Island as pattern as displayed on the Waterfall Island Muu Muu is set forth in Figure 17 below:

**Figure 17**

| EH-2J11 | 332/Waterfall Island |
|---------|----------------------|

 

367. Based on information and belief, the garments presently displaying the 332/Waterfall Island pattern are reproductions of the EH-2J11 surface design

commissioned and imported by NTKN.

368.   Plaintiff has neither authorized NTKN to reproduce the copyrighted EH-2J11 surface design nor sold additional fabric displaying the EH-2J11 surface design to NTKN. Plaintiff has also not been compensated for NTKN's use of the copyrighted EH-2J11 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted EH-2J11 surface design is therefore unauthorized.

369.   Based on information and belief, NTKN had access to Plaintiff's EH-2J11 surface design through fabric sold to it or its predecessor by Plaintiff.

370.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

371.   Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

372.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

373.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

374.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2J11 surface

design.

375.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-2J11 surface design.

376.   As a direct and proximate result of the infringement by NTKN and HUNG KY Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

377.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

378.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

379.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## SEVENTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-2M59 Surface Design)
### (Against NTKN and HUNG KY)

380.   Plaintiff incorporates by reference all of the allegations contained in

Paragraphs 1 through 379 as if fully restated herein.

381.   By no later than July 3, 2003, Plaintiff sold a certain length of fabric displaying the EH-2M59 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the EH-2M59 surface design.

382.   Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the EH-2M59 surface design has been completely exhausted.

383.   On or about June 17, 2022, Plaintiff discovered that garments displaying what NTKN apparently named the Heavenly Hibiscus pattern, including but not limited to the Heavenly Hibiscus Girls Muu Muu ("Heavenly Hibiscus Muu Muu") were being offered for sale by other vendors, including but not limited to Leilani's Attic (www.leilanisattic.com).

384.   Based on information and belief, NTKN has sold garments displaying the Heavenly Hibiscus pattern in this District.

385.   The Heavenly Hibiscus pattern is substantially similar or identical to Plaintiff's copyrighted EH-2M59 surface design. A side-by-side comparison of Plaintiff's EH-2M59 surface design with the Heavenly Hibiscus as pattern as displayed on the Waterfall Island Muu Muu is set forth in Figure 18 below:

/ / /

**Figure 18**

**EH-2M59**                                        **Heavenly Hibiscus**

                              

386.    Based on information and belief, the garments presently displaying the Heavenly Hibiscus pattern are reproductions of the EH-2M59 surface design commissioned and imported by NTKN.

387.    Plaintiff has neither authorized NTKN to reproduce the copyrighted EH-2M59 surface design nor sold additional fabric displaying the EH-2M59 surface design to NTKN. Plaintiff has also not been compensated for NTKN's use of the copyrighted EH-2M59 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted EH-2M59 surface design is therefore unauthorized.

388.    Based on information and belief, NTKN had access to Plaintiff's EH-2M59 surface design through fabric sold to it or its predecessor by Plaintiff.

389.    The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights

FIRST AMENDED COMPLAINT - 81

under 17 U.S.C. § 106.

390. Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

391. Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

392. As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

393. As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2M59 surface design.

394. HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-2M59 surface design.

395. As a direct and proximate result of the infringement by NTKN and HUNG KY Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

396. As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to

recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

397.  Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

398.  Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## EIGHTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-81104 Surface Design)
### (Against NTKN and HUNG KY)

399.  Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 398 as if fully restated herein.

400.  By no later than July 1, 2004, Plaintiff sold a certain length of fabric displaying the EH-81104 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the EH-81104 surface design.

401.  Based on information and belief, the fabric sold by Plaintiff to NTKN or its predecessor displaying the EH-81104 surface design has been completely exhausted.

402.  On or about May 20, 2022 Plaintiff discovered that garments displaying what NTKN apparently named the 819/Hibiscus Side pattern, including but not limited to the 6D-819NB Hibiscus Side Rayon Strap Short Hawaiian

Dress ("Hibiscus Side Dress") were being offered for sale on www.kyifi.org.

403.   On or about May 20, 2022, Plaintiff discovered that the Hibiscus

Side Dress was also being offered for sale by other vendors, including but not

limited to Leilani's Attic (www.leilanisattic.com).

404.   Based on information and belief, NTKN has sold garments

displaying the 819/Hibiscus Side pattern in this District.

405.   The 819/Hibiscus Side pattern is substantially similar or identical to

Plaintiff's copyrighted EH-81104 surface design. A side-by-side comparison of

Plaintiff's EH-81104 surface design with the 819/Hibiscus Side as pattern as

displayed on the Hibiscus Side Dress is set forth in Figure 19 below:

**Figure 19**

**EH-81104**                                        **819/Hibiscus Side**



406.   Based on information and belief, the garments presently displaying

the 819/Hibiscus Side pattern are reproductions of the EH-81104 surface design

commissioned and imported by NTKN.

407.   Plaintiff has neither authorized NTKN to reproduce the copyrighted

FIRST AMENDED COMPLAINT - 84

EH-81104 surface design nor sold additional fabric displaying the EH-81104 surface design to NTKN. Plaintiff has also not been compensated for NTKN's use of the copyrighted EH-81104 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted EH-81104 surface design is therefore unauthorized.

408.   Based on information and belief, NTKN had access to Plaintiff's EH-81104 surface design through fabric sold to it or its predecessor by Plaintiff.

409.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

410.   Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

411.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

412.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

413.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-81104 surface design.

414.  HUNG KY has therefore vicariously infringed Plaintiff's copyright of the EH-81104 surface design.

415.  As a direct and proximate result of the infringement by NTKN and HUNG KY Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

416.  As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

417.  Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

418.  Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## NINETEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The 73096 Surface Design)
### (Against NTKN and HUNG KY)

419.  Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 418 as if fully restated herein.

FIRST AMENDED COMPLAINT - 86

420.   By no later than September 28, 2011, Hawaiiprint, which owned the copyright for the 73096 surface design at the time, sold a certain length of fabric displaying the 73096 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73096 surface design.

421.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73096 surface design has been completely exhausted.

422.   On or about June 6, 2022, Plaintiff discovered that garments displaying what NTKN apparently named the Woody Plumeria pattern, including but not limited to men's and boys' shirts, were being offered for sale under various names and in various colors by other vendors, including but not limited to Leilani's Attic (www.leilanisattic.com) and Hawaii Hangover (hawaiihangover.com).

423.   Based on information and belief, NTKN has sold garments displaying the Woody Plumeria pattern in this District.

424.   The Woody Plumeria pattern is substantially similar or identical to Plaintiff's copyrighted 73096 surface design. A side-by-side comparison of the Plaintiff's 73096 surface design with the Woody Plumeria pattern as displayed on a shirt is set forth in Figure 20 below:

**Figure 20**



73096



Woody Plumeria



425. Based on information and belief, the garments presently displaying the Woody Plumeria pattern are reproductions of the 73096 surface design commissioned and imported by NTKN.

426. Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73096 surface design or sold additional fabric displaying the 73096 surface design to NTKN. Plaintiff has also not been compensated for NTKN's present use of the copyrighted 73096 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73096 surface design is therefore unauthorized.

427. Based on information and belief, NTKN had access to Plaintiff's 73096 surface design through fabric sold to it or its predecessor by Hawaiiprint.

428. The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights

under 17 U.S.C. § 106.

429.   NTKN has realized profits as a direct and proximate result of its wrongful conduct.

430.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

431.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

432.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73096 surface design.

433.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73096 surface design.

434.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

435.   As a direct and proximate result of the infringement by NTKN and HUNG KY Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to

recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

436.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

437.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## TWENTIETH CLAIM FOR RELIEF
### (Copyright Infringement – The 73104 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

438.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 437 as if fully restated herein.

439.   By no later than September 30, 2014, Hawaiiprint, Inc. ("Hawaiiprint"), which owned the copyright for the 73104 surface design at the time, sold a certain length of fabric displaying the 73104 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73104 surface design.

440.   Based on information and belief, the fabric by Hawaiiprint to NTKN or its predecessor displaying the 73104 surface design sold has been completely exhausted.

441.   On or about May 31, 2022, Plaintiff discovered that garments displaying what NTKN apparently named the 460/Turtle pattern, including but not

FIRST AMENDED COMPLAINT - 90

limited to a men's shirt and boys' cabana set, were being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on www.alohshirtsclub.com and Leilani's Attic (www.leilanisattic.com).

442.   Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 460/Turtle pattern in this District.

443.   The 460/Turtle pattern is substantially similar or identical to Plaintiff's copyrighted 73104 surface design. A side-by-side comparison of Plaintiff's 73104 surface design with the 460/Turtle pattern as displayed on a men's shirt is set forth in Figure 21 below:

**Figure 21**

**73104**                         **460/Turtle**



444.   Based on information and belief, the garments presently displaying the 460/Turtle pattern are reproductions of the 73104 surface design commissioned and imported by NTKN.

FIRST AMENDED COMPLAINT - 91

445. Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73104 surface design or sold additional fabric displaying the 73104 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 73104 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73104 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73104 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73104 surface design is therefore unauthorized.

446. Based on information and belief, NTKN had access to Plaintiff's 73104 surface design through fabric sold to it or its predecessor by Hawaiiprint. Based on information and belief, SHAKA TIME had access to Plaintiff's 73104 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 73104 surface design by NTKN or other third-party vendors.

447. The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

448. Based on information and belief, NTKN and SHAKA TIME have

realized profits as a direct and proximate result of their wrongful conduct.

449.    Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

450.    As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

451.    As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73104 surface design.

452.    HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73104 surface design.

453.    As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

454.    As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504, Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's, profits attributable to their infringing conduct, and an accounting of and a constructive trust with

respect to such profits.

455.    Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

456.    Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

## TWENTY-FIRST CLAIM FOR RELIEF
### (Copyright Infringement – The 73657 Surface Design)
### (Against NTKN and HUNG KY)

457.    Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 456 as if fully restated herein.

458.    By no later than April 30, 2014, Hawaiiprint, which owned the copyright for the 73657 surface design at the time, sold a certain length of fabric displaying the 73657 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73657 surface design.

459.    Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73657 surface design has been completely exhausted.

460.    On or about June 24, 2022, Plaintiff discovered that garments displaying what NTKN apparently named the 464/Ride Gardenia pattern,

including but not limited to men's and boys' shirts, were being offered for sale in various colors by other vendors, including but not limited to Leilani's Attic (www.leilanisattic.com) and Hawaii Hangover (hawaiihangover.com).

461.   Based on information and belief, NTKN has sold garments displaying the 464/Ride Gardenia pattern in this District.

462.   The 464/Ride Gardenia pattern is substantially similar or identical to Plaintiff's copyrighted 73657 surface design. A side-by-side comparison of the Plaintiff's 73657 surface design with the 464/Ride Gardenia pattern as displayed on a shirt is set forth in Figure 22 below:

**Figure 22**



73657

464/Ride Gardenia

463.   Based on information and belief, the garments presently displaying the 464/Ride Gardenia pattern are reproductions of the 73657 surface design commissioned and imported by NTKN.

464.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73657 surface design or sold additional fabric displaying the

FIRST AMENDED COMPLAINT - 95

73657 surface design to NTKN. Plaintiff has also not been compensated for NTKN's present use of the copyrighted 73657 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73657 surface design is therefore unauthorized.

465.   Based on information and belief, NTKN had access to Plaintiff's 73657 surface design through fabric sold to it or its predecessor by Hawaiiprint.

466.   The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

467.   NTKN has realized profits as a direct and proximate result of its wrongful conduct.

468.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

469.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

470.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73657 surface design.

471.   HUNG KY has therefore vicariously infringed Plaintiff's copyright

of the 73657 surface design.

472.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

473.   As a direct and proximate result of the infringement by NTKN and HUNG KY Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

474.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

475.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**TWENTY-SECOND CLAIM FOR RELIEF**
**(Copyright Infringement – The 91202 Surface Design)**
**(Against NTKN, HUNG KY, and SHAKA TIME)**

476.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 475 as if fully restated herein.

477.   By no later than October 18, 2013, Hawaiiprint, Inc. ("Hawaiiprint"),

which owned the copyright for the 91202 surface design at the time, sold a certain length of fabric displaying the 91202 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 91202 surface design.

478. Based on information and belief, the fabric by Hawaiiprint to NTKN or its predecessor displaying the 91202 surface design sold has been completely exhausted.

479. On or about June 16, 2022, Plaintiff discovered that garments displaying what NTKN apparently named the 472/Beach Palms Loulu pattern, including but not limited to the Beach Palm Loulu Hawaiian Shirt ("Beach Palms Shirt") were being offered for sale under various names and in various colors and by other vendors, including but not limited to SHAKA TIME on www.shakatime.com.

480. Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 472/Beach Palms Loulu pattern in this District.

481. The 472/Beach Palms Loulu pattern is substantially similar or identical to Plaintiff's copyrighted 91202 surface design. A side-by-side comparison of Plaintiff's 91202 surface design with the 472/Beach Palms Loulu pattern as displayed on the Beach Palms Shirt is set forth in Figure 23 below:

**Figure 23**

FIRST AMENDED COMPLAINT - 98

**91202**                                    **472/Beach Palms Loulu**



482.   Based on information and belief, the garments presently displaying the 472/Beach Palms Loulu pattern are reproductions of the 91202 surface design commissioned and imported by NTKN.

483.   Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 91202 surface design or sold additional fabric displaying the 91202 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 91202 surface design or sold fabric to SHAKA TIME displaying the copyrighted 91202 surface design. Plaintiff has also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 91202 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 91202 surface design is therefore unauthorized.

484.   Based on information and belief, NTKN had access to Plaintiff's

91202 surface design through fabric sold to it or its predecessor by Hawaiiprint.-Based on information and belief, SHAKA TIME had access to Plaintiff's 91202 surface design, including, without limitation, through (a) NTKN's websites or place of business; or (b) access to illegally distributed copies of the 91202 surface design by NTKN or other third-party vendors.

485.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

486.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

487.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

488.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

489.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 91202 surface design.

490.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 91202 surface design.

491.   As a direct and proximate result of the infringement by NTKN,

HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

492.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504, Plaintiff is further entitled to recover NTKN, HUNG KY, and SHAKA TIME's, profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

493.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

494.   Plaintiff is further entitled to recover its full costs and attorney fees pursuant to 17 U.S.C. § 505.

**TWENTY-THIRD CLAIM FOR RELIEF**
**(Copyright Infringement – The 73138 Surface Design)**
**(Against NTKN and HUNG KY)**

495.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 494 as if fully restated herein.

496.   By no later than August 26, 2010, Hawaiiprint, which owned the

FIRST AMENDED COMPLAINT - 101

copyright for the 73138 surface design at the time, sold a certain length of fabric displaying the 73138 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73138 surface design.

497.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73138 surface design has been completely exhausted.

498.   On or about May 18, 2022, Plaintiff discovered that garments displaying what NTKN apparently named the Waipio Hibiscus pattern, including but not limited to women's short and midi dresses, were being offered for sale under various names and in various colors by other vendors, including but not limited to Leilani's Attic (www.leilanisattic.com).

499.   Based on information and belief, NTKN has sold garments displaying the Waipio Hibiscus pattern in this District.

500.   The Waipio Hibiscus pattern is substantially similar or identical to Plaintiff's copyrighted 73138 surface design. A side-by-side comparison of the Plaintiff's 73138 surface design with the Waipio Hibiscus pattern as displayed on a short dress is set forth in Figure 24 below:

**Figure 24**

**73138**                                    **Waipio Hibiscus**

FIRST AMENDED COMPLAINT - 102

 

501. Based on information and belief, the garments presently displaying the Waipio Hibiscus pattern are reproductions of the 73138 surface design commissioned and imported by NTKN.

502. Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce the copyrighted 73138 surface design or sold additional fabric displaying the 73138 surface design to NTKN. Plaintiff has also not been compensated for NTKN's present use of the copyrighted 73138 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiff's copyrighted 73138 surface design is therefore unauthorized.

503. Based on information and belief, NTKN had access to Plaintiff's 73138 surface design through fabric sold to it or its predecessor by Hawaiiprint.

504. The acts by NTKN complained of herein constitute infringement of Plaintiff's copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

FIRST AMENDED COMPLAINT - 103

505.   NTKN has realized profits as a direct and proximate result of its wrongful conduct.

506.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

507.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

508.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73138 surface design.

509.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73138 surface design.

510.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

511.   As a direct and proximate result of the infringement by NTKN and HUNG KY Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct,

and an accounting of and a constructive trust with respect to such profits.

512.   Alternatively, Plaintiff is entitled to statutory damages up to
$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

513.   Plaintiff is further entitled to recover its full costs and attorney fees
pursuant to 17 U.S.C. § 505.

## TWENTY-FOURTH CLAIM FOR RELIEF
### (Copyright Infringement – The 73454 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

514.   Plaintiff incorporates by reference all of the allegations contained in
Paragraphs 1 through 513 as if fully restated herein.

515.   By no later than March 4, 2014, Hawaiiprint, which owned the
copyright for the 73454 surface design at the time, sold a certain length of fabric
displaying the 73454 surface design to NTKN or its predecessor for use in the
manufacture of garments. The sale did not include a license to reproduce the
73454 surface design.

516.   Based on information and belief, the fabric sold by Hawaiiprint to
NTKN or its predecessor displaying the 73454 surface design has been completely
exhausted.

517.   On or about January 17, 2022, Plaintiff discovered that garments
displaying what NTKN apparently named the 481/Motorcycle Beach pattern,
including but not limited to the AL-481 NB Motorcycle Beach Shirt (the

"Motorcycle Beach Shirt"), were being offered for sale in various colors on

www.kyifi.org

518.   At the same time, Plaintiff discovered that the Motorcycle Beach

Shirt was also being offered for sale under various names and in various colors by

other vendors, including but not limited to SHAKA TIME, Aloha Outlet

(www.alohaoutlet.com) and Leilani's Attic (www.leilanisattic.com).

519.   Based on information and belief, NTKN and SHAKA TIME have

sold garments displaying the 481/Motorcycle Beach pattern in this District.

520.   The 481/Motorcycle Beach pattern is substantially similar or

identical to Plaintiff's copyrighted 73454 surface design. A side-by-side

comparison of Plaintiff's 73454 surface design with the 481/Motorcycle Beach

pattern as displayed on the Motorcycle Beach Shirt is set forth in Figure 25 below:

**Figure 25**

**73454**                           **481/Motorcycle Beach**



521.   Based on information and belief, the garments presently displaying

FIRST AMENDED COMPLAINT - 106

the 481/Motorcycle Beach pattern are reproductions of the 73454 surface design

commissioned and imported by NTKN.

522.    Neither Plaintiff nor Hawaiiprint has authorized NTKN to reproduce

the copyrighted 73454 surface design or sold additional fabric displaying the

73454 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint has

licensed SHAKA TIME to reproduce or sell the copyrighted 73454 surface design

or sold fabric to SHAKA TIME displaying the copyrighted 73454 surface design.

Plaintiff has also not been compensated for NTKN or SHAKA TIME's present

use of the copyrighted 73454 surface design. NTKN and SHAKA TIME's

importation, manufacture, and/or sale of clothing displaying a surface design

substantially similar or identical to Plaintiff's copyrighted 73454 surface design is

therefore unauthorized.

523.    Based on information and belief, NTKN had access to Plaintiff's

73454 surface design through fabric sold to it or its predecessor by Hawaiiprint.

Based on information and belief, SHAKA TIME had access to Plaintiff's 73454

surface design, including, without limitation, through (a) NTKN's websites or

place of business; or (b) access to illegally distributed copies of the 73454 surface

design by NTKN or other third-party vendors.

524.    The acts by NTKN and SHAKA TIME complained of herein

constitute infringement of Plaintiff's copyright and exclusive rights including,

without limitation, its rights under 17 U.S.C. § 106.

525.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

526.   Based on information and belief, NTKN willfully engaged in the acts complained of in conscious disregard of Plaintiff's rights.

527.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

528.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73454 surface design.

529.   HUNG KY has therefore vicariously infringed Plaintiff's copyright of the 73454 surface design.

530.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff has sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiff therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

531.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiff is entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is

further entitled to recover the profits of NTKN, HUNG KY, and SHAKA TIME

attributable to their infringing conduct, and an accounting of and a constructive

trust with respect to such profits.

532.   Alternatively, Plaintiff is entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME.

533.   Plaintiff is further entitled to recover its full costs and attorney fees

pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment of up to $3,750,000 and other

relief as follows:

A. On Plaintiff's First Claim for Relief against NTKN, HUNG KY, and
SHAKA TIME:

    a.   That the above Defendants be adjudged to have infringed upon
Plaintiff's copyrighted 73142 surface design in violation of 17 U.S.C.
§ 501;

    b.   That the above Defendants be permanently enjoined from importing,
manufacturing, distributing, offering for sale, selling or otherwise
trafficking in any product that infringes Plaintiff's copyrighted 73142
surface design;

    c.   That the above Defendants be required to account for all profits
derived from their infringement of Plaintiff's copyrighted 73142

surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

B. On Plaintiff's Second Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73469 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73469 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73469

surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

C. On Plaintiff's Third Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73571 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73571 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73571

surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

D. On Plaintiff's Fourth Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73614 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73614 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73614

surface design;

d. That Plaintiff be awarded either actual damages plus the above
Defendants' profits from their infringement; or, alternatively at
Plaintiff's election, statutory damages up to $150,000 against NTKN
and HUNG KY, jointly and severally, and $30,000 against SHAKA
TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees
pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according
to law; and

g. That Plaintiff be awarded such other and further relief as is just and
proper.

E. On Plaintiff's Fifth Claim for Relief against NTKN, HUNG KY, and
SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon
Plaintiff's copyrighted 73627 surface design in violation of 17 U.S.C.
§ 501;

b. That the above Defendants be permanently enjoined from importing,
manufacturing, distributing, offering for sale, selling or otherwise
trafficking in any product that infringes Plaintiff's copyrighted 73627
surface design;

c. That the above Defendants be required to account for all profits
derived from their infringement of Plaintiff's copyrighted 73627

surface design;

d. That Plaintiff be awarded either actual damages plus the above
Defendants' profits from their infringement; or, alternatively at
Plaintiff's election, statutory damages up to $150,000 against NTKN
and HUNG KY, jointly and severally, and $30,000 against SHAKA
TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees
pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according
to law; and

g. That Plaintiff be awarded such other and further relief as is just and
proper.

F. On Plaintiff's Sixth Claim for Relief against NTKN, HUNG KY, and
SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon
Plaintiff's copyrighted 4319B surface design in violation of 17
U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing,
manufacturing, distributing, offering for sale, selling or otherwise
trafficking in any product that infringes Plaintiff's copyrighted
4319B surface design;

c. That the above Defendants be required to account for all profits
derived from their infringement of Plaintiff's copyrighted 4319B

FIRST AMENDED COMPLAINT - 114

surface design;

d. That Plaintiff be awarded either actual damages plus the above
Defendants' profits from their infringement; or, alternatively at
Plaintiff's election, statutory damages up to $150,000 against NTKN
and HUNG KY, jointly and severally, and $30,000 against SHAKA
TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees
pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according
to law; and

g. That Plaintiff be awarded such other and further relief as is just and
proper.

G. On Plaintiff's Seventh Claim for Relief against NTKN and HUNG KY:

a. That the above Defendants be adjudged to have infringed upon
Plaintiff's copyrighted E4A08 surface design in violation of 17
U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing,
manufacturing, distributing, offering for sale, selling or otherwise
trafficking in any product that infringes Plaintiff's copyrighted
E4A08 surface design;

c. That the above Defendants be required to account for all profits
derived from their infringement of Plaintiff's copyrighted E4A08
surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

H. On Plaintiff's Eighth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and TROPAHOLIC:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted E-022R3 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted E-022R3 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted E-022R3 surface design;

FIRST AMENDED COMPLAINT - 116

    d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN, HUNG KY, and TROPAHOLIC, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

    e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

    g.  That Plaintiff be awarded such other and further relief as is just and proper.

I.  On Plaintiff's Ninth Claim for Relief against NTKN, HUNG KY, and SHAKA TIMA:

    a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-2F44 surface design in violation of 17 U.S.C. § 501;

    b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-2F44 surface design;

    c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-2F44 surface design;

d.  That Plaintiff be awarded either actual damages plus the above
Defendants' profits from their infringement; or, alternatively at
Plaintiff's election, statutory damages up to $150,000 against NTKN
and HUNG KY, jointly and severally, and $30,000 against SHAKA
TIME pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees
pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according
to law; and

g.  That Plaintiff be awarded such other and further relief as is just and
proper.

J.  On Plaintiff's Tenth Claim for Relief against NTKN and HUNG KY:

a.  That the above Defendants be adjudged to have infringed upon
Plaintiff's copyrighted EH-3D25 surface design in violation of 17
U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing,
manufacturing, distributing, offering for sale, selling or otherwise
trafficking in any product that infringes Plaintiff's copyrighted EH-
3D25 surface design;

c.  That the above Defendants be required to account for all profits
derived from their infringement of Plaintiff's copyrighted EH-3D25
surface design;

d.  That Plaintiff be awarded either actual damages plus the above

Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

K. On Plaintiff's Eleventh Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a.  That t the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-20129 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-20129 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-20129 surface design;

d.  That Plaintiff be awarded either actual damages plus the above

Defendants' profits from their infringement; or, alternatively at
Plaintiff's election, statutory damages up to $150,000 against NTKN
and HUNG KY, jointly and severally, and $30,000 against SHAKA
TIME pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees
pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according
to law; and

g.  That Plaintiff be awarded such other and further relief as is just and
proper.

L.  On Plaintiff's Twelfth Claim for Relief against NTKN, HUNG KY,
SHAKA TIME, and TROPAHOLIC:

a.  That the above Defendants be adjudged to have infringed upon
Plaintiff's copyrighted KS-6919 surface design in violation of 17
U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing,
manufacturing, distributing, offering for sale, selling or otherwise
trafficking in any product that infringes Plaintiff's copyrighted KS-
6919 surface design;

c.  That the above Defendants be required to account for all profits
derived from their infringement of Plaintiff's copyrighted KS-6919
surface design;

d.  That Plaintiff be awarded either actual damages plus the above

FIRST AMENDED COMPLAINT - 120

Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN, HUNG KY, and TROPAHOLIC, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

M. On Plaintiff's Thirteenth Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73269 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73269 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73269 surface design;

d. That Plaintiff be awarded either actual damages plus the above

Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

N. On Plaintiff's Fourteenth Claim for Relief against NTKN and HUNG KY:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-2E13B surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-2E13B surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-2E13B surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at

Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

O. On Plaintiff's Fifteenth Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 03780 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 03780 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 03780 surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at

FIRST AMENDED COMPLAINT - 123

Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

P.  On Plaintiff's Sixteenth Claim for Relief against NTKN and HUNG KY:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-2J11 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-2J11 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-2J11 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to

FIRST AMENDED COMPLAINT - 124

17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

Q. On Plaintiff's Seventeenth Claim for Relief against NTKN and HUNG KY:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted EH-2M59 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted EH-2M59 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted EH-2M59 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and

severally;

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees
pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according
to law; and

g.  That Plaintiff be awarded such other and further relief as is just and
proper.

R.  On Plaintiff's Eighteenth Claim for Relief against NTKN and HUNG KY:

a.  That the above Defendants be adjudged to have infringed upon
Plaintiff's copyrighted EH-81104 surface design in violation of 17
U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing,
manufacturing, distributing, offering for sale, selling or otherwise
trafficking in any product that infringes Plaintiff's copyrighted EH-
81104 surface design;

c.  That the above Defendants be required to account for all profits
derived from their infringement of Plaintiff's copyrighted EH-81104
surface design;

d.  That Plaintiff be awarded either actual damages plus the above
Defendants' profits from their infringement; or, alternatively at
Plaintiff's election, statutory damages up to $150,000 pursuant to
17 U.S.C. § 504(c) against the above Defendants, jointly and
severally;

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees
    pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according
    to law; and

g.  That Plaintiff be awarded such other and further relief as is just and
    proper.

S.  On Plaintiff's Nineteenth Claim for Relief against NTKN and HUNG KY:

a.  That the above Defendants be adjudged to have infringed upon
    Plaintiff's copyrighted 73096 surface design in violation of 17 U.S.C.
    § 501;

b.  That the above Defendants be permanently enjoined from importing,
    manufacturing, distributing, offering for sale, selling or otherwise
    trafficking in any product that infringes Plaintiff's copyrighted 73096
    surface design;

c.  That the above Defendants be required to account for all profits
    derived from their infringement of Plaintiff's copyrighted 73096
    surface design;

d.  That Plaintiff be awarded either actual damages plus the above
    Defendants' profits from their infringement; or, alternatively at
    Plaintiff's election, statutory damages up to $150,000 pursuant to
    17 U.S.C. § 504(c) against the above Defendants, jointly and
    severally;

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees

FIRST AMENDED COMPLAINT - 127

pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

T. On Plaintiff's Twentieth Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a. That t the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73104 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73104 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73104 surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees

FIRST AMENDED COMPLAINT - 128

pursuant to 17 U.S.C. § 505;

   f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

   g.  That Plaintiff be awarded such other and further relief as is just and proper.

U. On Plaintiff's Twenty-first Claim for Relief against NTKN and HUNG KY:

   a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73657 surface design in violation of 17 U.S.C. § 501;

   b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73657 surface design;

   c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73657 surface design;

   d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

   e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

g. That Plaintiff be awarded such other and further relief as is just and proper.

V. On Plaintiff's Twenty-second Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a. That t the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 91202 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 91202 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 91202 surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f. That Plaintiff be awarded pre- and post-judgment interest according to law; and

    g. That Plaintiff be awarded such other and further relief as is just and proper.

W. On Plaintiff's Twenty-third Claim for Relief against NTKN and HUNG KY:

    a. That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73138 surface design in violation of 17 U.S.C. § 501;

    b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73138 surface design;

    c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73138 surface design;

    d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against the above Defendants, jointly and severally;

    e. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

FIRST AMENDED COMPLAINT - 131

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

X.  On Plaintiff's Twenty-fourth Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a.  That the above Defendants be adjudged to have infringed upon Plaintiff's copyrighted 73454 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrighted 73454 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiff's copyrighted 73454 surface design;

d.  That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiff's election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiff be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiff be awarded such other and further relief as is just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 15th day of August 2022.

/s/ Leo Y. Shimizu
Leo Y. Shimizu
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Leonard D. DuBoff, *Pro Hac Vice*
Edward T. Fu, *Pro Hac Vice*
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com
Telephone: (503) 968-8111

Attorneys for Plaintiff

FIRST AMENDED COMPLAINT - 133