BRONSTER FUJICHAKU ROBBINS
 A Law Corporation

REX Y. FUJICHAKU          #7198
DAVID M. PLONA            #9892
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone:  (808) 524-5644
Facsimile:   (808) 599-1881
Email:      rfujichaku@bfrhawaii.com
            dplona@bfrhawaii.com

LENA N. BACANI (*pro hac vice* pending)
Loza & Loza, LLP
305 N. Second Avenue, Suite 127
Upland, California 91786
Telephone:  (877) 406-5164
Facsimile:  (213) 394-3625
Email:       lena.bacani@lozaip.com

Attorneys for Defendants/Counterclaim Plaintiff
NTKN, INC. and HUNG KY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| TRENDTEX FABRICS, LTD., | Case No. 1:22-cv-00287-LEK-KJM |
|---|---|
| Plaintiffs, | DEFENDANTS NTKN, INC. AND HUNG KY'S ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, FILED AUGUST 15, 2022 [ECF 29]; COUNTERCLAIM PLAINTIFF NTKN, INC.'S COUNTERCLAIM AGAINST COUNTERCLAIM DEFENDANT TRENDTEX FABRICS, LTD.; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |
| vs. | |
| NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; TROPIHOLIC, INC., a Florida corporation, | |
| Defendants. | |

| NTKN, INC., a Hawaii corporation, | **[No Trial Date Set]** |
| Counterclaim Plaintiff, | |
| vs. | |
| TRENDTEX FABRICS, LTD., a Hawaii corporation, | |
| Counterclaim Defendant. | |

## DEFENDANTS NTKN, INC. AND HUNG KY'S ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, FILED AUGUST 15, 2022 [ECF 29]

Defendants NTKN, Inc. ("NTKN") and Hung Ky ("Mr. Ky"), (collectively, "the Defendants"), by and through their attorneys, answer the First Amended Complaint for Copyright Infringement, filed August 15, 2022 [ECF 29] ("FAC") as follows:

## NATURE OF THE ACTION

1.      Defendants admit that this case concerns Plaintiff's allegations of copyright infringement under the Copyright Act.  Defendants deny that they have engaged in any acts of infringement and further deny that Plaintiff is entitled to any relief whatsoever.

## PARTIES

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

3.      Admit.

4.      Defendants admit that Mr. Ky is a shareholder of NTKN and that he is a resident of Honolulu, Hawaii.

5.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

6.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

## JURISDICTION AND VENUE

7.      Defendants admit that this Court has subject matter jurisdiction over this action.

8.      Defendants admit that the Court has personal jurisdiction over Defendants NTKN and Mr. Ky.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, they are denied.

## GENERAL ALLEGATIONS

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

10.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

12.     Admit.

13.     Admit.

14.     Admit.

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

18.     Defendants admit that NTKN imports garments and merchandise that it sells directly through its websites and Etsy account.  Defendants also admit that

SHAKA TIME and TROPIHOLIC have purchased garments from NTKN.

19.     Defendants deny all other allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – The 73142 Surface Design)
### (Against NTKN, HUNG KY and SHAKA TIME)

20.     Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.  Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73142 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

21.     Denied.

22.     Defendants admit that NTKN has displayed a pattern called the "821/Anthurium Galore" on one or more of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

24.     Defendants admit that NTKN may have sold garments incorporating the 821/Anthurium Galore pattern but, if so, such sales would have been very small

quantities of less than 10 shirts.  Defendants deny that such sales infringe

Plaintiff's copyrights.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Defendants admit that NTKN purchased fabric directly from

Hawaiiprint that Plaintiff now alleges incorporates its 73142 surface design.

Defendants are without sufficient knowledge or information to form a belief as to

the truth of the remaining allegations in this paragraph and, on that basis, deny

them.

29.    Denied.

30.    Denied.

31.    Defendants admit that they received one or more emails from Plaintiff

but deny that they have committed acts of copyright infringement.

32.    Defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations in this paragraph and, on that basis, deny

them.

33.    Denied.

34.    Denied.

35.     Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

36.     Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement – The 73469 Surface Design)
### (Against NTKN, HUNG KY and SHAKA TIME)

42.     Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

43.     Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73469 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

44.     Denied.

45.     Defendants admit that NTKN has displayed a pattern called the "493/Humpback Whale" on at least one of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

46.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

47.     Defendants admit that NTKN may have sold a very small number (less than 5 shirts) with the 493/Humpback Whale pattern in the past but deny that such sales infringe Plaintiff's copyrights.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73469 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

52.     Denied.

53.     Denied.

8

54.     Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

55.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

56.     Denied.

57.     Denied.

58.     Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

59.     Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

**THIRD CLAIM FOR RELIEF**

**(Copyright Infringement – The 73571 Surface Design)**
**(Against NTKN, HUNG KY and SHAKA TIME)**

65.     Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

66.     Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73571 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

67.     Denied.

68.     Defendants admit that NTKN has displayed a pattern called the "499/Woody Car" on at least one of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

69.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

70.     Defendants admit that NTKN may have sold a small number (less than 10 shirts) of the 499/Woody Car pattern in the past but deny that such sales infringed Plaintiff's copyrights.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73571 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

75.     Denied.

76.     Denied.

77.     Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

78.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

79.     Denied.

80.     Denied.

81.     Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

82.     Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

83.     Denied.

84.     Denied.

85.    Denied.

86.    Denied.

87.    Denied.

## FOURTH CLAIM FOR RELIEF

### (Copyright Infringement – The 73614 Surface Design)
### (Against NTKN, HUNG KY and SHAKA TIME)

88.    Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

89.    Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73614 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

90.    Denied.

91.    Defendants admit that NTKN has displayed a pattern called the "477/Hibiscus" on at least one of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

92.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

93.     Defendants admit that NTKN may have sold a small number (less than 10 shirts) of the 477/Hibiscus pattern but deny that such sales infringe Plaintiff's copyrights.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73614 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

98.     Denied.

99.     Denied.

100.    Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

101.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

102.    Denied.

103.    Denied.

104.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

105.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

**FIFTH CLAIM FOR RELIEF**

**(Copyright Infringement – The 73627 Surface Design)**
**(Against NTKN, HUNG KY and SHAKA TIME)**

111.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

112.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73627 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

113.   Denied.

114.   Defendants admit that NTKN has displayed a pattern called the "492/Parrot" on at least one of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

115.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

116.   Defendants admit that NTKN may have sold a small number (less than 5 shirts) of the 492/Parrott pattern but deny that such sales infringe Plaintiff's copyrights.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73627 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

121.   Denied.

122.   Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

123.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

128.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

## SIXTH CLAIM FOR RELIEF

**(Copyright Infringement – The 73627 Surface Design)**
**(Against NTKN, HUNG KY and SHAKA TIME)**

134.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

135.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 4319B surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

136.   Denied.

137.   Defendants admit that NTKN has displayed a pattern called the "504/World War II" on at least one of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

138.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

139.   Defendants admit that NTKN may have sold a small number (less than 5 shirts) of the 504/World War II pattern but deny that such sales infringe Plaintiff's copyrights.

17

140.   Denied.

141.   Denied.

142.   Denied.

143.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 4319B surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

144.   Denied.

145.   Denied.

146.   Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

147.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

148.   Denied.

149.   Denied.

150.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

151.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

## SEVENTH CLAIM FOR RELIEF

### (Copyright Infringement – The E4A08 Surface Design)
### (Against NTKN and HUNG KY)

157.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

158.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its E4A08 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

159.   Denied.

160.   Defendants admit that NTKN has displayed a pattern called the "Pern Orchid" on one or more of its websites.  Defendants are without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

161.   Denied.  Defendants have no records of any sales of products with its Pern Orchid pattern.  Any such sales would not infringe Plaintiff's copyrights.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its E4A08 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

166.   Denied.

167.   Denied.

168.   Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

169.   Denied.

170.   Denied.

171.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

172.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

## EIGHTH CLAIM FOR RELIEF

### (Copyright Infringement – The E-022R3 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME and TROPIHOLIC)

178.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

179.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its E-022R3 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

180.   Denied.

181.   Defendants admit that NTKN has displayed a pattern called the "405/Cocktail" on one or more of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

21

182.   Defendants admit that NTKN may have sold a small number (less than 5 shirts) of the 405/Cocktail pattern but deny that such sales infringe Plaintiff's copyrights.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its E-022R3 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

188.   Denied.

189.   Denied.

190.   Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

191.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

192.   Denied.

193.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

194.   Denied.

195.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

196.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

## NINTH CLAIM FOR RELIEF

### (Copyright Infringement – The EH-2F44 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME)

202.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

203.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-2F44 surface design.  Defendants are

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

204.   Denied.

205.   Defendants admit that NTKN has displayed a pattern called the "336/Motorcycle" on one or more of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

206.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

207.   Defendants admit that NTKN may have sold a small number (less than 5 shirts) of the 336/Motorcycle pattern but deny that such sales infringe Plaintiff's copyrights.

208.   Denied.

209.   Denied.

210.   Denied.

211.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-2F44 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

24

212.   Denied.

213.   Denied.

214.   Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

215.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

216.   Denied.

217.   Denied.

218.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

219.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

## TENTH CLAIM FOR RELIEF

### (Copyright Infringement – The EH-3D25 Surface Design)
### (Against NTKN and HUNG KY)

225.   Defendants repeat and reallege their responses to the above

paragraphs as if fully set forth herein.

226.   Defendants admit that NTKN purchased fabric directly from Plaintiff

that Plaintiff now alleges incorporates its EH-3D25 surface design.  Defendants are

without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of this paragraph and, on that basis, deny them.

227.   Denied.

228.   Defendants admit that NTKN has displayed a pattern called the

"386/Beach Party" on at least one of its websites. Defendants are without sufficient

knowledge or information to form a belief as to the truth of the remaining

allegations of this paragraph and, on that basis, deny them.

229.   Defendants admit that NTKN may have sold an extremely small

number (no more than 2 shirts) of the 386/Beach Party pattern but deny that such

sales infringe Plaintiff's copyrights.

230.   Denied.

231.   Denied.

232.   Denied.

26

233.    Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-3D25 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

234.    Denied.

235.    Denied.

236.    Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

237.    Denied.

238.    Denied.

239.    Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

240.    Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

## ELEVENTH CLAIM FOR RELIEF

### (Copyright Infringement – The EH-20129 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME)

246.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

247.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-20129 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

248.   Denied.

249.   Defendants admit that NTKN has displayed a pattern called the "538/Leis Heavenly Flower" on its website. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

250.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

251.   Defendants deny that NTKN has sold garments incorporating the 538/Leis Heavenly Flower pattern.  Even if they had sold this pattern, Defendants deny that such sales infringe Plaintiff's copyrights.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-20129 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

256.   Denied.

257.   Denied.

258.   Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

259.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

260.   Denied.

261.   Denied.

262.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

263.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

264.   Denied.

265.   Denied.

266.   Denied.

267.   Denied.

268.   Denied.

## TWELFTH CLAIM FOR RELIEF

**(Copyright Infringement – The KS-6919 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME and TROPIHOLIC)**

269.   Defendants repeat and reallege their responses to the above

paragraphs as if fully set forth herein.

270.   Defendants admit that NTKN purchased fabric directly from Plaintiff

that Plaintiff now alleges incorporates its KS-6919 surface design.  Defendants are

without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of this paragraph and, on that basis, deny them.

271.   Denied.

272.   Defendants admit that NTKN has displayed a pattern called the

"805/Hibiscus Panel" on its website. Defendants are without sufficient knowledge

or information to form a belief as to the truth of the remaining allegations of this

paragraph and, on that basis, deny them.

273.   Defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations of this paragraph and, on that basis, deny

them.

274.   Defendants admit that NTKN may have sold a small number (less than 10 shirts) of the 805/Hibiscus Panel pattern but deny that such sales infringe Plaintiff's copyrights.

275.   Denied.

276.   Denied.

277.   Denied.

278.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its KS-6919 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

279.   Denied.

280.   Denied.

281.   Denied.

282.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

283.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

284.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

285.   Denied.

286.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

287.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

288.   Denied.

289.   Denied.

290.   Denied.

291.   Denied.

292.   Denied.

## THIRTEENTH CLAIM FOR RELIEF

### (Copyright Infringement – The 73269 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME)

293.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.  Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73269 surface design.  Defendants are without sufficient knowledge or information to

32

form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

294.   Denied.

295.   Defendants admit that NTKN has displayed a pattern called the "825/Pupukea Hibiscus & Orchid" on one or more of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

296.   Defendants admit that NTKN has displayed a pattern called the "466" but denies all other allegations of this paragraph.

297.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

298.   Defendants admit that NTKN may have sold a small number (less than 5 products) of the 825/Pupu8kea Hibiscus & Orchid or the "466" patterns but deny that such sales infringe Plaintiff's copyrights.

299.   Denied.

300.   Denied.

301.   Denied.

302.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73269 surface design.

303.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

304.   Denied.

305.   Denied.

306.   Defendants admit that they received an email from Plaintiff but deny that they have committed acts of copyright infringement.

307.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

308.   Denied.

309.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

310.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

311.   Denied.

312.   Denied.

313.   Denied.

314.   Denied.

315.   Denied.

## FOURTEENTH CLAIM FOR RELIEF

### (Copyright Infringement – The EH-2E13B Surface Design)
### (Against NTKN, HUNG KY)

316.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

317.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-2E13B surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

318.   Denied.

319.   Defendants admit that NTKN has displayed a pattern called the "358/Old Car" on one or more of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

320.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

321.   Defendants admit that NTKN may have sold a small number (less than 5 garments) of the 358/Old Car pattern but deny that such sales infringe Plaintiff's copyrights.

322.   Denied.

323.   Denied.

324.   Denied.

325.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-2E13B surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

326.   Denied.

327.   Denied.

328.   Defendants admit that they received an email from Plaintiff but deny that they have committed acts of copyright infringement.

329.   Denied.

330.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

331.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

332.   Denied.

333.   Denied.

334.   Denied.

335.   Denied.

336.   Denied.

## FIFTEENTH CLAIM FOR RELIEF

### (Copyright Infringement – The 03780 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME)

337.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

338.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 03780 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

339.   Denied.

340.   Defendants admit that NTKN has displayed a pattern called the "503/Lahaina" on one or more of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

341.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

342.   Defendants admit that NTKN may have sold a small number (less than 5 products) of the 503/Lahaina pattern but deny that such sales infringe Plaintiff's copyrights.

343.   Denied.

344.   Denied.

345.   Denied.

346.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 03780 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

347.   Denied.

348.   Denied.

349.   Defendants admit that they received one or more emails from Plaintiff but deny that they have committed acts of copyright infringement.

350.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

351.   Denied.

352.   Denied.

353.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

354.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

355.   Denied.

356.   Denied.

357.   Denied.

358.   Denied.

359.   Denied.

## SIXTEENTH CLAIM FOR RELIEF

### (Copyright Infringement – The EH-2J11 Surface Design)
### (Against NTKN, HUNG KY)

360.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

361.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-2J11 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

362.   Denied.

363.   Defendants admit that NTKN has displayed a pattern called the "332/Waterfall Island" on one of its websites. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

364.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

365.   Defendants deny that NTKN has sold any garments incorporating the 332/Waterfall pattern and, even if NTKN had made such a sale, Defendants deny that such sales would infringe Plaintiff's copyrights.

366.   Denied.

367.   Denied.

368.   Denied.

369.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-2J11 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

370.   Denied.

371.   Denied.

372.   Denied.

373.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

374.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

375.  Denied.

376.  Denied.

377.  Denied.

378.  Denied.

379.  Denied.

### SEVENTEENTH CLAIM FOR RELIEF

### (Copyright Infringement – The EH-2M59 Surface Design)
### (Against NTKN, HUNG KY)

380.  Defendants repeat and reallege their responses to the above

paragraphs as if fully set forth herein.

381.  Defendants admit that NTKN purchased fabric directly from Plaintiff

that Plaintiff now alleges incorporates its EH-2M59 surface design.  Defendants

are without sufficient knowledge or information to form a belief as to the truth of

the remaining allegations of this paragraph and, on that basis, deny them.

382.  Denied.

383.  Defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations of this paragraph and, on that basis, deny

them.

384.  Denied.

385.  Denied.

386.  Denied.

387.   Denied.

388.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-2M59 surface design.

389.   Denied.

390.   Denied.

391.   Denied.

392.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

393.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

394.   Denied.

395.   Denied.

396.   Denied.

397.   Denied.

398.   Denied.

## EIGHTEENTH CLAIM FOR RELIEF

### (Copyright Infringement – The EH-81104 Surface Design)
### (Against NTKN, HUNG KY)

399.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

400.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-81104 surface design.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

401.   Denied.

402.   Defendants deny that NTKN has sold any garments incorporating the 819/Hibiscus Side pattern and further deny that any such sales, even if they existed, would infringe Plaintiff's copyrights.

403.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

404.   Denied.

405.   Denied.

406.   Denied.

407.   Denied.

408.   Defendants admit that NTKN purchased fabric directly from Plaintiff that Plaintiff now alleges incorporates its EH-81104 surface design.

409.   Denied.

410.   Denied.

411.   Denied.

43

412.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

413.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

414.   Denied.

415.   Denied.

416.   Denied.

417.   Denied.

418.   Denied.

## NINETEENTH CLAIM FOR RELIEF

### (Copyright Infringement – The 73096 Surface Design)
### (Against NTKN, HUNG KY)

419.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

420.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73096 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

421.   Denied.

422.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

423.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

424.   Denied.

425.   Denied.

426.   Denied.

427.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73096 surface design.

428.   Denied.

429.   Denied.

430.   Denied.

431.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

432.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

433.   Denied.

434.   Denied.

435.   Denied.

436.   Denied.

437.   Denied.

## TWENTIETH CLAIM FOR RELIEF

### (Copyright Infringement – The 73104 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME)

438.   Defendants repeat and reallege their responses to the above

paragraphs as if fully set forth herein.

439.   Defendants admit that NTKN purchased fabric directly from

Hawaiiprint that Plaintiff now alleges incorporates its 73104 surface design.

Defendants are without sufficient knowledge or information to form a belief as to

the truth of the remaining allegations of this paragraph and, on that basis, deny

them.

440.   Denied.

441.   Defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations of this paragraph and, on that basis, deny

them.

442.   Defendants admit that NTKN may have sold a small number (less

than 5 garments) of the 460/Turtle pattern but deny that such sales infringe

Plaintiff's copyrights.

443.   Denied.

444.  Denied.

445.  Denied.

446.  Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73104 surface design.

447.  Denied.

448.  Denied.

449.  Denied.

450.  Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

451.  Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

452.  Denied.

453.  Denied.

454.  Denied.

455.  Denied.

456.  Denied.

**TWENTY-FIRST CLAIM FOR RELIEF**

**(Copyright Infringement – The 73657 Surface Design)**
**(Against NTKN, HUNG KY)**

457.  Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

47

458.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73657 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

459.   Denied.

460.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

461.   Defendants admit that NTKN may have sold a small number (less than 5 products) of the 464/Ride Gardenia pattern but deny that such sales infringe Plaintiff's copyrights.

462.   Denied.

463.   Denied.

464.   Denied.

465.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73657 surface design.

466.   Denied.

467.   Denied.

468.   Denied.

48

469.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

470.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

471.   Denied.

472.   Denied.

473.   Denied.

474.   Denied.

475.   Denied.

## TWENTY-SECOND CLAIM FOR RELIEF

### (Copyright Infringement – The 91202 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME)

476.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

477.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 91202 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

478.   Denied.

479.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

480.   Defendants admit that NTKN may have sold a small number (less than 5 products) of the 472/Beach Palms Loulu pattern but deny that such sales infringe Plaintiff's copyrights.

481.   Denied.

482.   Denied.

483.   Denied.

484.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 91202 surface design.

485.   Denied.

486.   Denied.

487.   Denied.

488.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

489.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

490.   Denied.

491.   Denied.

492. Denied.

493. Denied.

494. Denied.

## TWENTY-THIRD CLAIM FOR RELIEF

### (Copyright Infringement – The 73138 Surface Design)
### (Against NTKN, HUNG KY)

495. Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

496. Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73138 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

497. Denied.

498. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

499. Defendants deny that NTKN has sold any garments incorporating the Waipo Hibiscus pattern and deny that such sales, even if they existed, would infringe Plaintiff's copyrights.

500. Denied.

501.   Denied.

502.   Denied.

503.   Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73138 surface design.

504.   Denied.

505.   Denied.

506.   Denied.

507.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

508.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

509.   Denied.

510.   Denied.

511.   Denied.

512.   Denied.

513.   Denied.

## TWENTY-FOURTH CLAIM FOR RELIEF

### (Copyright Infringement – The 73454 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME)

514.   Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

515.    Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73454 surface design. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

516.    Denied.

517.    Defendants admit that NTKN has displayed a pattern called the "481/Motorcycle Beach" on its website.

518.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

519.    Defendants deny that NTKN has sold any products incorporating the 481/Motorcycle Beach pattern and furtehr deny that such sales, even if they existed, would infringe Plaintiff's copyrights.

520.    Denied.

521.    Denied.

522.    Denied.

523.    Defendants admit that NTKN purchased fabric directly from Hawaiiprint that Plaintiff now alleges incorporates its 73454 surface design.

524.    Denied.

525.   Denied.

526.   Denied.

527.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

528.   Defendants admit that Mr. Ky is a shareholder of NTKN but deny all remaining allegations of this paragraph.

529.   Denied.

530.   Denied.

531.   Denied.

532.   Denied.

533.   Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the requested relief and request the Court award judgment for Defendants for all damages, costs, attorneys' fees, injunctive and other relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting that Plaintiff is entitled to any relief whatsoever, Defendants assert the following affirmative and other defenses set forth below and reserve the right to allege additional defenses in the event discovery or other information indicates additional defenses are appropriate:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

Plaintiff's claims are barred, in whole or in part, because one or more of

Plaintiff's copyright registrations is invalid. Plaintiff's alleged copyrights lack

protectable subject matter in that they lack original expression as required by 17

U.S.C. § 102(a).

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks

standing to bring its infringement claims.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches/Estoppel/Acquiescence/Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches,

estoppel, acquiescence and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (First Sale/Exhaustion of Copyright/Implied License)

Plaintiff's claims are barred, in whole or in part, because any distribution or

other use of any valid copyright by Defendants is subject to the first sale doctrine,

copyright exhaustion and/or an implied license.

## SIXTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claims are barred, in whole or in part, because any reproduction, distribution or other use by Defendants is a fair use protected by the provisions of 17 U.S.C. § 107.

## SEVENTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has engaged in copyright misuse.  Plaintiff has attempted to leverage the rights granted under any valid copyright to areas outside the exclusive rights granted by the Copyright Act.  The Plaintiff has engaged in certain anticompetitive behavior and/or other actions that are in violation of the public policy underlying the copyright laws including, but not limited to, a failure to abide by the fair use and first sale doctrines.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff does not satisfy the requirements for injunctive relief.  Among other things, Plaintiff cannot show that it has suffered irreparable harm or that it does not have an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

Defendants have not willfully infringed any copyright of the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean

hands.

DATED:  Honolulu, Hawai'i, September 21, 2022.

*/s/ Rex Y. Fujichaku*
REX Y. FUJICHAKU
DAVID M. PLONA
LENA N. BACANI (*pro hac vice* pending)

Attorneys for Defendants/Counterclaimant
NTKN, INC. and HUNG KY