IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TRENDTEX FABRICS, LTD.,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; TROPIHOLIC, INC., a Florida corporation,<br><br>　　　　　　　　Defendants. | Case No. 1:22-cv-00287-LEK-KJM<br><br>COUNTERCLAIM PLAINTIFF NTKN, INC.'S COUNTERCLAIM AGAINST COUNTERCLAIM DEFENDANT TRENDTEX FABRICS, LTD. |
| NTKN, INC., a Hawaii corporation,<br><br>　　　　　　　Counterclaim Plaintiff,<br><br>　vs.<br><br>TRENDTEX FABRICS, LTD., a Hawaii corporation,<br><br>　　　　　　　Counterclaim Defendant. | |

**COUNTERCLAIM PLAINTIFF NTKN, INC.'S COUNTERCLAIM AGAINST COUNTERCLAIM DEFENDANT TRENDTEX FABRICS, LTD.**

Defendant and Counterclaimant NTKN, Inc. ("NTKN") hereby asserts the following counterclaims against Plaintiff and Counterclaim Defendant Trendtex Fabrics, Ltd. ("Trendtex"):

## NATURE OF THE ACTION

1. This is an action for: (1) intentional interference with prospective business advantage; (2) business disparagement; and (3) unfair and deceptive trade practices in violation of HRS 481A.

## PARTIES

2. NTKN is a corporation organized and existing under the laws of the State of Hawaii, with its principal place of business at 819 Moowaa Street, Suite 2017, Honolulu, Hawaii 96817.

3. Upon information and belief, Trendtex is a corporation organized and existing under the laws of the State of Hawaii, with a principal place of business at 1258 Kamaile Street, Honolulu, Hawaii 96814.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over NTKN's state law counterclaims alleged herein under 28 U.S.C. § 1367 because the state law claims are related to the copyright infringement claims such that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. This Court has general and specific personal jurisdiction over Trendtex because Trendtex is incorporated in this District and filed the present

action here.  In addition, Trendtex maintains its principal place of business in this District.

6. Venue is proper in this District under 28 U.S.C § 1391. Trendtex filed the present action here and resides in this District.  In addition, Trendtex has committed at least a portion of the unlawful acts at issue in this case within the District.

## FACTUAL ALLEGATIONS

7. NTKN's founder, Hung Ky ("Mr. Ky"), began making and selling Hawaiian shirts out of his house in 1992.  Since then, NTKN has grown and is now one of the largest clothing manufacturers in Hawaii.

8. NTKN manufactures its Hawaiian shirts, dresses and other garments in Hawaii and has become internationally renown for its high quality garments sold at reasonable prices.

9. NTKN sells its garments through its www.kyifi.com website ("NTKN Website"), and through its resale customers, including SHAKA TIME and TROPIHOLICS.

10. Over the years, NTKN has purchased numerous printed fabrics for use in its Hawaiian garments from Hawaiiprint, Inc.

11. Upon information and belief, Hawaiiprint, Inc. ("Hawaiiprint") and/or Hawaiiprint's assets were purchased or otherwise acquired by Trendtex.

12. NTKN has also purchased numerous printed fabrics from Trendtex for use in NTKN's products.

13. On October 27, 2021, NTKN received a letter from Trendtex's outside attorney, alleging that NTKN had infringed Trendtex's registered copyrights in five different Hawaiian print surface designs, copyright registration numbers: VAu 1-190-261, VAu 1-107-464, VAu 1-104-023, VAu 1-104-025 and VAu 1-104-076.

14. On February 2, 2022, NTKN's outside counsel responded to Trendtex's letter, informing Trendtex that NTKN had not infringed any of the five copyrights. NTKN attached copies of invoices showing that NTKN had purchased each of the accused printed fabrics directly from Hawaiiprint, Trendtex's predecessor. As a result, NTKN's sales of the accused products were authorized and not infringing.

15. During this exchange of letters, NTKN learned that several of its resale customers, including SHAKA TIME, had received communications from Trendtex threatening to sue them for copyright infringement because of their purchases of Hawaiian shirts and other garments from NTKN. Upon information and belief, Trendtex's threats caused several of NTKN's resale customers to refrain from purchasing the accused products, as well as non-accused products, from NTKN.

16. On or around May 19, 2022, Trendtex sent another demand letter with a draft complaint attached alleging claims of copyright infringement for the five copyrights originally asserted in its October 27, 2021 letter and an additional ten copyright registrations. Trendtex admitted that NTKN had purchased fabric incorporating the copyrighted designs directly from Trendtex and/or Hawaiiprint, but argued, with no supporting evidence, that NTKN has exhausted its supply of that authorized fabric and was now selling infringing reproductions.

17. NTKN responded on June 17, 2022 with another letter that included photographs of bolts of fabric for the accused products that were still in NTKN's possession. The photographs clearly showed Hawaiiprint or Trendtex's trademarks on the fabric borders. In addition, NTKN provided additional invoices showing it had purchased the fabrics directly from Hawaiiprint or Trendtex. The evidence provided clearly contradicted Trendtex's copyright infringement claims and unfounded allegation that NTKN's supply of Hawaiiprint or Trendtex fabrics had been exhausted. Clearly, NTKN still had those fabrics in stock and Trendtex's copyright allegations were demonstrably false.

18. NTKN further informed Trendtex in its June 17, 2022 letter that "Trendtex's continued attempts to strong-arm [NTKN's] customer[s] regarding designs NTKN purchased directly from Trendtex or its predecessor" were improper.

19. Trendtex did not respond to NTKN's June 17, 2022 letter or evidence of lawful purchases of Trendtex and Hawaiiprint fabrics, opting instead to file its complaint in this action.

20. NTKN still has inventory of many of the fabrics incorporating the asserted surface designs that NTKN purchased directly from Trendtex and/or Hawaiiprint.

21. Despite this fact, NTKN cannot continue to sells its products because of Trendtex's unfounded copyright infringement claims.

22. NTKN did not counterfeit or reproduce Trendtex's surface designs and does not infringe any valid copyright owned by Trendtex.

23. Upon information and belief, Trendtex began making statements to NTKN's customers, and potentially others, that the products being sold by NTKN infringed upon Trendtex's surface design copyrights and/or were counterfeit.

24. Upon information and belief, Trendtex threatened NTKN's customers, and potentially others, with legal action if they continued to purchase, or made new purchases of, NTKN's Hawaiian print products.

25. NTKN is informed and believes, and on that basis alleges, that at the time Trendtex was making these statements to NTKN's customers, and potential customers, Trendtex knew, or should have known, that the goods being targeted by Trendtex were genuine goods that did not infringe any of Trendtex's copyrights.

26. NTKN is informed and believes, and on that basis alleges, that Trendtex has made its unfounded infringement allegations with the intent of limiting competition and interfering with NTKN's potential and existing contracts.

27. Trendtex knew, or should have known, that its unfounded allegations would interfere with NTKN's business relationships and/or contracts with its resale customers, such as SHAKA TIME and TROPIHOLICS.

28. NTKN is informed and believes, and on that basis alleges, that NTKN's customers and potential customers opted not to purchase the accused goods, as well as other products, from NTKN as a direct result of Trendtex's false statements.

29. Trendtex's unlawful conduct has resulted in the loss of significant sales revenues for NTKN, as well as damage to NTKN's reputation and the goodwill it has built up in its brand.

## COUNT I
**(Intentional Interference with Prospective Business Advantage)**

30. NTKN repeats, realleges and incorporates by reference the allegations in the paragraphs above as if fully and completely set forth herein.

31. NTKN has long-standing and established relationships with its customers, who purchase clothing and other products from NTKN for re-sale to consumers.

32. NTKN's relationships with its customers provide NTKN with a continuous prospective benefit from continued sales. Prior to Trendtex's wrongful conduct, there existed a reasonable probability that these relationships would continue to result in future economic benefit to NTKN.

33. Trendtex is well aware of NTKN's relationships with its customers, including SHAKA TIME and TROPIHOLIC, whom Trendtex has named in this lawsuit, and other resellers, and the likelihood of continued economic benefits that would result to NTKN from those customer relationships.

34. Despite, or because of its knowledge, of NTKN's customer relationships, Trendtex purposefully and intentionally engaged in conduct that damaged those relationships. Specifically, Trendtex told NTKN's customers, and others, that the products the customers had purchased from NTKN were infringing reproductions or counterfeits of Trendtex's copyrighted surface designs, despite having evidence that the products sold were authentic and not infringing. Trendtex threatened, and ultimately filed, legal action against NTKN's customers because they had purchased accused products from NTKN.

35. On information and belief, Trendtex intended to disrupt NTKN's relationships with its customers and/or knew that a disruption in those relationships was likely as a result of Trendtex's conduct.

36. As a direct and proximate result of Trendtex's wrongful conduct, NTKN's relationships with its customers has been harmed and disrupted.

37. Trendtex's conduct was a substantial factor in causing NTKN's harm and the disruption of its relationships with its customers.

38. NTKN has suffered injury and compensable damages in an amount to be proven at trial, as a result of Trendtex's wrongful conduct.

## COUNT II
### (Business Disparagement/Common Law Injury to Business Reputation)

39. NTKN repeats, realleges and incorporates by reference the allegations in the paragraphs above as if fully and completely set forth herein.

40. NTKN is well-known in the United States and around the World for selling high quality Hawaiian shirts and other garments at a reasonable price. NTKN has invested significant time and resources into building its reputation as a source of such high quality products.

41. Trendtex's allegations to NTKN's customers and potential customers that NTKN is selling reproductions or counterfeits of Trendtex's copyrighted surface designs are false.

42. Trendtex knew, or should have known, that its infringement allegations were false.

43. NTKN is informed and believes, and on that basis alleges, that Trendtex's unfounded allegations have, and will continue, to injure NTKN's goodwill and reputation.

## COUNT III
### (Deceptive Trade Practices – Haw. Rev. Stat. Ch. 481A)

44. NTKN repeats, realleges and incorporates by reference the allegations in the paragraphs above as if fully and completely set forth herein.

45. Through its wrongful acts alleged above, Trendtex has engaged in unfair and deceptive trade practices.

46. Trendtex's false representations of infringement, despite receiving evidence to the contrary, are material and likely to mislead consumers acting reasonably under the circumstances to stop purchasing products from NTKN and from NTKN's resale customers.

47. Trendtex's unfair and deceptive acts injure competition, including with NTKN and NTKN's resale customers, consumers in Hawaii and elsewhere.

48. As a direct and proximate cause of Trendtex's improper conduct, NTKN has suffered, and will continue to suffer, actual damages in an amount to be proven at trial.

49. NTKN has also suffered irreparable harm, including harm to its goodwill and reputation, for which NTKN has no adequate remedy at law. Until Trendtex's wrongful conduct is enjoined, Trendtex will continue to engage in the

wrongful conduct. Therefore, NTKN is entitled to: (1) preliminary and/or permanent injunctive relief barring Trendtex from all further such statements or false representations; (2) damages; and (3) NTKN's attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, NTKN prays for entry of a judgment in its favor and against Trendtex as follows:

a. Entry of a preliminarily and/or permanently injunction barring Trendtex, its officers, directors, employees, agents, parents, divisions, subsidiaries, licensees, successors, assigns and any and all persons acting in privity or in concert with Trendtex, from further acts of: (i) tortious interference with NTKN's prospective business advantages/relations; (ii) business disparagement; and (iii) deceptive trade practices;

b. An award of compensatory damages to NTKN adequate to compensate NTKN for Trendtex's unlawful conduct, the extent to which will be determined at trial, together with pre- and post-judgment interest;

c. An award of exemplary and/or punitive damages;

d. An award of costs and reasonable attorneys' fees incurred in this action; and

//

//

e. Such further relief as the Court deems just and proper.

DATED: Honolulu, Hawaiʻi, September 21, 2022.

        */s/ Rex Y. Fujichaku*
        REX Y. FUJICHAKU
        DAVID M. PLONA
        LENA N. BACANI (*pro hac vice* pending)

        Attorneys for Defendants/Counterclaim
        Plaintiff NTKN, INC. and HUNG KY