Leonard D. DuBoff, *Pro Hac Vice*
Edward T. Fu, *Pro Hac Vice*
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
Fax: (503) 868-7228
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com

Leo Y. Shimizu            010978
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Attorneys for Plaintiffs
TRENDTEX FABRICS, LTD. and
TRENDTEX HOLDING, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii Corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company; | Case No. 1:22-cv-00287-LEK-KJM |
| Plaintiffs, | SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | DEMAND FOR JURY TRIAL |
| NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; LEILANI'S ATTIC, INC., a California corporation; and HAWAII HANGOVER, LLC, a Missouri | |

SECOND AMENDED COMPLAINT - 1

limited liability company; MARK MADL,
an individual D/B/A CITIES FASHION;

    Defendants.

Plaintiffs TRENDTEX FABRICS, LTD. and TRENDTEX HOLDING,

LLC ("Plaintiffs"), by and through their undersigned counsel, hereby allege as

follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the

Copyright Act. This action arises out of the defendants' unauthorized reproduction

and sale of copyrighted fabric surface designs owned by Plaintiff. Accordingly,

Plaintiff seeks relief under the Copyright Act of the United States, as amended, 17

U.S.C. § 101 *et seq*.

## PARTIES

2.      Plaintiff TRENDTEX FABRICS, LTD ("TRENDTEX FABRICS")

is a corporation that is incorporated in the State of Hawaii that owns copyrights to

various fabric surface designs.

3.      Plaintiff TRENDTEX HOLDING, LLC ("TRENDTEX HOLDING")

is a limited liability company organized in the State of Hawaii and has its

principal place of business in Honolulu, Hawaii.

4.      Defendant NTKN, INC. ("NTKN") is a corporation that is

incorporated in the State of Hawaii, does business as KY'S INTERNATIONAL

SECOND AMENDED COMPLAINT - 2

FASHION, and has its principal place of business at 819 Moowaa Street, Suite 207, Honolulu, Hawaii 96817.

5.      Based on information and belief, HUNG KY is a shareholder and principal of NTKN and a resident of Honolulu, Hawaii.

6.      Defendant SHAKA TIME, INC. ("SHAKA TIME") is a corporation that is incorporated in the State of Hawaii, does business as SHAKA TIME, and has its principal place of business at 866 Iwilei Road, Suite 206, Honolulu, Hawaii 96817.

7.      Defendant LEILANI'S ATTIC, INC. ("LEILANI'S ATTIC ") is a corporation that is incorporated in the State of California, does business as LEILANI'S ATTIC, and has its principal place of business at 5105 Cass St., San Diego, California 92109.

8.      Defendant HAWAII HANGOVER, LLC ("HAWAII HANGOVER") is a limited liability company that is incorporated in the State of Missouri and has its principal place of business at 7361 Cornell Ave., University City, Missouri, 63130.

9.      Defendant MARK MADL is an individual residing in the State of Minnesota and doing business as CITIES FASHION.

## **JURISDICTION AND VENUE**

10.     This Court has original subject matter jurisdiction under 17 U.S.C. §§

101 *et seq.* and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

11.    This Court has personal jurisdiction over the defendants. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants NTKN, SHAKA TIME, and LEILANI'S ATTIC have their principal places of business in this district, Defendant HUNG KY is a resident of this District, and Defendants HAWAII HANGOVER and CITIES FASHION do continuous and systematic business in this District.

## **GENERAL ALLEGATIONS**

12.    Plaintiff TRENDTEX HOLDING is the current owner of numerous Hawaiian print surface designs that have been registered with the United States Copyright Office. These copyrights were previously held by Plaintiff TRENDTEX FABRICS, either by right of original registration or subsequent assignment, before being assigned to TRENDTEX HOLDING and then licensed back to TRENDTEX FABRICS.

13.    Plaintiff TRENDTEX FABRICS is a fabric wholesaler that sells fabrics displaying these copyrighted surface designs to garment manufacturers, including but not limited to the surface designs set forth in Figure 1 below, together with their copyright registration certificate numbers and dates of registration:

SECOND AMENDED COMPLAINT - 4

**Figure 1**

| Surface Design | Registration No. | Registration Date: |
|---|---|---|
| 73142 | VAu 1-104-076 | May 22, 2012 |
| 73138 | VAu 1-104-076 | May 22, 2012 |
| 91148 | VAu 1-104-076 | May 22, 2012 |
| 73469 | VAu 1-104-023 | June 6, 2012 |
| 73571 | VAu 1-104-025 | June 6, 2012 |
| 73614 | VAu 1-107-464 | September 5, 2012 |
| 73627 | VAu 1-107-464 | September 5, 2012 |
| 4319B | VAu 1-190-261 | November 10, 2014 |
| E4A08 | VAu 624-818 | April 19, 2004 |
| E-022R3 | VAu 635-755 | August 18, 2004 |
| EH-2F44 | VAu 486-537 | July 24, 2000 |
| EH-3D25 | VAu 595-752 | July 7, 2003 |
| EH-20129 | VAu 554-340 | March 7, 2002 |
| KS-6919 | VAu 520-767 | August 28, 2001 |
| 73269 | VAu 1-104-074 | May 22, 2012 |
| EH-2E13B | VAu 565-372 | July 22, 2002 |
| 03780 | VAu 1-185-736 | September 24, 2014 |
| 73657 | VAu 1-185-736 | September 24, 2014 |
| EH-2J11 | VA-1-069-408 | January 29, 2001 |
| EH-2M59 | VAu 497-009 | July 3, 2000 |
| EH-81104 | VA 1-069-405 | January 29, 2001 |
| 73096 | VA 1-823-989 | April 18, 2012 |
| 73104 | VA 1-823-989 | April 18, 2012 |
| 73106 | VA 1-823-989 | April 18, 2012 |
| 73070 | VA 1-823-995 | April 17, 2012 |
| 73285 | VAu 1-104-092 | May 22, 2012 |

14.     Plaintiffs or their predecessors in interest have complied in all respects with 17 U.S.C. §§ 101 *et seq.* and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works identified in Figure 1 above.

15.     Based on information and belief, NTKN owns and operates the

website www.kyifi.org.

16.    Based on information and belief, NTKN and/or HUNG KY also does business as KY'S ALOHA SHIRTS and owns and operates the website kysalohashirts.com.

17.    Based on information and belief, NTKN and/or HUNG KY also does business as KY'S HAWAIIAN SHIRTS and owns and operates the website kyshawaiianshirts.com.

18.    Based on information and belief, NTKN and/or HUNG KY also does business as KY'S INTERNATIONAL FASHION – ALOHA SHIRTS & DRESSES and owns and operates the website kys-international-fashion-hawaiian-shirts.business.site.

19.    Based on information and belief, NTKN and/or HUNG KY also does business as EDENS HAWAII and owns and operates the website edenshawaii.com. NTKN further maintains a seller's account for EDENS HAWAII on www.etsy.com ("Etsy") through which it sells garments and other merchandise.

20.    Based on information and belief, SHAKA TIME owns and operates the website www.shakatime.com.

21.    Based on information and belief, SHAKA TIME also does business as ALOHA SHIRTS CLUB and owns and operates the website

www.alohashirtsclub.com.

22.     Based on information and belief, LEILANI'S ATTIC operates the

website https://www.leilanisattic.com.

23.     Based on information and belief, HAWAII HANGOVER owns and

operates the website hawaiihangover.com.

24.     Based on information and belief, MARK MADL ("CITIES

FASHION") owns and operates the website www.citiesfashion.com.

25.     Based on information and belief, NTKN has engaged in the

importation and/or manufacture of garments and other merchandise that it then

sells directly to the public through its websites www.kyifi.org,

kysalohashirts.com, kyshawaiianshirts.com, kys-international-fashion-hawaiian-

shirts.business.site, and edenshawaii.com, as well as through EDENS HAWAII's

Etsy account. NTKN also wholesales its garments and other merchandise to other

retailers, including but not limited to SHAKA TIME, LEILANI'S ATTIC,

HAWAII HANGOVER, and CITIES FASHION who then re-sell the purchased

garments and other merchandise on their own respective websites.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement – The 73142 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC)**

26.     Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 25 as if fully restated herein.

SECOND AMENDED COMPLAINT - 7

27.     By no later than August 26, 2010, Hawaiiprint, Inc. ("Hawaiiprint"),
which owned the copyright for the 73142 surface design at the time, sold a certain
length of fabric displaying the 73142 surface design to NTKN or its predecessor
for use in the manufacture of garments. The sale did not include a license to
reproduce the 73142 surface design.

28.     On or about October 23, 2021, Plaintiffs discovered that garments
displaying what NTKN apparently named the 821/Anthurium Galore pattern,
including but not limited to the GAL-821B Rayon Women's Aloha Blouse
Anthurium Galore (the "Anthurium Galore Blouse"), 30D-821BL Anthurium
Galore Paradise Short Dress, 22LD-821G Anthurium Galore Rayon Long
Hawaiian Dress, 16D-821G Anthurium Galore Hawaiian Smock Midi Dress, and
the AL-821B Anthurium Galore Rayon Men's Aloha Shirt, were being offered for
sale in various colors on www.kyifi.org. Plaintiffs later learned that NTKN was
also offering garments displaying the 821/Anthurium Galore pattern, including
several types of dresses, for sale on www.kysalohashirts.com and on EDENS
HAWAII's Etsy page.

29.     Beginning in January 2022, Plaintiffs discovered that NTKN
garments displaying the 821/Anthurium Galore pattern, including but not limited
to blouses, shirts, and dresses, were also being offered for sale under various
names and in various colors by other vendors, including but not limited to

SECOND AMENDED COMPLAINT - 8

SHAKA TIME on both www.shakatime.com and www.alohshirtsclub.com,
LEILANI'S ATTIC, and Aloha Outlet (www.alohaoutlet.com).

30.     Based on information and belief, NTKN, SHAKA TIME, and
LEILANI'S ATTIC have sold garments displaying the 821/Anthurium Galore
pattern in this District.

31.     Based on information and belief, the fabric by Hawaiiprint to NTKN
or its predecessor displaying the 73142 surface design sold was either completely
exhausted before or not used during the manufacture of the garments displaying
the 821/Anthurium Galore pattern.

32.     The 821/Anthurium Galore pattern is substantially similar or
identical to Plaintiffs' copyrighted 73142 surface design. A side-by-side
comparison of Plaintiffs' 73142 surface design with the 821/Anthurium Galore
pattern as displayed on the Anthurium Galore Blouse is set forth in Figure 2
below:

**Figure 2**

**73142**                                   **821/Anthurium Galore**

      

33.    Based on information and belief, the garments presently displaying the 821/Anthurium Galore pattern are reproductions of the 73142 surface design commissioned and imported by NTKN.

34.    Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 73142 surface design or sold additional fabric displaying the 73142 surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint have licensed SHAKA TIME or LEILANI'S ATTIC to reproduce or sell the copyrighted 73142 surface design or sold fabric to SHAKA TIME or LEILANI's ATTIC displaying the copyrighted 73142 surface design. Plaintiffs have also not been compensated for NTKN, SHAKA TIME, or LEILANI'S ATTIC's present use of the copyrighted 73142 surface design. NTKN, SHAKA TIME, and LEILANI's ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73142 surface design are therefore unauthorized.

35.    Based on information and belief, NTKN had access to Plaintiffs' 73142 surface design through fabric sold to it or its predecessor by Hawaiiprint.-

36.    Based on information and belief, SHAKA TIME and LEILANI'S ATTIC had access to Plaintiffs' 73142 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73142 surface design by NTKN or

other third-party vendors.

37.   The acts by NTKN, SHAKA TIME, and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

38.   Based on information and belief, NTKN, SHAKA TIME, and LEILANI'S ATTIC have realized profits as a direct and proximate result of their wrongful conduct.

39.   Plaintiffs' counsel sent a notice of copyright infringement to NTKN via email on October 27, 2021. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

40.   On April 12, 2022, Plaintiffs' counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

41.   On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

42.   NTKN continued to sell garments displaying the 821/Anthurium Galore pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

43.   Due to its continued sale of garments displaying the 821/Anthurium Galore pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

SECOND AMENDED COMPLAINT - 11

44.     As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

45.     As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73142 surface design.

46.     HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73142 surface design.

47.     As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

48.     As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504, Plaintiffs are further entitled to recover NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

49.     Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME and LEILANI'S ATTIC.

50.     Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**(Copyright Infringement – The 73469 Surface Design)**
**(Against NTKN, HUNG KY, and SHAKA TIME)**

51.     Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 51 as if fully restated herein.

52.     By no later than January 16, 2013, Hawaiiprint, which owned the

copyright for the 73469 surface design at the time, sold a certain length of-fabric

displaying the 73469 surface design to NTKN or its predecessor for use in the

manufacture of garments. The sale did not include a license to reproduce the

73469 surface design.

53.     On or about October 23, 2021, Plaintiffs discovered that garments

displaying what NTKN apparently named the 493/Humpback Whale pattern,

including but not limited to the AL-493 Humpback Whale Hawaiian Shirt (the

"Humpback Whale Shirt"), were being offered for sale in various colors on

www.kyifi.org. Plaintiffs later learned that NTKN was also offering garments

displaying the 493/Humpback Whale pattern for sale on EDENS HAWAII's Etsy

page.

54.     Beginning in January 2022, Plaintiffs discovered that NTKN

SECOND AMENDED COMPLAINT - 13

garments displaying the 493/Humpback Whale pattern, including the Humpback

Whale Shirt, were also being offered for sale under various names and in various

colors by other vendors, including but not limited to SHAKA TIME and Aloha

Outlet (www.alohaoutlet.com).

54. 55.    Based on information and belief, NTKN and SHAKA TIME have

sold garments displaying the 493/Humpback Whale pattern in this District.

56.    Based on information and belief, the fabric by Hawaiiprint to NTKN

or its predecessor displaying the 73469 surface design sold was either completely

exhausted before or not used during the manufacture of the garments displaying

the 493/Humpback Whale pattern.

57.    The 493/Humpback Whale pattern is substantially similar or identical

to Plaintiffs' copyrighted 73469 surface design. A side-by-side comparison of

Plaintiffs' 73469 surface design with the 493/Humpback Whale pattern as

displayed on the navy blue Humpback Whale Shirt is set forth in Figure 3 below:

**Figure 3**

73469                                    493/Humpback Whale



SECOND AMENDED COMPLAINT - 14

58.     Based on information and belief, the garments presently displaying the 493/Humpback Whale pattern are reproductions of the 73469 surface design commissioned and imported by NTKN.

59.     Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 73469 surface design or sold additional fabric displaying the 73469 surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint has licensed SHAKA TIME to reproduce or sell the copyrighted 73469 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73469 surface design. Plaintiffs have also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73469 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73469 surface design are therefore unauthorized.

60.     Based on information and belief, NTKN had access to Plaintiffs' 73469 surface design through fabric sold to it or its predecessor by Hawaiiprint.

61.     Based on information and belief, SHAKA TIME had access to Plaintiffs' 73469 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73469 surface design by NTKN or other third-party vendors.

62.     The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

63.     Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

64.     Plaintiffs' counsel sent a notice of copyright infringement to NTKN via email on October 27, 2021. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

65.     On April 12, 2022, Plaintiffs' counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

66.     NTKN continued to sell garments displaying the 493/Humpback Whale pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

67.     Due to its continued sale of garments displaying the 493/Humpback Whale pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

68.     As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

69.     As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73469 surface

design.

70.     HUNG KY has therefore vicariously infringed Plaintiffs' copyright
of the 73469 surface design.

71.     As a direct and proximate result of the infringement by NTKN,
HUNG KY, and SHAKA TIME, Plaintiffs have sustained and will continue to
sustain substantial and irreparable harm for which there is no adequate remedy at
law. Plaintiffs therefore are entitled to a permanent injunction restraining and
enjoining the infringing conduct.

72.     As a direct and proximate result of the infringement by NTKN,
HUNG KY, and SHAKA TIME, Plaintiffs are entitled to recover their actual
damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b),
Plaintiffs are further entitled to recover NTKN, HUNG KY, and SHAKA TIME's
profits attributable to their infringing conduct, and an accounting of and a
constructive trust with respect to such profits.

73.     Alternatively, Plaintiffs are entitled to statutory damages up to
$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and
$30,000 against SHAKA TIME.

74.     Plaintiffs are further entitled to recover their full costs and attorney
fees pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
**(Copyright Infringement – The 73571 Surface Design)**

**(Against NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION)**

75.    Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 74 as if fully restated herein.

76.    By no later than January 16, 2013, Hawaiiprint, which owned the copyright for the 73571 surface design at the time, sold a certain length of fabric displaying the 73571 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73571 surface design.

77.    On or about October 23, 2021, Plaintiffs discovered that garments and other merchandise displaying what NTKN apparently named the 499/Woody Car pattern, including but not limited to the AL-499 Woody Chest Band Shirt (the "Woody Car Shirt"), the B-499 Boys Cabana set, and the PL-499 Woody Car Pillow Case, were being offered for sale on www.kyifi.org in various colors. Plaintiffs later learned that NTKN was also offering the Woody Car Shirt for sale on EDENS HAWAII's Etsy page.

78.    Beginning in January 2022, Plaintiffs discovered that NTKN garments and other merchandise displaying the 499/Woody Car pattern, including but not limited to the Woody Car Shirt and the Woody Car Pillow Case, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and

SECOND AMENDED COMPLAINT - 18

www.alohshirtsclub.com, LEILANI'S ATTIC, CITIES FASHION, and Aloha

Outlet (www.alohaoutlet.com).

79.    Based on information and belief, NTKN, SHAKA TIME,

LEILANI'S ATTIC, and CITIES FASHION have sold garments or other

merchandise displaying the 499/Woody Car pattern in this District.

80.    Based on information and belief, the fabric by Hawaiiprint to NTKN

or its predecessor displaying the 73571 surface design sold was either completely

exhausted before or not used during the manufacture of the garments displaying

the 499/Woody Car pattern.

81.    The 499/Woody Car pattern is substantially similar or identical to

Plaintiffs' copyrighted 73571 surface design. A side-by-side comparison of

Plaintiffs' 73571 surface design with the 499/Woody Car pattern as displayed on

the black Woody Car Shirt is set forth in Figure 4 below:

**Figure 4**

**73571**                              **499/Woody Car**



82.    Based on information and belief, the garments presently displaying the 499/Woody Car pattern are reproductions of the 73571 surface design commissioned and imported by NTKN.

83.    Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 73571 surface design. Likewise, neither Plaintiffs nor Hawaiiprint have licensed SHAKA TIME, LEILANI'S ATTIC, or CITIES FASHION to reproduce or sell the copyrighted 73571 surface design or sold fabric to SHAKA TIME, LEILANI'S ATTIC, or CITIES FASHION displaying the copyrighted 73571 surface design. Plaintiffs have also not been compensated for NTKN, SHAKA TIME, LEILANI'S ATTIC, or CITIES FASHION's present use of the copyrighted 73571 surface design. NTKN, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73571 surface design are therefore unauthorized.

84.    Based on information and belief, NTKN had access to Plaintiffs' 73571 surface design through fabric sold to it or its predecessor by Hawaiiprint.

85.    Based on information and belief, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION had access to Plaintiffs' 73571 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73571 surface

design by NTKN or other third-party vendors.

86.     The acts by NTKN, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION complained of herein constitute infringement of Plaintiffs' copyright and its exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

87.     Based on information and belief, NTKN, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION have realized profits as a direct and proximate result of their wrongful conduct.

88.     Plaintiff's counsel sent a notice of copyright infringement to NTKN via email on October 27, 2021. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

89.     On April 12, 2022, Plaintiffs' counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

90.     On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

91.     NTKN continued to sell garments and other merchandise displaying the 499/Woody Car pattern on www.kyifi.org and Etsy.com after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

92.     Due to its continued sale of garments displaying the 499/Woody Car

Pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights. Based on information and belief, LEILANI'S ATTIC has also willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights

93.    As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

94.    As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73571 surface design.

95.    HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73571 surface design.

96.    As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

97.    As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION, Plaintiffs' are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover

NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES

FASHION's profits attributable to their infringing conduct.

98.    Alternatively, Plaintiffs are entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, and

LEILANI'S ATTIC and $30,000 against SHAKA TIME and CITIES FASHION.

99.    Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

### FOURTH CLAIM FOR RELIEF
### (Copyright Infringement – The 73614 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and
### HAWAII HANGOVER)

100.    Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 99 as if fully restated herein.

101.    By no later than May 7, 2013, Hawaiiprint, which owned the

copyright for the 73614 surface design at the time, sold a certain length of fabric

displaying the 73614 surface design to NTKN or its predecessor for use in the

manufacture of garments. Some of the fabric was printed under the alternate

designations of 73433 and 73684. The sale did not include a license to reproduce

the 73614 surface design.

102.    On or about October 23, 2021, Plaintiffs discovered that garments

displaying what NTKN apparently named the 477/Hibiscus pattern, including but

not limited to the ALB-477 Hibiscus Side Panel Cotton Men's Hawaiian Shirt (the

"Hibiscus Shirt") and the 2LDB-477 Long Hawaiian Dress ("the Hibiscus Dress"), were being offered for sale in various colors on www.kyifi.org. Plaintiffs later learned that NTKN was also offering the Hibiscus Shirt and Hibiscus Dress for sale on EDENS HAWAII's Etsy page.

103.   Beginning in January 2022, Plaintiffs discovered that NTKN garments displaying the 477/Hibiscus pattern, including the Hibiscus Shirt, were also being offered for sale by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohashirtsclub.com, LEILANI'S ATTIC, HAWAII HANGOVER, and Aloha Outlet (www.alohaoutlet.com).

104.   Based on information and belief, NTKN, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER have sold garments displaying the 477/Hibiscus pattern in this District.

105.   Based on information and belief, the fabric by Hawaiiprint to NTKN or its predecessor displaying the 73614 surface design sold was either completely exhausted before or not used during the manufacture of the garments displaying the 477/Hibiscus pattern.

106.   The 477/Hibiscus pattern is substantially similar or identical to Plaintiffs' copyrighted 73614 surface design. A side-by-side comparison of the Plaintiffs' 73614 surface design with the 477/Hibiscus pattern as displayed on the black Hibiscus Shirt is set forth in Figure 5 below:

SECOND AMENDED COMPLAINT - 24

**Figure 5**

73614                                      477/Hibiscus



107.   Based on information and belief, the garments presently displaying

the 477/Hibiscus pattern are reproductions of the 73614 surface design

commissioned and imported by NTKN.

108.   Neither Plaintiffs nor Hawaiiprint has authorized NTKN to reproduce

the copyrighted 73614 surface design or sold additional fabric displaying the

73614 surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint have

licensed SHAKA TIME, LEILANI'S ATTIC, or HAWAII HANGOVER to

reproduce or sell the copyrighted 73614 surface design or sold fabric to SHAKA

TIME, LEILANI'S ATTIC, or HAWAII HANGOVER displaying the copyrighted

73614 surface design. Plaintiffs have also not been compensated for NTKN,

SHAKA TIME, LEILANI'S ATTIC, or HAWAII HANGOVER's present use of

the copyrighted 73614 surface design. NTKN, SHAKA TIME, LEILANI'S

ATTIC, and HAWAII HANGOVER's importation, manufacture, and/or sale of

clothing displaying a surface design substantially similar or identical to Plaintiffs'

SECOND AMENDED COMPLAINT - 25

copyrighted 73614 surface design are therefore unauthorized.

109.   Based on information and belief, NTKN had access to Plaintiffs'

73614 surface design through fabric sold to it or its predecessor by Hawaiiprint.

110.   Based on information and belief, SHAKA TIME, LEILANI'S

ATTIC, and HAWAII HANGOVER had access to Plaintiffs' 73614 surface

design, including, without limitation, through (a) NTKN's websites, catalogues, or

place of business; or (b) access to illegally distributed copies of the 73614 surface

design by NTKN or other third-party vendors.

111.   The acts by NTKN, SHAKA TIME, LEILANI'S ATTIC, and

HAWAII HANGOVER complained of herein constitute infringement of

Plaintiffs' copyright and exclusive rights including, without limitation, its rights

under 17 U.S.C. § 106.

112.   NTKN, SHAKA TIME, LEILANI'S ATTIC, and HAWAII

HANGOVER have realized profits as a direct and proximate result of their

wrongful conduct.

113.   On October 27, 2021, Plaintiffs' counsel sent a notice of copyright

infringement to NTKN. However, the infringing items remained for sale on

www.kyifi.org as of December 17, 2021. Plaintifsf' counsel sent a second notice

of copyright infringement to NTKN's current counsel via email on April 12, 2022.

114.   On April 12, 2022, Plaintiffs' counsel sent a notice of copyright

infringement to SHAKA TIME via email and certified mail.

115.   On or about June 3, 2022, Plaintiff's counsel sent a notice of copyright infringement to HAWAII HANGOVER via email.

116.   On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

117.   NTKN continued to sell garments displaying the 477/Hibiscus pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

118.   HAWAII HANGOVER also continued to sell garments displaying the 477/Hibiscus pattern after the notice of copyright infringement was delivered.

119.   Due to their continued sale of garments displaying the 477/Hibiscus pattern after being notified of the infringement, NTKN and HAWAII HANGOVER have willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights. Based on information and belief, LEILANI'S ATTIC has also willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

120.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

121.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73614 surface

design.

122.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73614 surface design.

123.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

124.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER, Plaintiff are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

125.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII HANGOVER and $30,000 against SHAKA TIME.

126.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**FIFTH CLAIM FOR RELIEF**
**(Copyright Infringement – The 73627 Surface Design)**
**(Against NTKN, HUNG KY, and SHAKA TIME)**

127.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 126 as if fully restated herein.

128.   By no later than June 12, 2014, Hawaiiprint, which owned the copyright for the 73627 surface design at the time, sold a certain length of fabric displaying the 73627 surface design to NTKN or its predecessor for use in the manufacture of garments. Some of the fabric was printed under the alternate designation of 73836. The sale did not include a license to reproduce the 73627 surface design.

129.   On or about October 23, 2021, Plaintiffs discovered that garments displaying what NTKN apparently identified as the 492/Parrot pattern, including but not limited to the AL492 Parrot Chest Band Hawaiian Shirt (the "Parrot Shirt"), were being offered for sale in various colors on www.kyifi.org.

130.   Beginning in January 2022, Plaintiffs discovered that NTKN garments displaying the 492/Parrot pattern, including the Parrot Shirt, were also being offered for sale by other vendors, including but not limited to SHAKA TIME and Aloha Outlet (www.alohaoutlet.com).

131.   Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 492/Parrot pattern in this District.

SECOND AMENDED COMPLAINT - 29

132.   Based on information and belief, the fabric by Hawaiiprint to NTKN or its predecessor displaying the 73627 surface design sold was either completely exhausted before or not used during the manufacture of the garments displaying the 492/Parrot pattern.

133.   The 492/Parrot pattern is substantially similar or identical to Plaintiffs' copyrighted 73627 surface design. A side-by-side comparison of Plaintiffs' 73627 surface design with the 492/Parrot pattern as displayed on the Parrot Shirt is set forth in Figure 6 below:

**Figure 6**

73627                                            492/Parrot



134.   Based on information and belief, the garments presently displaying the 492/Parrot pattern are reproductions of the 73627 surface design commissioned and imported by NTKN.

135.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 73627 surface design or sold additional fabric displaying the 73627 surface design to NTKN. Likewise, neither Plaintiffs nor

Hawaiiprint have licensed SHAKA TIME to reproduce or sell the copyrighted 73627 surface design or sold fabric to SHAKA TIME displaying the copyrighted 73627 surface design. Plaintiffs have also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted 73627 surface design. NTKN and SHAKA TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73627 surface design are therefore unauthorized.

136.   Based on information and belief, NTKN had access to Plaintiffs' 73627 surface design through fabric sold to it or its predecessor by Hawaiiprint.

137.   Based on information and belief, SHAKA TIME had access to Plaintiffs' 73627 surface design, including, without limitation, through (a) NTKN's websites, catalogues or place of business; or (b) access to illegally distributed copies of the 73627 surface design by NTKN or other third-party vendors.

138.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

139.   On October 27, 2021, Plaintiffs' counsel sent a notice of copyright infringement to NTKN.

140.   On April 12, 2022, Plaintiffs' counsel sent a notice of copyright

SECOND AMENDED COMPLAINT - 31

infringement to SHAKA TIME via email and certified mail.

141.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

142.   NTKN continued to sell garments displaying 492/Parrot pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

143.   Due to its continued sale of garments displaying 492/Parrot pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

144.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

145.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73627 surface design.

146.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73627 surface design.

147.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and

enjoining the infringing conduct.

148.   As a direct and proximate result of the infringement by NTKN,

HUNG KY, and SHAKA TIME, Plaintiffs are entitled to recover their actual

damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b),

Plaintiffs are further entitled to recover NTKN, HUNG KY, and SHAKA TIME's

profits attributable to their infringing conduct, and an accounting of and a

constructive trust with respect to such profits.

149.   Alternatively, Plaintiffs are entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME.

150.   Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

**SIXTH CLAIM FOR RELIEF**
**(Copyright Infringement – The 4319B Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and**
**HAWAII HANGOVER)**

151.   Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 150 as if fully restated herein.

152.   By no later than July 30, 2013, Hawaiiprint, which owned the

copyright for the 4319B surface design at the time, sold a certain length of fabric

displaying the 4319B surface design to NTKN or its predecessor for use in the

manufacture of garments. The sale did not include a license to reproduce the

SECOND AMENDED COMPLAINT - 33

4319B surface design.

153.   On or about October 23, 2021, Plaintiffs discovered that garments and other merchandise displaying what NTKN apparently named the 504/World War II pattern, including but not limited to the AL-504 World War II Hawaiian Shirt (the "WWII Shirt"), were being offered for sale in various colors on www.kyifi.org. Plaintiffs later learned that NTKN was also selling garments and other merchandise displaying the 504/World War II pattern on EDENS HAWAII's Etsy page.

154.   Beginning in January 2022, Plaintiffs discovered that NTKN garments and other merchandise displaying the 504/World War II pattern, including but not limited to shirts and pillowcases, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohashirtsclub.com, LEILANI'S ATTIC, HAWAII HANGOVER, and Aloha Outlet (www.alohaoutlet.com).

155.   Based on information and belief, NTKN, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER, have sold garments and other merchandise displaying the 504/World War II pattern in this District.

156.   Based on information and belief, the fabric by Hawaiiprint to NTKN or its predecessor displaying the 4319B surface design sold was either completely

SECOND AMENDED COMPLAINT - 34

exhausted before or not used during the manufacture of the garments displaying the 504/World War II pattern.

157.   The 504/World War II pattern is substantially similar or identical to Plaintiffs' copyrighted 4319B surface design. A side-by-side comparison of Plaintiffs' 4319B surface design with the 504/World War II pattern as displayed on the green WWII Shirt is set forth in Figure 7 below:

**Figure 7**

**4319B**                    **504/World War II**



158.   Based on information and belief, the garments presently displaying the 504/World War II pattern are reproductions of the 4319B surface design commissioned and imported by NTKN.

159.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 4319B surface design or sold additional fabric displaying the 4319B surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint have licensed SHAKA TIME, LEILANI'S ATTIC, or HAWAII

HANGOVER to reproduce or sell the copyrighted 4319B surface design or sold fabric to SHAKA TIME, LEILANI'S ATTIC, or HAWAII HANGOVER displaying the copyrighted 4319B surface design. Plaintiffs have also not been compensated for NTKN, SHAKA TIME, LEILANI'S ATTIC, or HAWAII HANGOVER's present use of the copyrighted 4319B surface design. NTKN, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 4319B surface design are therefore unauthorized.

160.   Based on information and belief, NTKN had access to Plaintiffs' 4319B surface design through fabric sold to it or its predecessor by Hawaiiprint.

161.   Based on information and belief, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER had access to Plaintiffs' 4319B surface design, including, without limitation, through (a) NTKN's websites, catalogues or place of business; or (b) access to illegally distributed copies of the 4319B surface design by NTKN or other third-party vendors.

162.   The acts by NTKN, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

163.   Based on information and belief, NTKN, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER have realized profits as a direct and proximate result of their wrongful conduct.

164.   On October 27, 2021, Plaintiffs' counsel sent a notice of copyright infringement to NTKN via email. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel current via email on April 12, 2022.

165.   On April 12, 2022, Plaintiffs' counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

166.   On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

167.   On April 17, 2023, Plaintiffs' counsel sent a notice of copyright infringement to HAWAII HANGOVER's counsel via email.

168.   NTKN continued to sell garments and other merchandise displaying the 504/World War II pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

169.   Due to its continued sale of garments and other merchandise displaying the 504/World War II pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights. Based on information and belief, LEILANI'S

ATTIC has also willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

170.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

171.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 4319B surface design.

172.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 4319B surface design.

173.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

174.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER, Plaintiffs are entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER's profits attributable to their infringing conduct, and an accounting

of and a constructive trust with respect to such profits.

175.   Alternatively, Plaintiffs are entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, and

LEILANI'S ATTIC and $30,000 against SHAKA TIME and HAWAII

HANGOVER.

176.   Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

**SEVENTH CLAIM FOR RELIEF**
**(Copyright Infringement – The E4A08 Surface Design)**
**(Against NTKN and HUNG KY)**

177.   Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 176 as if fully restated herein.

178.   By no later than January 15, 2008, Plaintiff TRENDTEX FABRICS

sold a certain length of fabric displaying the E4A08 surface design to NTKN or its

predecessor for use in the manufacture of garments. The sale did not include a

license to reproduce the E4A08 surface design.

179.   On or about November 24, 2021, Plaintiffs discovered that garments

displaying what NTKN apparently named the 396/Pern Orchid pattern, including

but not limited to the Pern Orchid Cotton Long Hawaiian Tank Dress (the "Pern

Orchid Dress), were being offered for sale in various colors on

www.kysalohashirts.com.

180.   Based on information and belief, NTKN has sold garments displaying the 396/Pern Orchid pattern in this District.

181.   Based on information and belief, the fabric sold by Plaintiff TRENDTEX FABRICS to NTKN or its predecessor displaying the E4A08 surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 396/Pern Orchid pattern.

182.   The 396/Pern Orchid pattern is substantially similar or identical to Plaintiffs' copyrighted E4A08 surface design. A side-by-side comparison of Plaintiffs' E4A08 surface design with the 396/Pern Orchid Dress is set forth in Figure 8 below:

**Figure 8**

**E4A08**                    **396/Pern Orchid**



183.   Based on information and belief, the garments presently displaying the 396/Pern Orchid pattern are reproductions of the E4A08 surface design commissioned and imported by NTKN.

184.   Plaintiffs have neither authorized NTKN to reproduce the

SECOND AMENDED COMPLAINT - 40

copyrighted E4A08 surface design nor sold additional fabric to NTKN displaying the E4A08 surface design. Plaintiffs have also not been compensated for NTKN's present use of the copyrighted E4A08 surface design. NTKN's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted E4A08 surface design are therefore unauthorized.

185.   Based on information and belief, NTKN had access to Plaintiffs' E4A08 surface design through fabric sold to it or its predecessor by Plaintiff.

186.   The acts by NTKN complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

187.   Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

188.   On December 8, 2021, Plaintiffs' counsel sent a notice of copyright infringement via email to former counsel for NTKN. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

189.   NTKN continued to sell the 396/Pern Orchid Dress after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

SECOND AMENDED COMPLAINT - 41

190.   Due to its continued sale of the 396/Pern Orchid Dress after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

191.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

192.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the E4A08 surface design.

193.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the E4A08 surface design.

194.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

195.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiff are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

SECOND AMENDED COMPLAINT - 42

196.   Alternatively, Plaintiffs are entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

197.   Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

### EIGHTH CLAIM FOR RELIEF
### (Copyright Infringement – The E-022R3 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and CITIES FASHION)

198.   Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 197 as if fully restated herein.

199.   By no later than March 10, 2005, Plaintiff TRENDTEX FABRICS

sold a certain length of fabric displaying the E-022R3 surface design to NTKN or

its predecessor for use in the manufacture of garments. The fabric was printed

under the alternate designation of E-022R. The sale did not include a license to

reproduce the E-022R3 surface design.

200.   On or about November 24, 2021, Plaintiffs discovered that garments

and other merchandise displaying what NTKN apparently named the 405/Cocktail

pattern, including but not limited to the AL-405 Cocktail Chest Band Hawaiian

Shirt (the "Cocktail Shirt") and the PL-405 Cocktail Pillow Case, was being

offered for sale in various colors on www.kyifi.org.

201.   Beginning in January 2022, Plaintiffs discovered that NTKN

garments and other merchandise displaying the 405/Cocktail pattern, including but

SECOND AMENDED COMPLAINT - 43

not limited to the Cocktail Shirt, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on both www.shakatime.com and www.alohashirtsclub.com, CITIES FASHION, Tropaholic (www.tropaholic.com), and Aloha Outlet (www.alohaoutlet.com).

202.   Based on information and belief, NTKN, SHAKA TIME, and CITIES FASHION have sold garments and other merchandise displaying the 405/Cocktail pattern in this District.

203.   Based on information and belief, the fabric sold by Plaintiff TRENDTEX FABRICS to NTKN or its predecessor displaying the EH-022R3 surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 405/Cocktail pattern.

204.   The 405/Cocktail pattern is substantially similar or identical to Plaintiffs' copyrighted E-0223R3 surface design. A side-by-side comparison of Plaintiffs' E-022R3 surface design with the 405/Cocktail pattern as displayed on the navy Cocktail Shirt is set forth in Figure 9 below:

/ / /

/ / /

/ / /

**Figure 9**

**E-022R3**                                     **405/Cocktail**



205.   Based on information and belief, the garments presently displaying

the 405/Cocktail pattern are reproductions of the E-022R3 surface design

commissioned and imported by NTKN.

206.   Plaintiffs have neither authorized NTKN to reproduce the

copyrighted E-022R3 surface design nor sold additional fabric displaying the E-

022R3 surface design to NTKN. Likewise, Plaintiffs have neither licensed

SHAKA TIME or CITIFES FASHION to reproduce or sell the copyrighted E-

022R3 surface design nor sold fabric to SHAKA TIME or CITIFES FASHION

displaying the copyrighted E-022R3 surface design. Plaintiffs have also not been

compensated for NTKN, SHAKA TIME, or CITIFES FASHION's present use of

the copyrighted E-022R3 surface design. NTKN, SHAKA TIME, and CITIES

FASHION's importation, manufacture, and/or sale of clothing displaying a

surface design substantially similar or identical to Plaintiffs' copyrighted E-022R3

surface design are therefore unauthorized.

207.   Based on information and belief, NTKN had access to Plaintiffs' E-022R3 surface design through fabric sold to it or its predecessor by Plaintiff.

208.   Based on information and belief, SHAKA TIME and CITIES FASHION had access to Plaintiffs' E-022R3 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the E-022R3 surface design by NTKN or other third-party vendors.

209.   The acts by NTKN, SHAKA TIME, and CITIES FASHION complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

210.   Based on information and belief, NTKN, SHAKA TIME, and CITIES FASHION have realized profits as a direct and proximate result of their wrongful conduct.

211.   On December 8, 2021, Plaintiffs' counsel sent a notice of copyright infringement to NTKN via email. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

212.   On April 12, 2022, Plaintiffs' counsel sent notices of copyright infringement to SHAKA TIME via email and certified mail.

213.   NTKN continued to sell garments and other merchandise displaying

the 405/Cocktail pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

214.   Due to its continued sale of garments and other merchandise displaying the 405/Cocktail pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

215.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

216.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the E-022R3 surface design.

217.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the E-022R3 surface design.

218.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and CITIES FASHION, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

219.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and CITIES FASHION, Plaintiffs are entitled to

recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, SHAKA TIME, and CITIES FASHION's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

220.    Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME and CITIES FASHION.

221.    Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**NINTH CLAIM FOR RELIEF**
**(Copyright Infringement – The EH-2F44 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION)**

222.    Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 221 as if fully restated herein.

223.    By no later than July 17, 2008, Plaintiff TRENDTEX FABRICS sold a certain length of fabric displaying the EH-2F44 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the alternate designation of EH-2F44R. The sale did not include a license to reproduce the EH-2F44 surface design.

224.    On or about November 24, 2021, Plaintiffs discovered that garments displaying what NTKN apparently named the 336/Motorcycle pattern, including

but not limited to the AL-336 Motorcycle Surfing Cotton Men's Hawaiian Shirt (the "Motorcycle Shirt") and the B-336 boys' set (the "Motorcycle Set"), were being offered for sale in various colors on its website www.kyifi.org.

225.   Beginning in January 2022, Plaintiffs discovered that NTKN garments displaying the 336/Motorcycle pattern, including but not limited to the Motorcycle Shirt, was also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its both www.shakatime.com and www.alohashirtsclub.com, LEILANI'S ATTIC, CITIES FASHION, and Aloha Outlet (www.alohaoutlet.com).

226.   Based on information and belief, NTKN, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION have sold garments displaying the 336/Motorcycle pattern in this District.

227.   Based on information and belief, the fabric sold by Plaintiff TRENDTEX FABRICS to NTKN or its predecessor displaying the EH-2F44 surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 336/Motorcycle pattern.

228.   The 336/Motorcycle pattern is substantially similar or identical to Plaintiffs' copyrighted EH-2F44 surface design. A side-by-side comparison of Plaintiffs' EH-2F44 surface design with the 336/Motorcycle pattern as displayed on the navy blue Motorcycle Shirt is set forth in Figure 10 below:

**Figure 10**

EH-2F44                          336/Motorcycle



229.   Based on information and belief, the garments presently displaying

the 336/Motorcycle pattern are reproductions of the EH-2F44 surface design

commissioned and imported by NTKN.

230.   Plaintiffs have neither authorized NTKN to reproduce the

copyrighted EH-2F44 surface design nor sold additional fabric displaying the EH-

2F44 surface design to NTKN. Likewise, Plaintiffs have neither licensed SHAKA

TIME, LEILANI'S ATTIC, or CITIES FASHION to reproduce or sell the

copyrighted EH-2F44 surface design nor sold fabric to SHAKA TIME,

LEILANI'S ATTIC, or CITIES FASHION displaying the copyrighted EH-2F44

surface design. Plaintiffs have also not been compensated for NTKN, SHAKA

TIME, LEILANI'S ATTIC, or CITIES FASHION's present use of the

copyrighted EH-2F44 surface design. NTKN, SHAKA TIME, LEILANI'S

ATTIC, and CITIES FASHION's importation, manufacture, and/or sale of

clothing displaying a surface design substantially similar or identical to Plaintiffs'

copyrighted EH-2F44 surface design are therefore unauthorized.

231.   Based on information and belief, NTKN had access to Plaintiffs' EH-2F44 surface design through fabric sold to it or its predecessor by Plaintiff.

232.   Based on information and belief, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION had access to Plaintiffs' EH-2F44 surface design, including, without limitation, through ((a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the EH-2F44 surface design by NTKN or other third-party vendors.

233.   The acts by NTKN, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

234.   Based on information and belief, NTKN, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION have realized profits as a direct and proximate result of their wrongful conduct.

235.   Plaintiffs' counsel sent a notice of copyright infringement to NTKN via email on December 8, 2021. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

236.   On April 12, 2022, Plaintiffs' counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

SECOND AMENDED COMPLAINT - 51

237.   On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

238.   NTKN continued to sell garments displaying the 336/Motorcycle pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

239.   Due to its continued sale of garments displaying the 336/Motorcycle after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

240.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

241.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2F44 surface design.

242.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the EH-2F44 surface design.

243.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

244.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

245.   Alternatively, Plaintiff are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION.

246.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

### TENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-3D25 Surface Design)
### (Against NTKN and HUNG KY)

247.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 246 as if fully restated herein.

248.   By no later than December 11, 2003, Plaintiff TRENDTEX FABRICS sold a certain length of fabric displaying the EH-3D25 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the designation of EH-3D25R. The sale did not include a

license to reproduce the EH-3D25 surface design.

249.   On or about November 24, 2021, Plaintiffs discovered that garments displaying what NTKN apparently named the 386/Beach Party pattern or series, including but not limited to the AL-386 Beach Party Hawaiian Shirt (the "Beach Party Shirt"), were being offered for sale in various colors on www.kyifi.org. Plaintiffs later learned that the Beach Party Shirt was also being offered for sale on EDENS HAWAII's Etsy page.

250.   Based on information and belief, NTKN has sold garments displaying the 386/Beach Party pattern in this District.

251.   Based on information and belief, the fabric sold by Plaintiff TRENDTEX FABRICS to NTKN or its predecessor displaying the EH-3D25 surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 386/Beach Party pattern.

252.   The 386/Beach Party pattern is substantially similar or identical to Plaintiffs' copyrighted EH-3D25 surface design. A side-by-side comparison of Plaintiffs' EH-3D25 surface design with the 386/Beach Party pattern as displayed on the Beach Party Shirt is set forth in Figure 11 below:

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT - 54

**Figure 11**

**EH-3D25**                           **386/Beach Party**



253.   Based on information and belief, the garments presently displaying

the 386/Beach Party pattern are reproductions of the EH-3D25 surface design

commissioned and imported by NTKN.

254.   Plaintiffs have neither authorized NTKN to reproduce the

copyrighted EH-3D25 surface design nor sold additional fabric displaying the EH-

3D25 surface design to NTKN. Plaintiffs have also not been compensated for

NTKN's present use of the copyrighted EH-3D25 surface design. NTKN's

importation, manufacture, and/or sale of clothing displaying a surface design

substantially similar or identical to Plaintiffs' copyrighted EH-3D25 surface

design are therefore unauthorized.

255.   Based on information and belief, NTKN had access to Plaintiffs' EH-

3D25 surface design through fabric sold to it or its predecessor by Plaintiff.

256.   The acts by NTKN complained of herein constitute infringement of

SECOND AMENDED COMPLAINT - 55

Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

257.   Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

258.   On December 8, 2021, Plaintiffs' counsel sent a notice of copyright infringement to former counsel for NTKN. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

259.   NTKN continued to sell garments displaying the 386/Beach Party pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

260.   Due to its continued sale of the 386/Beach Party garments after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

261.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

262.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-3D25 surface design.

263.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the EH-3D25 surface design.

SECOND AMENDED COMPLAINT - 56

264.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore is entitled to a permanent injunction restraining and enjoining the infringing conduct.

265.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN and HUNG KY's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

266.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY.

267.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## ELEVENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-20129 Surface Design)
### (Against NTKN, HUNG KY, and SHAKA TIME)

268.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 267 as if fully restated herein.

269.   By no later than August 12, 2004, Plaintiff TRENDTEX FABRICS sold a certain length of fabric displaying the EH-20129 surface design to NTKN

or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the EH-20129 surface design.

270.   On or about November 24, 2021, Plaintiffs discovered that garments displaying what NTKN apparently named the 538/Leis Heavenly Flower pattern or series, including but not limited to the AL-538 Leis Heavenly Flower Cotton Men's Aloha Shirt (the "Leis Shirt"), were being offered for sale on www.kyifi.org. Plaintiffs later learned that the Leis Shirt was also being offered for sale on www.kysalohashirts.com.

271.   On or about December 16, 2021, Plaintiffs discovered that NTKN garments displaying the 538/Leis Heavenly Flower pattern, including but not limited to the Leis Shirt, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com.

272.   Based on information and belief, NTKN and SHAKA TIME have sold garments displaying the 538/Leis Heavenly Flower pattern in this District.

273.   Based on information and belief, the fabric sold by Plaintiff TRENDTEX FABRICS to NTKN or its predecessor displaying the EH-20129 surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 538/Leis Heavenly Flower pattern.

274.   The 538/Leis Heavenly Flower pattern is substantially similar or

SECOND AMENDED COMPLAINT - 58

identical to Plaintiffs' copyrighted EH-20129 surface design. A side-by-side comparison of Plaintiff EH-20129 surface design with the 538/Leis Heavenly Flower pattern as displayed on the navy Leis Shirt with is set forth in Figure 12 below:

**Figure 12**

**EH-20129**                                    **538/Leis Heavenly Flower**

                

275.   Based on information and belief, the garments presently displaying the 538/Leis Heavenly Flower pattern are reproductions of the EH-20129 surface design commissioned and imported by NTKN.

276.   Plaintiffs have neither authorized NTKN to reproduce the copyrighted EH-20129 surface design nor sold additional fabric displaying the EH-20129 surface design to NTKN. Likewise, Plaintiffs have neither licensed SHAKA TIME to reproduce or sell the copyrighted EH-20129 surface design nor sold fabric to SHAKA TIME displaying the copyrighted EH-20129 surface design. Plaintiffs have also not been compensated for NTKN or SHAKA TIME's present use of the copyrighted EH-20129 surface design. NTKN and SHAKA

TIME's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted EH-20129 surface design areitherefore unauthorized.

277.   Based on information and belief, NTKN had access to Plaintiffs' EH-20129 surface design through fabric sold to it or its predecessor by Plaintiff.

278.   Based on information and belief, SHAKA TIME had access to Plaintiffs' EH-20129 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the EH-20129 surface design by NTKN or other third-party vendors.

279.   The acts by NTKN and SHAKA TIME complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

280.   Based on information and belief, NTKN and SHAKA TIME have realized profits as a direct and proximate result of their wrongful conduct.

281.   On December 8, 2021, Plaintiffs' counsel sent a notice of copyright infringement to former counsel for NTKN. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

282.   On April 12, 2022, Plaintiffs' counsel sent a notice of copyright infringement to SHAKA TIME via email and certified mail.

283.   NTKN continued to sell garments displaying the 538/Leis Heavenly Flower pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

284.   Due to its continued sale of garments displaying the 538/Leis Heavenly Flower pattern after first being notified of the infringement, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

285.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

286.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-20129 surface design.

287.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the EH-20129 surface design.

288.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and SHAKA TIME, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

289.   As a direct and proximate result of the infringement by NTKN,

HUNG KY, and SHAKA TIME, Plaintiff are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

290.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME.

291.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## TWELFTH CLAIM FOR RELIEF
### (Copyright Infringement – The KS-6919 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC)

292.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 291 as if fully restated herein.

293.   By no later than July 14, 2008, Plaintiff TRENDTEX FABRICS sold a certain length of fabric displaying the KS-6919 surface design to NTKN or its predecessor for use in the manufacture of garments. The fabric was printed under the alternate designation of KS-6919R. The sale did not include a license to reproduce the KS-6919 surface design.

294.   On or about October 23, 2021, Plaintiffs discovered that garments

displaying what NTKN apparently named the 805/Hibiscus Panel pattern,
including but not limited to the 6D-805 White Hibiscus Dress and the AL-805
Blue Hibiscus Shirt, were being offered for sale in various colors on
www.kyifi.org.

295.   Beginning in January 2022, Plaintiffs discovered that garments
displaying the 805/Hibiscus Panel pattern were also being offered for sale under
various names and in various colors by other vendors, including but not limited to
SHAKA TIME on both www.shakatime.com and www.alohashirtsclub.com,
LEILANI's ATTIC, Aloha Outlet (www.alohaoutlet.com), and Tropaholic
(www.tropaholic.com).

296.   Based on information and belief, NTKN, SHAKA TIME, and
LEILANI'S ATTIC have sold garments displaying the 805/Hibiscus Panel pattern
in this District.

297.   Based on information and belief, the fabric sold by Plaintiff
TRENDTEX FABRICS to NTKN or its predecessor displaying the KS-6919
surface design was either completely exhausted or not used during the
manufacture of the garments displaying the 805/Hibiscus Panel pattern.

298.   The 805/Hibiscus Panel pattern is substantially similar or identical to
Plaintiffs' copyrighted KS-6919 surface design. A side-by-side comparison of
Plaintiffs' KS-6919 surface design with the 805/Hibiscus Panel pattern as

SECOND AMENDED COMPLAINT - 63

displayed on the navy blue Hibiscus Panel Shirt is set forth in Figure 13 below:

**Figure 13**

KS-6919                                        805/Hibiscus Panel

     

299.   Based on information and belief, the garments presently displaying the 805/Hibiscus Panel pattern are reproductions of the KS-6919 surface design commissioned and imported by NTKN.

300.   Plaintiffs have neither authorized NTKN to reproduce the copyrighted KS-6919 surface design nor sold additional fabric displaying the KS-6919 surface design to NTKN. Likewise, Plaintiffs have neither licensed SHAKA TIME or LEILANI'S ATTIC to reproduce or sell the copyrighted KS-6919 surface design nor sold fabric to SHAKA TIME or LEILANI'S ATTIC displaying the copyrighted KS-6919 surface design. Plaintiffs have also not been compensated for NTKN, SHAKA TIME, or LEILANI'S ATTIC's present use of the copyrighted KS-6919 surface design. NTKN, SHAKA TIME, and LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted KS-6919 surface

SECOND AMENDED COMPLAINT - 64

design iare therefore unauthorized.

301.   Based on information and belief, NTKN had access to Plaintiffs' KS-6919 surface design through fabric sold to it or its predecessor by Plaintiff.

302.   Based on information and belief, SHAKA TIME and LEILANI'S ATTIC had access to Plaintiffs' KS-6919 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the KS-6919 surface design by NTKN or other third-party vendors.

303.   The acts by NTKN, SHAKA TIME, and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

304.   Based on information and belief, NTKN, SHAKA TIME, and LEILANI'S ATTIC have realized profits as a direct and proximate result of their wrongful conduct.

305.   Plaintiffs' counsel sent a notice of copyright infringement to NTKN's current counsel via email on April 12, 2012.

306.   On April 12, 2022, Plaintiffs' counsel sent notices of copyright infringement to SHAKA TIME via email and certified mail.

307.   On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

308.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

309.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

310.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the KS-6919 surface design.

311.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the KS-6919 surface design.

312.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

313.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

SECOND AMENDED COMPLAINT - 66

314.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against SHAKA TIME and LEILANI'S ATTIC.

315.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## THIRTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The 73269 Surface Design)
### (Against NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER)

316.   Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 313 as if fully restated herein.

317.   By no later than March 6, 2012, Hawaiiprint, which owned the copyright for the 73269 surface design at the time, sold a certain length of fabric displaying the 73269 surface design to NTKN or its predecessor for use in the manufacture of garments. Some of the fabric was printed under the alternate designation of 73489. The sale did not include a license to reproduce the 73269 surface design.

318.   On or about October 23, 2021, Plaintiffs discovered that garments and other merchandise displaying what NTKN apparently named the 825/Pupukea Hibiscus & Orchid pattern, including but not limited to the AL-825 Pupukea Hibiscus & Orchid Aloha Shirt (the "Pupukea Hibiscus Shirt"), the GAL-825 Women's Pupukea Hibiscus & Orchid Aloha Blouse (the "Pupukea Blouse"), and

the PL825 Pupukea Hibiscus & Orchid Pillow Case, were being offered for sale in various colors on www.kyifi.org. Plaintiffs later learned that NTKN was also offering merchandise displaying the 825/Pupukea Hibiscus & Orchid pattern for sale on www.kysalohashirts.com and also ON EDENS HAWAII's Etsy page.

319.   In approximately January 2022, Plaintiffs discovered that garments and other merchandise displaying what NTKN apparently named the 466 pattern, including but not limited to blouses, tops, and dresses, were being offered for sale on www.kyifi.org.

320.   Beginning in January 2022, Plaintiffs discovered that garments and other merchandise displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohashirtsclub.com, LEILANI's ATTIC, HAWAII HANGOVER, Aloha Outlet (www.alohaoutlet.com), Aloha Funwear (alohafunwear.com), and Lavahut (lavahut.com).

321.   Based on information and belief, NTKN, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER have sold garments and other merchandise displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns in this District.

322.   Based on information and belief, the fabric sold by Hawaiiprint to

NTKN or its predecessor displaying the 73269 surface design was either

completely exhausted or not used during the manufacture of the garments

displaying the 825/Pupukea Hibiscus & Orchid and 466 patterns.

323.   The 825/Pupukea Hibiscus & Orchid and 466 patterns are

substantially similar or identical to Plaintiffs' copyrighted 73269 surface design.

A side-by-side comparison of Plaintiffs' 73269 surface design with the

825/Pupukea Hibiscus & Orchid pattern as displayed on the purple Pupukea

Hibiscus Shirt and the 466 pattern as displayed on a yellow top is set forth in

Figure 14 below:

**Figure 14**



324.   Based on information and belief, the garments presently displaying

the 825/Pupukea Hibiscus & Orchid and 466 patterns are reproductions of the

SECOND AMENDED COMPLAINT - 69

73269 surface design commissioned and imported by NTKN.

325.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 73269 surface design or sold additional fabric displaying the 73269 surface design to NTKN. Likewise, neither Plaintiff nor Hawaiiprint have licensed SHAKA TIME, LEILANI'S ATTIC, or HAWAII HANGOVER to reproduce or sell the copyrighted 73269 surface design or sold fabric to SHAKA TIME, LEILANI'S ATTIC, or HAWAII HANGOVER displaying the copyrighted 73269 surface design. Plaintiffs have also not been compensated for NTKN, SHAKA TIME, LEILANI'S ATTIC, or HAWAII HANGOVER's present use of the copyrighted 73269 surface design. NTKN, SHAKA TIME, LEILANI'S ATTIC, or HAWAII HANGOVER's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73269 surface design are therefore unauthorized.

326.   Based on information and belief, NTKN had access to Plaintiffs' 73269 surface design through fabric sold to it or its predecessor by Hawaiiprint.

327.   Based on information and belief, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER had access to Plaintiffs' 73269 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73269 surface

design by NTKN or other third-party vendors.

328.   The acts by NTKN, SHAKA TIME, LEILANI'S ATTIC, and
HAWAII HANGOVER complained of herein constitute infringement of
Plaintiffs' copyright and exclusive rights including, without limitation, its rights
under 17 U.S.C. § 106.

329.   Based on information and belief, NTKN, SHAKA TIME,
LEILANI'S ATTIC, and HAWAII HANGOVER have realized profits as a direct
and proximate result of their wrongful conduct.

330.   Plaintiffs' counsel sent a notice of copyright infringement to NTKN's
current counsel on April 12, 2022.

331.   On April 12, 2022, Plaintiffs' counsel sent a notice of copyright
infringement to SHAKA TIME via email and certified mail.

332.   On June 3, 2022, Plaintiffs' counsel sent a notice of copyright
infringement to HAWAII HANGOVER via email.

333.   On March 24, 2023, Plaintiffs' counsel sent a notice of copyright
infringement to LEILANI'S ATTIC via email.

334.   LEILANI'S ATTIC and HAWAII HANGOVER continued to sell
garments displaying the 466 and 825 patterns after the notices of copyright
infringement were delivered.

335.   Based on information and belief, NTKN has willfully engaged in the

acts complained of in conscious disregard of Plaintiffs' rights.

336.   Due to their continued sale of garments displaying the 466 and 825 patterns after first being notified of the infringement, LEILANI'S ATTIC and HAWAII HANGOVER have willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

337.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

338.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73269 surface design.

339.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73269 surface design.

340.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore iare entitled to a permanent injunction restraining and enjoining the infringing conduct.

341.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER,

Plaintiffs are entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and SHAKA TIME's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

342.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII HANGOVER and $30,000 against SHAKA TIME.

343.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**FOURTEENTH CLAIM FOR RELIEF**
**(Copyright Infringement – The EH-2E13B Surface Design)**
**(Against NTKN, HUNG KY, LEILANI'S ATTIC, and CITIES FASHION)**

344.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 343 as if fully restated herein.

345.   By no later than July 16, 2008, Plaintiff TRENDTEX FABRICS sold a certain length of fabric displaying the EH-2E13B surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the EH-2E13B surface design.

346.   In approximately January 2022, Plaintiffs discovered that garments displaying what NTKN apparently named the 358/Old Car pattern, including but not limited to the AL358 Old Car Hawaiian Shirt ("the Old Car Shirt") and the B-

358 Boys Cabana Set Border Design, were being offered for sale in various colors on www.kyifi.org.

347.   In approximately April 2022, Plaintiffs discovered that the Old Car Shirt was also being offered for sale by other vendors, including but not limited to LEILANI'S ATTIC and CITIES FASHION.

348.   Based on information and belief, NTKN, LEILANI'S ATTIC, and CITIES FASHION have sold garments displaying the 358/Old Car pattern in this District.

349.   Based on information and belief, the fabric sold by Plaintiff TRENDTEX FABRICS to NTKN or its predecessor displaying the EH-2E13B surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 358/Old Car pattern.

350.   The 358/Old Car pattern is substantially similar or identical to Plaintiffs' copyrighted EH-2E13B surface design. A side-by-side comparison of Plaintiffs' EH-2E13B surface design with the 358/Old Car as pattern as displayed on the navy blue Old Car Shirt is set forth in Figure 15 below:

/ / /

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT - 74

**Figure 15**

EH-2E13B                                   358/Old Car



351.   Based on information and belief, the garments presently displaying the 358/Old Car pattern are reproductions of the EH-2E13B surface design commissioned and imported by NTKN.

352.   Plaintiffs have neither authorized NTKN to reproduce the copyrighted EH-2E13B surface design nor sold additional fabric displaying the EH-2E13B surface design to NTKN. Likewise, Plaintiffs have neither licensed LEILANI'S ATTIC or CITIES FASHION to reproduce or sell the copyrighted EH-2E13B surface design nor sold fabric to LEILANI'S ATTIC or CITIES FASHION displaying the copyrighted EH-2E13B surface design. Plaintiffs have also not been compensated for NTKN, LEILANI'S ATTIC, or CITIES FASHION's present use of the copyrighted EH-2E13B surface design. NTKN, LEILANI'S ATTIC, and CITIES FASHION's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to

SECOND AMENDED COMPLAINT - 75

Plaintiffs' copyrighted EH-2E13B surface design are therefore unauthorized.

353.   Based on information and belief, NTKN had access to Plaintiffs' EH-2E13B surface design through fabric sold to it or its predecessor by Plaintiff.

354.   Based on information and belief, LEILANI'S ATTIC and CITIES FASHION had access to Plaintiffs' EH-2E13B surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the EH-2E13B surface design by NTKN or other third-party vendors.

355.   The acts by NTKN, LEILANI'S ATTIC, and CITIES FASHION complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

356.   Based on information and belief, NTKN, LEILANI'S ATTIC, and CITIES FASHION have realized profits as a direct and proximate result of their wrongful conduct.

357.   Plaintiffs' counsel sent a notice of copyright infringement to NTKN via email on April 12, 2022.

358.   On June 3, 2022, Plaintiff's counsel sent a notice of copyright infringement to CITIES FASHION via email.

359.   On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

360.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

361.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

362.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2E13B surface design.

363.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the EH-2E13B surface design.

364.   As a direct and proximate result of the infringement by NTKN, HUNG KY, LEILANI'S ATTIC, and CITIES FASHION, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

365.   As a direct and proximate result of the infringement by NTKN, HUNG KY, LEILANI'S ATTIC, and CITIES FASHION, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, LEILANI'S ATTIC, and CITIES FASHION's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to

such profits.

366.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against LEILANI'S ATTIC and CITIES FASHION.

367.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**FIFTEENTH CLAIM FOR RELIEF**
**(Copyright Infringement – The 03780 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC)**

368.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 367 as if fully restated herein.

369.   By no later than June 28, 2013, Hawaiiprint, which owned the copyright for the 03780 surface design at the time, sold a certain length of fabric displaying the 03780 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 03780 surface design.

370.   On or about October 23, 2021, Plaintiffs discovered that garments displaying what NTKN apparently named the 503/Lahaina pattern, including but not limited to the ALB-503 Lahaina Side Panel Shirt (the "Lahaina Shirt") and the 2LDB-503 Lahaina Side Panel Dress (the "Lahaina Dress"), were being offered for sale in various colors www.kyifi.org. Plaintiffs later learned that garments

displaying the 503/Lahaina pattern were also being offered for sale on EDENS HAWAII's Etsy page.

371.    Beginning in January 2022, Plaintiffs discovered that garments displaying NTKN's 503/Lahaina pattern, including but not limited to the Lahaina Shirt and Lahaina Dress, were also being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on its websites www.shakatime.com and www.alohahshirtsclub.com and LEILANI'S ATTIC.

372.    Based on information and belief, NTKN, SHAKA TIME, and LEILANI'S ATTIC have sold garments displaying the 503/Lahaina pattern in this District.

373.    Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 03780 surface design was either completely exhausted or not used during the manufacture of the garments displaying the 503/Lahaina pattern.

374.    The 503/Lahaina pattern is substantially similar or identical to Plaintiffs' copyrighted 03780 surface design. A side-by-side comparison of Plaintiffs' 03780 surface design with the 503/Lahaina pattern as displayed on the Lahaina Shirt is set forth in Figure 16 below:

/ / /

**Figure 16**

03780                                                      503/Lahaina



375.   Based on information and belief, the garments presently displaying

the 503/Lahaina pattern are reproductions of the 03780 surface design

commissioned and imported by NTKN.

376.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to

reproduce the copyrighted 03780 surface design or sold additional fabric

displaying the 03780 surface design to NTKN. Likewise, neither Plaintiffs nor

Hawaiiprint have licensed SHAKA TIME or LEILANI'S ATTIC to reproduce or

sell the copyrighted 03780 surface design or sold fabric to SHAKA TIME or

LEILANI'S ATTIC displaying the copyrighted 03780 surface design. Plaintiffs

have also not been compensated for NTKN, SHAKA TIME, or LEILANI'S

ATTIC's present use of the copyrighted 03780 surface design. NTKN, SHAKA

TIME, and LEILANI'S ATTIC's importation, manufacture, and/or sale of

clothing displaying a surface design substantially similar or identical to Plaintiffs'

SECOND AMENDED COMPLAINT - 80

copyrighted 03780 surface design are therefore unauthorized.

377.   Based on information and belief, NTKN had access to Plaintiffs' 03780 surface design through fabric sold to it or its predecessor by Hawaiiprint.

378.   Based on information and belief, SHAKA TIME and LEILANI'S ATTIC had access to Plaintiffs' 03780 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 03780 surface design by NTKN or other third-party vendors.

379.   The acts by NTKN, SHAKA TIME, and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

380.   Based on information and belief, NTKN, SHAKA TIME, and LEILANI'S ATTIC have realized profits as a direct and proximate result of their wrongful conduct.

381.   On October 27, 2021, Plaintiffs' counsel sent a notice of copyright infringement to NTKN. Plaintiffs' counsel sent a second notice of copyright infringement to NTKN's current counsel via email on April 12, 2022.

382.   On April 12, 2022, Plaintiffs' counsel sent notices of copyright infringement to SHAKA TIME via email and certified mail.

383.   On or about June 22, 2022, Plaintiff's counsel a notice of copyright

infringement to LEILANI'S ATTIC via email.

384.   NTKN continued to sell garments displaying the 503/Lahaina pattern after the first notice of copyright infringement was delivered, thereby necessitating the second notice of copyright infringement.

385.   LEILANI'S ATTIC also continued to sell garments displaying the 503/Lahaina pattern after the notice of copyright infringement was delivered.

386.   Due to their continued sale of garments displaying the 503/Lahaina pattern after first being notified of the infringement, NTKN and LEILANI'S ATTIC have willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

387.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

388.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 03780 surface design.

389.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 03780 surface design.

390.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no

adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

391.   As a direct and proximate result of the infringement by NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC, Plaintiffs are entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover the profits of NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

392.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, and LEILANI'S ATTIC and $30,000 against SHAKA TIME.

393.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**SIXTEENTH CLAIM FOR RELIEF**
**(Copyright Infringement – The EH-2J11 Surface Design)**
**(Against NTKN, HUNG KY, and LEILANI'S ATTIC)**

394.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 393 as if fully restated herein.

395.   By no later than August 7, 2007, Plaintiff TRENDTEX FABRICS sold a certain length of fabric displaying the EH-2J11 surface design to NTKN or

its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the EH-2J11 surface design.

396.   On or about May 31, 2022, Plaintifsf discovered that garments displaying what NTKN apparently named the 332/Waterfall Island pattern, including but not limited to the KSM-332 Hawaiian Kids Muu Muu ("Waterfall Island Muu Muu") were being offered for sale on www.kyifi.org.

397.   On or about June 1, 2022, Plaintiffs discovered that the Waterfall Island Muu Muu was also being offered for sale by other vendors, including but not limited to LEILANI'S ATTIC.

398.   Based on information and belief, NTKN and LEILANI'S ATTIC have sold garments displaying the 332/Waterfall Island pattern in this District.

399.   Based on information and belief, the fabric sold by Plaintiff TRENDTEX FABRICS to NTKN or its predecessor displaying the EH-2J11 surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 332/Waterfall Island pattern.

400.   The 332/Waterfall Island pattern is substantially similar or identical to Plaintiffs' copyrighted EH-2J11 surface design. A side-by-side comparison of Plaintiffs' EH-2J11 surface design with the 332/Waterfall Island as pattern as displayed on the Waterfall Island Muu Muu is set forth in Figure 17 below:

/ / /

SECOND AMENDED COMPLAINT - 84

**Figure 17**

EH-2J11                                    332/Waterfall Island

                       

401.   Based on information and belief, the garments presently displaying

the 332/Waterfall Island pattern are reproductions of the EH-2J11 surface design

commissioned and imported by NTKN.

402.   Plaintiffs have neither authorized NTKN to reproduce the

copyrighted EH-2J11 surface design nor sold additional fabric displaying the EH-

2J11 surface design to NTKN. Likewise, Plaintiffs have neither licensed

LEILANI'S ATTIC to reproduce or sell the copyrighted EH-2J11 surface design

nor sold fabric to LEILANI'S ATTIC displaying the copyrighted EH-2J11 surface

design. Plaintiffs have also not been compensated for NTKN or LEILANI'S

ATTIC's present use of the copyrighted EH-2J11 surface design. NTKN and

LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying

a surface design substantially similar or identical to Plaintiffs' copyrighted EH-

2J11 surface design are therefore unauthorized.

403.   Based on information and belief, NTKN had access to Plaintiffs' EH-

2J11 surface design through fabric sold to it or its predecessor by Plaintiff.

404.   Based on information and belief, LEILANI'S ATTIC had access to Plaintiffs' EH-2J11 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the EH-2J11 surface design by NTKN or other third-party vendors.

405.   The acts by NTKN and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

406.   Based on information and belief, NTKN and LEILANI'S ATTIC have realized profits as a direct and proximate result of their wrongful conduct.

407.   On or about June 22, 2022, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

408.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

409.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

410.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2J11 surface design.

411.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the EH-2J11 surface design.

412.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC, NTKN and HUNG KY Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

413.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC , Plaintiffs have entitled to recover its actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and LEILANI'S ATTIC 's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

414.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against LEILANI'S ATTIC.

415.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

/ / /

/ / /

SECOND AMENDED COMPLAINT - 87

**SEVENTEENTH CLAIM FOR RELIEF**
**(Copyright Infringement – The EH-2M59 Surface Design)**
**(Against NTKN, HUNG KY, and LEILANI'S ATTIC)**

416.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 415 as if fully restated herein.

417.   By no later than July 3, 2003, Plaintiff TRENDTEX FABRICS sold a certain length of fabric displaying the EH-2M59 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the EH-2M59 surface design.

418.   On or about June 17, 2022, Plaintiffs discovered that garments displaying what NTKN apparently named the 342/Heavenly Hibiscus pattern, including but not limited to the Heavenly Hibiscus Girls Muu Muu ("Heavenly Hibiscus Muu Muu") were being offered for sale by other vendors, including but not limited to LEILANI'S ATTIC.

419.   Based on information and belief, NTKN and LEILANI'S ATTIC have sold garments displaying the 342/Heavenly Hibiscus pattern in this District.

420.   Based on information and belief, the fabric sold by Plaintiff TRENDTEX FABRICS to NTKN or its predecessor displaying the EH-2M59 surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 342/Heavenly Hibiscus pattern.

421.   The 342/Heavenly Hibiscus pattern is substantially similar or

SECOND AMENDED COMPLAINT - 88

identical to Plaintiffs' copyrighted EH-2M59 surface design. A side-by-side comparison of Plaintiffs' EH-2M59 surface design with the 342/Heavenly Hibiscus as pattern as displayed on the Waterfall Island Muu Muu is set forth in Figure 18 below:

**Figure 18**

EH-2M59                                             342/Heavenly Hibiscus



422.    Based on information and belief, the garments presently displaying the 342/Heavenly Hibiscus pattern are reproductions of the EH-2M59 surface design commissioned and imported by NTKN.

423.    Plaintiffs have neither authorized NTKN to reproduce the copyrighted EH-2M59 surface design nor sold additional fabric displaying the EH-2M59 surface design to NTKN. Likewise, Plaintiffs have neither licensed LEILANI'S ATTIC to reproduce or sell the copyrighted EH-2M59 surface design nor sold fabric to LEILANI'S ATTIC displaying the copyrighted EH-2M59 surface design. Plaintiffs have also not been compensated for NTKN or LEILANI'S ATTIC's present use of the copyrighted EH-2M59 surface design.

SECOND AMENDED COMPLAINT - 89

NTKN and LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted EH-2M59 surface design are therefore unauthorized.

424.   Based on information and belief, NTKN had access to Plaintiffs' EH-2M59 surface design through fabric sold to it or its predecessor by Plaintiff.

425.   Based on information and belief, LEILANI'S ATTIC had access to Plaintiffs' EH-2M59 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the EH-2M59 surface design by NTKN or other third-party vendors.

426.   The acts by NTKN and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

427.   Based on information and belief, NTKN has realized profits as a direct and proximate result of its wrongful conduct.

428.   On or about June 22, 2022, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

429.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

430.   As a shareholder and principal of NTKN, HUNG KY had the right

and ability to stop or limit NTKN's infringement but failed to exercise that right.

431.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-2M59 surface design.

432.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the EH-2M59 surface design.

433.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

434.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

435.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against LEILANI'S ATTIC.

SECOND AMENDED COMPLAINT - 91

436.   Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

## EIGHTEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The EH-81104 Surface Design)
### (Against NTKN, HUNG KY, and LEILANI'S ATTIC)

437.   Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 436 as if fully restated herein.

438.   By no later than July 1, 2004, Plaintiff TRENDTEX FABRICS sold a

certain length of fabric displaying the EH-81104 surface design to NTKN or its

predecessor for use in the manufacture of garments. The sale did not include a

license to reproduce the EH-81104 surface design.

439.   On or about May 20, 2022 Plaintiffs discovered that garments

displaying what NTKN apparently named the 819/Hibiscus Side pattern, including

but not limited to the 6D-819NB Hibiscus Side Rayon Strap Short Hawaiian

Dress ("Hibiscus Side Dress") were being offered for sale on www.kyifi.org.

440.   On or about May 20, 2022, Plaintiffs discovered that the Hibiscus

Side Dress was also being offered for sale by other vendors, including but not

limited to LEILANI'S ATTIC.

441.   Based on information and belief, NTKN and LEILANI'S ATTIC

have sold garments displaying the 819/Hibiscus Side pattern in this District.

442.   Based on information and belief, the fabric sold by Plaintiff

TRENDTEX FABRICS to NTKN or its predecessor displaying the EH-81104 surface design was either completely exhausted before or not used during the manufacture of the garments displaying the 819/Hibiscus Side pattern.

443.   The 819/Hibiscus Side pattern is substantially similar or identical to Plaintiffs' copyrighted EH-81104 surface design. A side-by-side comparison of Plaintiffs' EH-81104 surface design with the 819/Hibiscus Side as pattern as displayed on the Hibiscus Side Dress is set forth in Figure 19 below:

**Figure 19**

**EH-81104**                                    **819/Hibiscus Side**



444.   Based on information and belief, the garments presently displaying the 819/Hibiscus Side pattern are reproductions of the EH-81104 surface design commissioned and imported by NTKN.

445.   Plaintiffs have neither authorized NTKN to reproduce the copyrighted EH-81104 surface design nor sold additional fabric displaying the EH-81104 surface design to NTKN. Likewise, Plaintiffs have neither licensed LEILANI'S ATTIC to reproduce or sell the copyrighted EH-81104 surface design

nor sold fabric to LEILANI'S ATTIC displaying the copyrighted EH-81104 surface design. Plaintiffs have also not been compensated for NTKN or LEILANI'S ATTIC's present use of the copyrighted EH-81104 surface design. NTKN and LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted EH-81104 surface design are therefore unauthorized.

446.   Based on information and belief, NTKN had access to Plaintiffs' EH-81104 surface design through fabric sold to it or its predecessor by Plaintiff.

447.   Based on information and belief, LEILANI'S ATTIC had access to Plaintiffs' EH-81104 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the EH-81104 surface design by NTKN or other third-party vendors.

448.   The acts by NTKN and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

449.   Based on information and belief, NTKN and LEILANI'S ATTIC have realized profits as a direct and proximate result of their wrongful conduct.

450.   On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

451.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

452.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

453.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the EH-81104 surface design.

454.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the EH-81104 surface design.

455.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

456.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

457.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against LEILANI'S ATTIC.

458.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## NINETEENTH CLAIM FOR RELIEF
### (Copyright Infringement – The 73096 Surface Design)
### (Against NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII HANGOVER)

459.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 458 as if fully restated herein.

460.   By no later than September 28, 2011, Hawaiiprint, which owned the copyright for the 73096 surface design at the time, sold a certain length of fabric displaying the 73096 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73096 surface design.

461.   On or about June 6, 2022, Plaintiffs discovered that garments displaying what NTKN apparently named the 454/Woody Plumeria pattern, including but not limited to men's and boys' shirts, were being offered for sale under various names and in various colors by other vendors, including but not limited to LEILANI'S ATTIC and HAWAII HANGOVER.

462.   Based on information and belief, NTKN, LEILANI'S ATTIC, and

HAWAII HANGOVER have sold garments displaying the 454/Woody Plumeria

pattern in this District.

463.   Based on information and belief, the fabric sold by Hawaiiprint to

NTKN or its predecessor displaying the 73096 surface design was either

completely exhausted or not used during the manufacture of the garments

displaying the 454/Woody Plumeria pattern.

464.   The 454/Woody Plumeria pattern is substantially similar or identical

to Plaintiffs' copyrighted 73096 surface design. A side-by-side comparison of the

Plaintiffs' 73096 surface design with the 454/Woody Plumeria pattern as

displayed on a shirt is set forth in Figure 20 below:

**Figure 20**

**73096**                              **454/Woody Plumeria**



465.   Based on information and belief, the garments presently displaying

the 454/Woody Plumeria pattern are reproductions of the 73096 surface design

commissioned and imported by NTKN.

466.   Neither Plaintiffs nor Hawaiiprint hasveauthorized NTKN to

SECOND AMENDED COMPLAINT - 97

reproduce the copyrighted 73096 surface design or sold additional fabric displaying the 73096 surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint have licensed LEILANI'S ATTIC or HAWAII HANGOVER to reproduce or sell the copyrighted 73096 surface design or sold fabric to LEILANI'S ATTIC or HAWAII HANGOVER displaying the copyrighted 73096 surface design. Plaintiffs have also not been compensated for NTKN, LEILANI'S ATTIC, or HAWAII HANGOVER's present use of the copyrighted 73096 surface design. NTKN, LEILANI'S ATTIC, and HAWAII HANGOVER's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73096 surface design are therefore unauthorized.

467.   Based on information and belief, NTKN had access to Plaintiffs' 73096 surface design through fabric sold to it or its predecessor by Hawaiiprint.

468.   Based on information and belief, LEILANI'S ATTIC and HAWAII HANGOVER had access to Plaintiffs' 73096 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73096 surface design by NTKN or other third-party vendors.

469.   The acts by NTKN, LEILANI'S ATTIC, and HAWAII HANGOVER complained of herein constitute infringement of Plaintiffs'

SECOND AMENDED COMPLAINT - 98

copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

470.   NTKN, LEILANI'S ATTIC, and HAWAII HANGOVER have realized profits as a direct and proximate result of their wrongful conduct.

471.   On or about June 22, 2022, Plaintiff's counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

472.   On or about March 22, 2023, Plaintiff's counsel sent a notice of copyright infringement to HAWAII HANGOVER via email.

473.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

474.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

475.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73096 surface design.

476.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73096 surface design.

477.   As a direct and proximate result of the infringement by NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII HANGOVER, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which

there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

478.   As a direct and proximate result of the infringement by NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII HANGOVER, Plaintiffs are entitled to recover theirs actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII HANGOVER's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

479.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against LEILANI'S ATTIC and HAWAII HANGOVER.

480.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**TWENTIETH CLAIM FOR RELIEF**
**(Copyright Infringement – The 73104 Surface Design)**
**(Against NTKN, HUNG KY, SHAKA TIME and LEILANI'S ATTIC)**

481.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 480 as if fully restated herein.

482.   By no later than September 30, 2014, Hawaiiprint, Inc. ("Hawaiiprint"), which owned the copyright for the 73104 surface design at the

time, sold a certain length of fabric displaying the 73104 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73104 surface design.

483.   On or about May 31, 2022, Plaintiffs discovered that garments displaying what NTKN apparently named the 460/Turtle pattern, including but not limited to a men's shirt and boys' cabana set, were being offered for sale under various names and in various colors by other vendors, including but not limited to SHAKA TIME on www.alohshirtsclub.com and LEILANI'S ATTIC, and Hawaiishirt.de

484.   Based on information and belief, NTKN, SHAKA TIME, and LEILANI'S ATTIC have sold garments displaying the 460/Turtle pattern in this District.

485.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73104 surface design was either completely exhausted or not used during the manufacture of the garments displaying the 460/Turtle pattern.

486.   The 460/Turtle pattern is substantially similar or identical to Plaintiffs' copyrighted 73104 surface design. A side-by-side comparison of Plaintiffs' 73104 surface design with the 460/Turtle pattern as displayed on a men's shirt is set forth in Figure 21 below:

SECOND AMENDED COMPLAINT - 101

**Figure 21**

**73104**                                       **460/Turtle**



487.    Based on information and belief, the garments presently displaying

the 460/Turtle pattern are reproductions of the 73104 surface design

commissioned and imported by NTKN.

488.    Neither Plaintiff nor Hawaiiprint have authorized NTKN to

reproduce the copyrighted 73104 surface design or sold additional fabric

displaying the 73104 surface design to NTKN. Likewise, neither Plaintiffs nor

Hawaiiprint have licensed SHAKA TIME or LEILANI'S ATTIC to reproduce or

sell the copyrighted 73104 surface design or sold fabric to SHAKA TIME or

LEILANI'S ATTIC displaying the copyrighted 73104 surface design. Plaintiffs

have also not been compensated for NTKN, SHAKA TIME, or LEILANI'S

ATTIC's present use of the copyrighted 73104 surface design. NTKN, SHAKA

TIME, and LEILANI'S ATTIC's importation, manufacture, and/or sale of

clothing displaying a surface design substantially similar or identical to Plaintiffs'

SECOND AMENDED COMPLAINT - 102

copyrighted 73104 surface design are therefore unauthorized.

489.    Based on information and belief, NTKN had access to Plaintiffs'

73104 surface design through fabric sold to it or its predecessor by Hawaiiprint.-

490.    Based on information and belief, SHAKA TIME and LEILANI'S

ATTIC had access to Plaintiffs' 73104 surface design, including, without

limitation, through (a) NTKN's websites, catalogues, or place of business; or (b)

access to illegally distributed copies of the 73104 surface design by NTKN or

other third-party vendors.

491.    The acts by NTKN, SHAKA TIME, and LEILANI'S ATTIC

complained of herein constitute infringement of Plaintiffs' copyright and

exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

492.    Based on information and belief, NTKN, SHAKA TIME, and

LEILANI'S ATTIC have realized profits as a direct and proximate result of their

wrongful conduct.

493.    Based on information and belief, NTKN has willfully engaged in the

acts complained of in conscious disregard of Plaintiffs' rights.

494.    On or about June 22, 2022, Plaintiff's counsel sent a notice of

copyright infringement to LEILANI'S ATTIC via email.

495.    As a shareholder and principal of NTKN, HUNG KY had the right

and ability to stop or limit NTKN's infringement but failed to exercise that right.

496.    As a shareholder and principal of NTKN, HUNG KY enjoyed a

direct financial benefit from NTKN's direct infringement of the 73104 surface

design.

497.    HUNG KY has therefore vicariously infringed Plaintiffs' copyright

of the 73104 surface design.

498.    As a direct and proximate result of the infringement by NTKN,

HUNG KY, SHAKA TIME, and LEILANI'S ATTIC, Plaintiffs have sustained

and will continue to sustain substantial and irreparable harm for which there is no

adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction

restraining and enjoining the infringing conduct.

499.    As a direct and proximate result of the infringement by NTKN,

HUNG KY, SHAKA TIME, and LEILANI'S ATTIC, Plaintiffs are entitled to

recover its actual damages in an amount to be proven at trial. Pursuant to 17

U.S.C. § 504, Plaintiffs are further entitled to recover NTKN, HUNG KY,

SHAKA TIME, and LEILANI'S ATTIC's profits attributable to their infringing

conduct, and an accounting of and a constructive trust with respect to such profits.

500.    Alternatively, Plaintiffs are entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against SHAKA TIME and LEILANI'S ATTIC.

501.    Plaintiffs are further entitled to recover their full costs and attorney

SECOND AMENDED COMPLAINT - 104

fees pursuant to 17 U.S.C. § 505.

**TWENTY-FIRST CLAIM FOR RELIEF**
**(Copyright Infringement – The 73657 Surface Design)**
**(Against NTKN, HUNG KY, and LEILANI'S ATTIC)**

502.   Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 499 as if fully restated herein.

503.   By no later than April 30, 2014, Hawaiiprint, which owned the

copyright for the 73657 surface design at the time, sold a certain length of fabric

displaying the 73657 surface design to NTKN or its predecessor for use in the

manufacture of garments. The sale did not include a license to reproduce the

73657 surface design.

504.   On or about June 24, 2022, Plaintiffs discovered that garments

displaying what NTKN apparently named the 464/Ride Gardenia pattern,

including but not limited to men's and boys' shirts, were being offered for sale in

various colors by other vendors, including but not limited to LEILANI'S ATTIC.

505.   Based on information and belief, NTKN and LEILANI'S ATTIC

have sold garments displaying the 464/Ride Gardenia pattern in this District.

506.   Based on information and belief, the fabric sold by Hawaiiprint to

NTKN or its predecessor displaying the 73657 surface design was either

completely exhausted or not used during the manufacture of the garments

displaying the 464/Ride Gardenia pattern.

507.   The 464/Ride Gardenia pattern is substantially similar or identical to Plaintiffs' copyrighted 73657 surface design. A side-by-side comparison of the Plaintiffs' 73657 surface design with the 464/Ride Gardenia pattern as displayed on a shirt is set forth in Figure 22 below:

**Figure 22**

**73657**                                   **464/Ride Gardenia**

   

508.   Based on information and belief, the garments presently displaying the 464/Ride Gardenia pattern are reproductions of the 73657 surface design commissioned and imported by NTKN.

509.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 73657 surface design or sold additional fabric displaying the 73657 surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint has licensed LEILANI'S ATTIC to reproduce or sell the copyrighted 73657 surface design or sold fabric to LEILANI'S ATTIC displaying the copyrighted 73657 surface design. Plaintiffs have also not been compensated for

NTKN or LEILANI'S ATTIC's present use of the copyrighted 73657 surface design. NTKN and LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73657 surface design are therefore unauthorized.

510.    Based on information and belief, NTKN had access to Plaintiffs' 73657 surface design through fabric sold to it or its predecessor by Hawaiiprint.

511.    Based on information and belief, LEILANI'S ATTIC had access to Plaintiffs' 73657 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73657 surface design by NTKN or other third-party vendors.

512.    The acts by NTKN and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

513.    Based on information and belief, NTKN and LEILANI'S ATTIC have realized profits as a direct and proximate result of their wrongful conduct.

514.

515.    On March 24, 2023, Plaintiffs' counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

516.    Based on information and belief, NTKN and LEILANI'S ATTIC

have willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

517.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

518.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73657 surface design.

519.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73657 surface design.

520.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

521.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

522.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY and LEILANI'S ATTIC.

523.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## TWENTY-SECOND CLAIM FOR RELIEF
### (Copyright Infringement – The 73138 Surface Design)
### (Against NTKN, HUNG KY, and LEILANI'S ATTIC)

524.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 523 as if fully restated herein.

525.   By no later than August 26, 2010, Hawaiiprint, which owned the copyright for the 73138 surface design at the time, sold a certain length of fabric displaying the 73138 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73138 surface design.

526.   On or about May 18, 2022, Plaintiffs discovered that garments displaying what NTKN apparently named the 820/Waipio Hibiscus pattern, including but not limited to women's short and midi dresses, were being offered for sale under various names and in various colors by other vendors, including but not limited to LEILANI'S ATTIC.

527.   Based on information and belief, NTKN and LEILANI'S ATTIC

SECOND AMENDED COMPLAINT - 109

have sold garments displaying the 820/Waipio Hibiscus pattern in this District.

528.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73138 surface design was either completely exhausted or not used during the manufacture of the garments displaying the 820/Waipio Hibiscus pattern.

529.   The 820/Waipio Hibiscus pattern is substantially similar or identical to Plaintiffs' copyrighted 73138 surface design. A side-by-side comparison of the Plaintiffs' 73138 surface design with the 820/Waipio Hibiscus pattern as displayed on a short dress is set forth in Figure 23 below:

**Figure 23**

**73138**                                    **820/Waipio Hibiscus**



530.   Based on information and belief, the garments presently displaying the 820/Waipio Hibiscus pattern are reproductions of the 73138 surface design commissioned and imported by NTKN.

531.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to

SECOND AMENDED COMPLAINT - 110

reproduce the copyrighted 73138 surface design or sold additional fabric displaying the 73138 surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint have licensed LEILANI'S ATTIC to reproduce or sell the copyrighted 73138 surface design or sold fabric to LEILANI'S ATTIC displaying the copyrighted 73138 surface design. Plaintiffs have also not been compensated for NTKN or LEILANI'S ATTIC's present use of the copyrighted 73138 surface design. NTKN and LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73138 surface design are therefore unauthorized.

532.   Based on information and belief, NTKN had access to Plaintiffs' 73138 surface design through fabric sold to it or its predecessor by Hawaiiprint.

533.   Based on information and belief, LEILANI'S ATTIC had access to Plaintiffs' 73138 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73138 surface design by NTKN or other third-party vendors.

534.   The acts by NTKN and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

535.   NTKN and LEILANI'S ATTIC have realized profits as a direct and

proximate result of their wrongful conduct.

536.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

537.   On or about June 22, 2022, Plaintiff's counsel sent a notice of copyright infringement to LEILANI'S ATTIC via email.

538.   LEILANI'S ATTIC continued to sell garments bearing the 820/Waipio Hibiscus pattern after the notice of copyright infringement was delivered.

539.   Due to its continued sale of garments after the notice of copyright infringement was delivered, LEILANI'S ATTIC has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

540.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

541.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73138 surface design.

542.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73138 surface design.

543.   As a direct and proximate result of the infringement by NTKN and HUNG KY, Plaintiffs have sustained and will continue to sustain substantial and

irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

544.   As a direct and proximate result of the infringement by NTKN, HUNG KY, and LEILANI'S ATTIC Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

545.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN, HUNG KY, and LEILANI'S ATTIC.

546.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## TWENTY-THIRD CLAIM FOR RELIEF
### (Copyright Infringement – The 91148 Surface Design)
### (Against NTKN, HUNG KY and HAWAII HANGOVER)

547.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 546 as if fully restated herein.

548.   By no later than October 16, 2013, Hawaiiprint, which owned the copyright for the 91148 surface design at the time, sold a certain length of fabric

displaying the 91148 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 91148 surface design.

549.   On or about April 17, 2023, Plaintiffs discovered that garments displaying what NTKN apparently named the 459/Rafelsia Orchid pattern, including but not limited to men's and boys' shirts, were being offered for sale under various names and in various colors by other vendors, including but not limited to HAWAII HANGOVER.

550.   Based on information and belief, NTKN and HAWAII HANGOVER have sold garments displaying the 459/Rafelsia Orchid pattern in this District.

551.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 91148 surface design was either completely exhausted or not used during the manufacture of the garments displaying the 459/Rafelsia Orchid pattern.

552.   The 459/Rafelsia Orchid pattern is substantially similar or identical to Plaintiffs' copyrighted 91148 surface design. A side-by-side comparison of the Plaintiffs' 91148 surface design with the 459/Rafelsia Orchid pattern as displayed on a shirt is set forth in Figure 24 below:

/ / /

/ / /

SECOND AMENDED COMPLAINT - 114

**Figure 24**

91148                           459/Rafelsia Orchid

   

553.   Based on information and belief, the garments presently displaying

the 459/Rafelsia Orchid pattern are reproductions of the 91148 surface design

commissioned and imported by NTKN.

554.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to

reproduce the copyrighted 91148 surface design or sold additional fabric

displaying the 91148 surface design to NTKN. Likewise, neither Plaintiffs nor

Hawaiiprint have licensed HAWAII HANGOVER to reproduce or sell the

copyrighted 91148 surface design or sold fabric to HAWAII HANGOVER

displaying the copyrighted 91148 surface design. Plaintiffs have also not been

compensated for NTKN or HAWAII HANGOVER's present use of the

copyrighted 91148 surface design. NTKN and HAWAII HANGOVER's

importation, manufacture, and/or sale of clothing displaying a surface design

substantially similar or identical to Plaintiffs' copyrighted 91148 surface design are therefore unauthorized.

555.   Based on information and belief, NTKN had access to Plaintiffs' 91148 surface design through fabric sold to it or its predecessor by Hawaiiprint.

556.   Based on information and belief, HAWAII HANGOVER had access to Plaintiffs' 91148 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 91148 surface design by NTKN or other third-party vendors.

557.   The acts by NTKN and HAWAII HANGOVER complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

558.   NTKN and HAWAII HANGOVER have realized profits as a direct and proximate result of their wrongful conduct.

559.   On or about April 17, 2023, Plaintiff's counsel sent a notice of copyright infringement to HAWAII HANGOVER's counsel via email.

560.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

561.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

SECOND AMENDED COMPLAINT - 116

562.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 91148 surface design.

563.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 91148 surface design.

564.   As a direct and proximate result of the infringement by NTKN, HUNG KY and HAWAII HANGOVER, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

565.   As a direct and proximate result of the infringement by NTKN, HUNG KY and HAWAII HANGOVER, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and HAWAII HANGOVER's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

566.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against HAWAII HANGOVER.

567.   Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

## TWENTY-FOURTH CLAIM FOR RELIEF
### (Copyright Infringement – 73070 Surface Design)
### (Against NTKN, HUNG KY and LEILANI'S ATTIC)

568.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 567 as if fully restated herein.

569.   By no later than October 16, 2013, Hawaiiprint, which owned the copyright for the 73070 surface design at the time, sold a certain length of fabric displaying the 73070 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73070 surface design.

570.   On or about May 1, 2023, Plaintiffs discovered that garments displaying what NTKN apparently named the 458/Woody Island Border pattern, including but not limited to men's and boys' shirts, were being offered for sale under various names and in various colors by other vendors, including but not limited to LEILANI'S ATTIC.

571.   Based on information and belief, NTKN and LEILANI'S ATTIC have sold garments displaying the 458/Woody Island Border pattern in this District.

572.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73070 surface design was either

completely exhausted or not used during the manufacture of the garments displaying the 458/Woody Island Border pattern.

573.   The 458/Woody Island Border pattern is substantially similar or identical to Plaintiffs' copyrighted 73070 surface design. A side-by-side comparison of the Plaintiffs' 73070 surface design with the 458/Woody Island Border pattern as displayed on a shirt is set forth in Figure 25 below:

**Figure 25**

**73070**                          **458/Woody Island Border**



574.   Based on information and belief, the garments presently displaying the 458/Woody Island Border pattern are reproductions of the 73070 surface design commissioned and imported by NTKN.

575.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 73070 surface design or sold additional fabric displaying the 73070 surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint have licensed LEILANI'S ATTIC to reproduce or sell the

copyrighted 73070 surface design or sold fabric to LEILANI'S ATTIC displaying the copyrighted 73070 surface design. Plaintiffs have also not been compensated for NTKN or LEILANI'S ATTIC's present use of the copyrighted 73070 surface design. NTKN and LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73070 surface design are therefore unauthorized.

576. Based on information and belief, NTKN had access to Plaintiffs' 73070 surface design through fabric sold to it or its predecessor by Hawaiiprint.

577. Based on information and belief, LEILANI'S ATTIC had access to Plaintiffs' 73070 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73070 surface design by NTKN or other third-party vendors.

578. The acts by NTKN and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

579. NTKN and LEILANI'S ATTIC have realized profits as a direct and proximate result of their wrongful conduct.

580. Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

SECOND AMENDED COMPLAINT - 120

581.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

582.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73070 surface design.

583.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73070 surface design.

584.   As a direct and proximate result of the infringement by NTKN, HUNG KY and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

585.   As a direct and proximate result of the infringement by NTKN, HUNG KY and LEILANI'S ATTIC, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

586.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against LEILANI'S ATTIC.

587.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

**TWENTY-FIFTH CLAIM FOR RELIEF**
**(Copyright Infringement – 73285 Surface Design)**
**(Against NTKN, HUNG KY and LEILANI'S ATTIC)**

588.   Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 587 as if fully restated herein.

589.   By no later than October 16, 2013, Hawaiiprint, which owned the copyright for the 73285 surface design at the time, sold a certain length of fabric displaying the 73285 surface design to NTKN or its predecessor for use in the manufacture of garments. The sale did not include a license to reproduce the 73285 surface design.

590.   On or about May 1, 2023, Plaintiffs discovered that garments displaying what NTKN apparently named the 470/Beach Scene pattern, including but not limited to men's and boys' shirts, were being offered for sale under various names and in various colors by other vendors, including but not limited to LEILANI'S ATTIC.

591.   Based on information and belief, NTKN and LEILANI'S ATTIC have sold garments displaying the 470/Beach Scene pattern in this District.

592.   Based on information and belief, the fabric sold by Hawaiiprint to

NTKN or its predecessor displaying the 73285 surface design was either completely exhausted or not used during the manufacture of the garments displaying the 470/Beach Scene pattern.

593.   The 470/Beach Scene pattern is substantially similar or identical to Plaintiffs' copyrighted 73285 surface design. A side-by-side comparison of the Plaintiffs' 73285 surface design with the 470/Beach Scene pattern as displayed on a shirt is set forth in Figure 26 below:

**Figure 26**

**73285**                    **470/Beach Scene**



594.   Based on information and belief, the garments presently displaying the 470/Beach Scene pattern are reproductions of the 73285 surface design commissioned and imported by NTKN.

595.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to reproduce the copyrighted 73285 surface design or sold additional fabric displaying the 73285 surface design to NTKN. Likewise, neither Plaintiffs nor

SECOND AMENDED COMPLAINT - 123

Hawaiiprint have licensed LEILANI'S ATTIC to reproduce or sell the copyrighted 73285 surface design or sold fabric to LEILANI'S ATTIC displaying the copyrighted 73285 surface design. Plaintiffs have also not been compensated for NTKN or LEILANI'S ATTIC's present use of the copyrighted 73285 surface design. NTKN and LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73285 surface design are therefore unauthorized.

596.   Based on information and belief, NTKN had access to Plaintiffs' 73285 surface design through fabric sold to it or its predecessor by Hawaiiprint.

597.   Based on information and belief, LEILANI'S ATTIC had access to Plaintiffs' 73285 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73285 surface design by NTKN or other third-party vendors.

598.   The acts by NTKN and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

599.   NTKN and LEILANI'S ATTIC have realized profits as a direct and proximate result of their wrongful conduct.

600.   Based on information and belief, NTKN has willfully engaged in the

acts complained of in conscious disregard of Plaintiffs' rights.

601.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

602.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73285 surface design.

603.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73285 surface design.

604.   As a direct and proximate result of the infringement by NTKN, HUNG KY and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

605.   As a direct and proximate result of the infringement by NTKN, HUNG KY and LEILANI'S ATTIC, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and a constructive trust with respect to such profits.

606.   Alternatively, Plaintiffs are entitled to statutory damages up to

$150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and

$30,000 against LEILANI'S ATTIC.

607.   Plaintiffs are further entitled to recover their full costs and attorney

fees pursuant to 17 U.S.C. § 505.

## TWENTY-SIXTH CLAIM FOR RELIEF
### (Copyright Infringement – 73106 Surface Design)
### (Against NTKN, HUNG KY and LEILANI'S ATTIC)

608.   Plaintiffs incorporate by reference all of the allegations contained in

Paragraphs 1 through 607 as if fully restated herein.

609.   By no later than October 16, 2013, Hawaiiprint, which owned the

copyright for the 73106 surface design at the time, sold a certain length of fabric

displaying the 73106 surface design to NTKN or its predecessor for use in the

manufacture of garments. The sale did not include a license to reproduce the

73106 surface design.

610.   On or about May 1, 2023, Plaintiffs discovered that garments

displaying what NTKN apparently named the 819/Hibiscus Leis pattern, including

but not limited to men's and boys' shirts, were being offered for sale under

various names and in various colors by other vendors, including but not limited to

LEILANI'S ATTIC.

611.   Based on information and belief, NTKN and LEILANI'S ATTIC

have sold garments displaying the 819/Hibiscus Leis pattern in this District.

SECOND AMENDED COMPLAINT - 126

612.   Based on information and belief, the fabric sold by Hawaiiprint to NTKN or its predecessor displaying the 73106 surface design was either completely exhausted or not used during the manufacture of the garments displaying the 819/Hibiscus Leis pattern.

613.   The 819/Hibiscus Leis pattern is substantially similar or identical to Plaintiffs' copyrighted 73106 surface design. A side-by-side comparison of the Plaintiffs' 73106 surface design with the 819/Hibiscus Leis pattern as displayed on a shirt is set forth in Figure 27 below:

**Figure 27**

| 73106 | 819/Hibiscus Leis |



614.   Based on information and belief, the garments presently displaying the 819/Hibiscus Leis pattern are reproductions of the 73106 surface design commissioned and imported by NTKN.

615.   Neither Plaintiffs nor Hawaiiprint have authorized NTKN to

SECOND AMENDED COMPLAINT - 127

reproduce the copyrighted 73106 surface design or sold additional fabric displaying the 73106 surface design to NTKN. Likewise, neither Plaintiffs nor Hawaiiprint have licensed LEILANI'S ATTIC to reproduce or sell the copyrighted 73106 surface design or sold fabric to LEILANI'S ATTIC displaying the copyrighted 73106 surface design. Plaintiffs have also not been compensated for NTKN or LEILANI'S ATTIC's present use of the copyrighted 73106 surface design. NTKN and LEILANI'S ATTIC's importation, manufacture, and/or sale of clothing displaying a surface design substantially similar or identical to Plaintiffs' copyrighted 73106 surface design are therefore unauthorized.

616.   Based on information and belief, NTKN had access to Plaintiffs' 73106 surface design through fabric sold to it or its predecessor by Hawaiiprint.

617.   Based on information and belief, LEILANI'S ATTIC had access to Plaintiffs' 73106 surface design, including, without limitation, through (a) NTKN's websites, catalogues, or place of business; or (b) access to illegally distributed copies of the 73106 surface design by NTKN or other third-party vendors.

618.   The acts by NTKN and LEILANI'S ATTIC complained of herein constitute infringement of Plaintiffs' copyright and exclusive rights including, without limitation, its rights under 17 U.S.C. § 106.

619.   NTKN and LEILANI'S ATTIC have realized profits as a direct and

proximate result of their wrongful conduct.

620.   Based on information and belief, NTKN has willfully engaged in the acts complained of in conscious disregard of Plaintiffs' rights.

621.   As a shareholder and principal of NTKN, HUNG KY had the right and ability to stop or limit NTKN's infringement but failed to exercise that right.

622.   As a shareholder and principal of NTKN, HUNG KY enjoyed a direct financial benefit from NTKN's direct infringement of the 73106 surface design.

623.   HUNG KY has therefore vicariously infringed Plaintiffs' copyright of the 73106 surface design.

624.   As a direct and proximate result of the infringement by NTKN, HUNG KY and LEILANI'S ATTIC, Plaintiffs have sustained and will continue to sustain substantial and irreparable harm for which there is no adequate remedy at law. Plaintiffs therefore are entitled to a permanent injunction restraining and enjoining the infringing conduct.

625.   As a direct and proximate result of the infringement by NTKN, HUNG KY and LEILANI'S ATTIC, Plaintiffs are entitled to recover their actual damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are further entitled to recover NTKN, HUNG KY, and LEILANI'S ATTIC's profits attributable to their infringing conduct, and an accounting of and

a constructive trust with respect to such profits.

626.   Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c) against NTKN and HUNG KY and $30,000 against LEILANI'S ATTIC.

627.   Plaintiffs are further entitled to recover their full costs and attorney fees pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment of up to $3,900,000 and other relief as follows:

1.   On Plaintiffs' First Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC:

   a.   That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73142 surface design in violation of 17 U.S.C. § 501;

   b.   That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73142 surface design;

   c.   That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73142 surface design;

   d.   That Plaintiffs be awarded either actual damages plus the above

Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and LEILANI'S ATTIC, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiffs be awarded such other and further relief as is just and proper.

2.  On Plaintiffs' Second Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a.  That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73469 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73469 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73469 surface design;

SECOND AMENDED COMPLAINT - 131

    d.  That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

    e.  That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

    g.  That Plaintiffs be awarded such other and further relief as is just and proper.

3.    On Plaintiffs' Third Claim for Relief against NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION:

    a.  That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73571 surface design in violation of 17 U.S.C. § 501;

    b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73571 surface design;

    c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73571 surface design;

d.  That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN, HUNG KY, and LEILANI'S ATTIC, jointly and severally, and $30,000 against SHAKA TIME and CITIES FASHION, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiffs be awarded such other and further relief as is just and proper.

4.  On Plaintiffs' Fourth Claim for Relief against NTKN, HUNG KY, and SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER:

a.  That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73614 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73614 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73614

SECOND AMENDED COMPLAINT - 133

surface design;

d. That Plaintiffs be awarded either actual damages plus the above
Defendants' profits from their infringement; or, alternatively at
Plaintiffs' election, statutory damages up to $150,000 against
NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII
HANGOVER, jointly and severally, and $30,000 against SHAKA
TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded their costs and reasonable attorneys'
fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest
according to law; and

g. That Plaintiffs be awarded such other and further relief as is just
and proper.

5.    On Plaintiffs' Fifth Claim for Relief against NTKN, HUNG KY, and
SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon
Plaintiffs' copyrighted 73627 surface design in violation of 17
U.S.C. § 501;

b. That the above Defendants be permanently enjoined from
importing, manufacturing, distributing, offering for sale, selling or
otherwise trafficking in any product that infringes Plaintiffs'
copyrighted 73627 surface design;

c. That the above Defendants be required to account for all profits

derived from their infringement of Plaintiffs' copyrighted 73627 surface design;

d.  That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiffs be awarded such other and further relief as is just and proper.

6.  On Plaintiffs' Sixth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER:

a.  That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 4319B surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 4319B surface design;

c.  That the above Defendants be required to account for all profits

SECOND AMENDED COMPLAINT - 135

derived from their infringement of Plaintiffs' copyrighted 4319B
surface design;

d. That Plaintiffs be awarded either actual damages plus the above
Defendants' profits from their infringement; or, alternatively at
Plaintiffs' election, statutory damages up to $150,000 against
NTKN, HUNG KY, and LEILANI'S ATTIC jointly and
severally, and $30,000 against SHAKA TIME, and HAWAII
HANGOVER, jointly and severally, pursuant to 17 U.S.C. §
504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees
pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest
according to law; and

g. That Plaintiffs be awarded such other and further relief as is just
and proper.

7. On Plaintiffs' Seventh Claim for Relief against NTKN and HUNG KY:

a. That the above Defendants be adjudged to have infringed upon
Plaintiffs' copyrighted E4A08 surface design in violation of 17
U.S.C. § 501;

b. That the above Defendants be permanently enjoined from
importing, manufacturing, distributing, offering for sale, selling or
otherwise trafficking in any product that infringes Plaintiffs'
copyrighted E4A08 surface design;

SECOND AMENDED COMPLAINT - 136

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted E4A08 surface design;

d.  That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the above Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiffs be awarded such other and further relief as is just and proper.

8.  On Plaintiffs' Eighth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and CITIES FASHION:

a.  That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted E-022R3 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted E-022R3 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted E-022R3 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and CITIES FASHION pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

9. On Plaintiffs' Ninth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted EH-2F44 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs'

copyrighted EH-2F44 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted EH-2F44 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME, LEILANI'S ATTIC, and CITIES FASHION, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

10. On Plaintiffs' Tenth Claim for Relief against NTKN and HUNG KY:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted EH-3D25 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs'

copyrighted EH-3D25 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted EH-3D25 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 pagainst the above Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

11. On Plaintiffs' Eleventh Claim for Relief against NTKN, HUNG KY, and SHAKA TIME:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted EH-20129 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs'

copyrighted EH-20129 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted EH-20129 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

12. On Plaintiffs' Twelfth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted KS-6919 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs'

SECOND AMENDED COMPLAINT - 141

copyrighted KS-6919 surface design;

c.  That the above Defendants be required to account for all profits
derived from their infringement of Plaintiffs' copyrighted KS-
6919 surface design;

d.  That Plaintiffs be awarded either actual damages plus the above
Defendants' profits from their infringement; or, alternatively at
Plaintiffs' election, statutory damages up to $150,000 against
NTKN HUNG KY, jointly and severally, and $30,000 against
SHAKA TIME and LEILANI'S ATTIC, jointly and severally,
pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiffs be awarded its costs and reasonable attorneys' fees
pursuant to 17 U.S.C. § 505;

f.  That Plaintiffs be awarded pre- and post-judgment interest
according to law; and

g.  That Plaintiffs be awarded such other and further relief as is just
and proper.

13.  On Plaintiffs' Thirteenth Claim for Relief against NTKN, HUNG KY,
SHAKA TIME, LEILANI'S ATTIC, and HAWAII HANGOVER:

a.  That the above Defendants be adjudged to have infringed upon
Plaintiffs' copyrighted 73269 surface design in violation of 17
U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from
importing, manufacturing, distributing, offering for sale, selling or

SECOND AMENDED COMPLAINT - 142

otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73269 surface design;

c.   That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73269 surface design;

d.   That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII HANGOVER, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e.   That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.   That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g.   That Plaintiffs be awarded such other and further relief as is just and proper.

14.   On Plaintiffs' Fourteenth Claim for Relief against NTKN, HUNG KY, LEILANI'S ATTIC, and CITIES FASHION:

a.   That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted EH-2E13B surface design in violation of 17 U.S.C. § 501;

b.   That the above Defendants be permanently enjoined from

importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted EH-2E13B surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted EH-2E13B surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the NTKN and HUNG KY, jointly and severally, and $30,000 against LEILANI'S ATTIC and CITIES FASHION, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

15. On Plaintiffs' Fifteenth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 03780 surface design in violation of 17 U.S.C. § 501;

SECOND AMENDED COMPLAINT - 144

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 03780 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 03780 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN, HUNG KY, and LEILANI'S ATTIC, jointly and severally, and $30,000 against SHAKA TIME pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

16. On Plaintiffs' Sixteenth Claim for Relief against NTKN, HUNG KY, and LEILANI'S ATTIC:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted EH-2J11 surface design in violation of 17

U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted EH-2J11 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted EH-2J11 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the above NTKN and HUNG KY, jointly and severally, and $30,000 against LEILANI'S ATTIC pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

17. On Plaintiffs' Seventeenth Claim for Relief against NTKN, HUNG KY, and LEILANI'S ATTIC:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted EH-2M59 surface design in violation of 17

SECOND AMENDED COMPLAINT - 146

U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted EH-2M59 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted EH-2M59 surface design;

d. That Plaintiff be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the NTKN and HUNG KY, jointly and severally, and $30,000 against LEILANI'S ATTIC pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

18. On Plaintiffs' Eighteenth Claim for Relief against NTKN, HUNG KY, and LEILANI'S ATTIC:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted EH-81104 surface design in violation of 17

SECOND AMENDED COMPLAINT - 147

U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted EH-81104 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted EH-81104 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the NTKN and HUNG KY, jointly and severally, and $30,000 against LEILANI'S ATTIC pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

19. On Plaintiffs' Nineteenth Claim for Relief against NTKN, HUNG KY, LEILANI'S ATTIC, and HAWAII HANGOVER:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73096 surface design in violation of 17

U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73096 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73096 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against LEILANI'S ATTIC and HAWAI HANGOVER, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

20. On Plaintiffs' Twentieth Claim for Relief against NTKN, HUNG KY, SHAKA TIME, and LEILANI'S ATTIC:

a. That the above Defendants be adjudged to have infringed upon

Plaintiff's copyrighted 73104 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73104 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73104 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against SHAKA TIME and LEILANI'S ATTIC, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

21. On Plaintiffs' Twenty-First Claim for Relief against NTKN, HUNG KY, and LEILANI'S ATTIC:

SECOND AMENDED COMPLAINT - 150

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73657 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73657 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73657 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the above Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

22. On Plaintiffs' Twenty-Second Claim for Relief against NTKN, HUNG KY, and LEILANI'S ATTIC:

a.  That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73138 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73138 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73138 surface design;

d.  That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the above Defendants, jointly and severally, pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiffs be awarded  their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiffs be awarded such other and further relief as is just and proper.

23.  On Plaintiffs' Twenty-Third Claim for Relief against NTKN, HUNG KY, and HAWAII HANGOVER:

SECOND AMENDED COMPLAINT - 152

a.  That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 91148 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 91148 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 91148 surface design;

d.  That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against NTKN and HUNG KY, jointly and severally, and $30,000 against HAWAII HANGOVER pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiffs be awarded such other and further relief as is just and proper.

24.  On Plaintiffs' Twenty-Fourth Claim for Relief against NTKN, HUNG KY, and LEILANI'S ATTIC:

a.  That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73070 surface design in violation of 17 U.S.C. § 501;

b.  That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73070 surface design;

c.  That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73070 surface design;

d.  That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the NTKN and HUNG KY, jointly and severally, and $30,000 against LEILANI'S ATTIC pursuant to 17 U.S.C. § 504(c);

e.  That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f.  That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g.  That Plaintiffs be awarded such other and further relief as is just and proper.

25.  On Plaintiffs' Twenty-Fifth Claim for Relief against NTKN, HUNG KY, and LEILANI'S ATTIC:

SECOND AMENDED COMPLAINT - 154

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73285 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73285 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73285 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the NTKN and HUNG KY, jointly and severally, and $30,000 against LEILANI'S ATTIC pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

26. On Plaintiffs' Twenty-Sixth Claim for Relief against NTKN, HUNG KY, and LEILANI'S ATTIC:

a. That the above Defendants be adjudged to have infringed upon Plaintiffs' copyrighted 73106 surface design in violation of 17 U.S.C. § 501;

b. That the above Defendants be permanently enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiffs' copyrighted 73106 surface design;

c. That the above Defendants be required to account for all profits derived from their infringement of Plaintiffs' copyrighted 73106 surface design;

d. That Plaintiffs be awarded either actual damages plus the above Defendants' profits from their infringement; or, alternatively at Plaintiffs' election, statutory damages up to $150,000 against the NTKN and HUNG KY, jointly and severally, and $30,000 against LEILANI'S ATTIC pursuant to 17 U.S.C. § 504(c);

e. That Plaintiffs be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Plaintiffs be awarded pre- and post-judgment interest according to law; and

g. That Plaintiffs be awarded such other and further relief as is just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

hereby demands a trial by jury on all issues so triable.

DATED this 2nd day of June 2023.

/s/ Leo Y. Shimizu
Leo Y. Shimizu
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Leonard D. DuBoff, *Pro Hac Vice*
Edward T. Fu, *Pro Hac Vice*
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com
Telephone: (503) 968-8111

Attorneys for Plaintiffs