IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., TRENDTEX HOLDING, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>NTKN, INC., HUNG KY, SHAKA TIME, INC., HAWAIʻI HANGOVER, LLC, MARK MADL, CITES FASHION<br><br>Defendants. | Civil No. 22-00287 LEK-KJM<br><br>ORDER ON LR37.1 DISCOVERY DISPUTE |

**ORDER ON LR37.1 DISCOVERY DISPUTE**

The parties are before the Court on a variety of discovery disputes and have submitted letter briefs on their positions. ECF Nos. 134, 136, 137, 139[1]. The parties have generally satisfied their meet-and-confer obligation. *Id.* The Court has carefully reviewed the written submissions and rules as follows.

---

[1] The Court gave the parties until October 20, 2023 to file their letter briefs, which they timely filed. NTKN, Inc. and Defendant Hung Ky filed an Errata on October 23, 2023, with a revised letter brief representing that they filed the "Errata to correct that it was Mr. Reiss, not Mr. Goto, who requested a change to the Stipulated Protective Order," and that "[n]o other changes have been made" to their previously timely filed letter brief. ECF No. 139. Given this minor change, the Court references and cites only their October 20, 2023 letter brief. *See* ECF No. 137.

A. <u>NTKN 30(b)(6) Deposition</u>

Trendtex Fabrics, Ltd. and Trendtex Holding, LLC (together, "Trendtex") noticed NTKN, Inc.'s ("NTKN") deposition pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(6). Hung Ky ("Ky") is the owner and operater of NTKN and its Rule 30(b)(6) designee for NTKN on all noticed topics. ECF No. 137. Trendtex also intends to depose Ky individually. The parties dispute whether Trendtex may depose Ky both in his individual capacity and as NTKN's designated Rule 30(b)(6) representative.

NTKN's argument that it need not make Mr. Ky availability in both his personal and 30(b)(6) representative capacity is without merit. As argued by Trendtex, it is well settled that a litigant may depose a single witness both as an individual under FRCP 30(a)(1) and as an organizational representative under FRCP 30(b)(6). *Corker v. Costco Wholesale Corp.*, No. C19-0290RSL, 2022 WL 92979, at *2 (W.D. Wash. Jan. 10, 2022) (citing numerous cases). "This is because, typically, the deposition of an individual witness and the deposition of that same witness as a representative of the organization are distinct matters." *Id.* Trendtex, of course, has no control over who NTKN designates as its Rule 30(b)(6) representative.

The Court recognizes, however, that it "has an obligation to prevent a party from using a Rule 30(b)(6) deposition to harass the opposing party or to subject the

2

opposing party to unreasonably burdensome or cumulative discovery[,]" and that in a closely held corporation, there may be no difference between the knowledge of the entity and the knowledge of its principals.  *Id.*  Here, NTKN and Ky maintain that Ky's deposition testimony will be the same regardless of whether he is testifying for NTKN or for himself.  If this is true, this dispute might have been resolved with a stipulation binding Ky's sworn testimony to both himself and NTKN.  Failing that, Trendtex is entitled to a Rule 30(b)(6) deposition of NTKN and a separate deposition of Ky individually.  After completion of the Rule 30(b)(6) deposition, the parties should consider whether some or all of Ky's personal deposition can be avoided via stipulation.

      B.     <u>Duration of NTKN's 30(b)(6) Deposition</u>

Unless otherwise stipulated or ordered, a deposition is limited to one day of seven hours.  *See* Fed. R. Civ. P. 30(d)(1).  NTKN maintains that Ky "does not read or speak English well and requires an interpreter."  Trendtex does not concede that an interpreter is justified, citing a publicly available television news interview where Ky participated without an interpreter.  Nevertheless, Trendtex does not object to Ky's use of an interpreter if Trendtex is allotted up to fourteen hours for the Rule 30(b)(6) deposition.

Courts often allow additional time for a deposition where an interpreter is used.  However, the amount of extra time permitted for foreign language

3

depositions varies wildly. *See Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356 (JG), 2015 WL 2090401, at *6 (S.D. Fla. May 5, 2015) ("To the extent that interpreters are used for either the 30(b)(6) deposition or the fact witness depositions, the time will be adjusted, based on the rule that the use of an interpreter doubles the deposition time."); *DRFP, LLC v. Venezuela*, No. 04-CV-00793 (TPK), 2015 WL 5244440, at *3 (S.D. Ohio Sept. 9, 2015) ("[T]he Court will limit the second deposition to one day of eight hours (plus normal breaks). The additional hour beyond the seven-hour limit set out in Rule 30(d)(1) should accommodate the need for an interpreter to be present.").

The parties agree that extra time is needed beyond the presumptive seven hours, but disagree about the amount of additional time. Trendtex requests 14 hours. NTKN requests 9 hours. The Court, in its discretion, sets a 12-hour limit for NTKN's 30(b)(6) deposition requiring an interpreter. *See Quinones v. Univ. of Puerto Rico*, No. 14-CV-01331 (MEL), 2015 WL 3604152, at *5 (D.P.R. June 8, 2015) (permitting 12-hour deposition where interpreter used).

    C.    <u>Trendtex's 30(b)(6) Examination by Multiple Counsel</u>

The parties dispute whether Trendtex, which has separate counsel for its claims and defense of its counterclaims, may have each counsel question NTKN at the deposition. It may. The 12-hour limit applies to all of Trendtex's time, regardless of which attorney asks questions. The Court expects everyone involved

4

to proceed with complete professionalism at the deposition. The Court will not tolerate gamesmanship or inefficiency by counsel, the parties, or the interpreter.

D. Date of Examination

The parties' inability to simply schedule a key deposition is unacceptable. The briefing is unclear as to the cause for this delay, and the Court does not have enough information at its disposal to simply order workable deposition dates. The Court also lacks sufficient information to determine whether to extend any expert disclosure deadlines. The Court expects the parties to schedule and conduct the Rule 30(b)(6) deposition forthwith. If a short extension of expert deadlines becomes necessary, the parties should resolve that issue by agreement.

E. Amended Stipulated Protective Order

If the parties cannot obtain all of the necessary signatures on a stipulation, they inevitably need to proceed by motion.

IT IS SO ORDERED.

DATED: October 25, 2023, Honolulu, Hawai'i.



Kenneth J. Mansfield
United States Magistrate Judge

CV 22-00287 LEK-KJM; *Trendtex Fabrics LTD v. NTKN, Inc., et al*; ORDER ON LR37.1 DISCOVERY DISPUTE