IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., TRENDTEX HOLDING, LLC, <br><br>Plaintiffs, <br><br>vs. <br><br>NTKN, INC., ET AL., <br><br>Defendants. | Civil No. 22-00287 LEK-KJM <br><br>**ORDER ON LR37.1 DISCOVERY DISPUTE** |

**ORDER ON LR37.1 DISCOVERY DISPUTE**

The parties – Plaintiffs Trendtex Fabrics, Ltd. and Trendtex Holding, LLC (together, "Trendtex") and Defendants NTKN, Inc. ("NTKN") and Hung Ky (together, "Defendants") – are back before the Court on a new batch of discovery disputes. ECF No. 152. They have met and conferred, but require decisions on five issues. After carefully reviewing the joint written submission, ECF No. 152, the applicable law, and record in this case, the Court rules as follows.

1. <u>NTKN'S Amended Responses to Trendtex's First Request for Admissions</u>

The parties agree that NTKN owes Trendtex amended responses to Trendtex's First Request for Admissions. To date, Trendtex has not received the amended responses and requests that the Court set a deadline for NTKN to serve its amended responses. ECF No. 152 at 2.

NTKN maintains that the amended responses have been delayed due to Defendant Hung Ky ("Mr. Ky") being hospitalized while traveling internationally, and not being able to travel back to his home. *Id.* NTKN represents that it will provide its amended responses as soon as Mr. Ky is back at home. *Id.* NTKN also represents that it "will provide updates as soon as Mr. Ky is cleared by his doctor to travel." *Id.*

On this thin record, the Court is in no position to set an arbitrary deadline for NTKN to serve its amended responses, and for that reason DENIES Trendtex's request that it do so. Notwithstanding, the Court ORDERS NTKN and Mr. Ky to keep Trendtex updated of Mr. Ky's clearance to travel.

Furthermore, Trendtex also requests leave to conduct an additional Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deposition of NTKN on the limited subject of the amended responses. ECF No. 152 at 2. This request is governed by FRCP 30(a)(2)(A)(ii), which provides that, absent the parties' stipulation, courts must grant leave to depose a deponent who has already been deposed "to the extent consistent with Rule 26(b)(1) and (2)." The issue before the Court is therefore whether Trendtex's request to re-depose a NTKN 30(b)(6) representative regarding the amended responses is consistent with the discovery parameters set forth in FRCP 26(b)(1) and (2).

Here, the Court does not find that an additional 30(b)(6) deposition of NTKN is consistent with FRCP 26(b)(1) and (2). The November 16, 2023 30(b)(6) deposition was Trendtex's opportunity to exhaust its questions of NTKN, including follow up questions to testimony NTKN gave at that time. Trendtex, thus, "has had ample opportunity to obtain the information by discovery in the action[.]" Fed. R. Civ. P. 26(b)(2)(C)(ii). Additionally, allowing multiple depositions would provide Trendtex with "an unfair strategic advantage, offering multiple bites at the apple[.]" *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008). For these reasons, the Court DENIES Trendtex's request for leave to conduct an additional 30(b)(6) deposition of NTKN regarding the amended responses.

2.  <u>NTKN and Mr. Ky's Tax Returns</u>

Trendtex seeks an order compelling production of NTKN and Mr. Ky's tax returns for the past 23 years, which Trendtex claims are probative of NTKN's gross sales. ECF No. 152 at 2–3. NTKN and Mr. Ky maintain that this request is unduly burdensome, overbroad, and violates the proportionality requirement of FRCP 26(b). *Id.* at 3. The Court agrees with NTKN and Mr. Ky, and therefore sustains NTKN and Mr. Ky's objections to the discovery request. Accordingly, the Court DENIES Trendtex's request for an order compelling production of NTKN and Mr. Ky's tax returns.

3

Furthermore, the Court will not redraft and narrow these discovery requests for Trendtex, as it is not the Court's role to revise overbroad discovery requests. *See, e.g.*, *Moskowitz v. Am. Sav. Bank, F.S.B.*, 2019 WL 7496775, at *3 (D. Haw. June 27, 2019) (parties seeking discovery have a responsibility to frame their discovery within the confines of FRCP 1's mandate that the courts and the parties apply the federal rules so as to achieve "the just, speedy and inexpensive determination of every action.").

3. <u>Trendtex's FRCP 30(b)(6) Depositions – Extending Case Deadlines</u>

On December 22, 2023, NTKN served Trendtex with a FRCP 30(b)(6) deposition notice for January 12, 2024, one week before Defendants' January 19, 2024 expert witness disclosure deadline. ECF No. 152 at 4. Trendtex has indicated that its 30(b)(6) representative(s) are not available until February 27-28, 2024. *Id.*

Accordingly, the Court extends Defendants' expert disclosure deadline (Section 3(b) of the First Amended Scheduling Order, ECF No. 133) one week beyond the anticipated deposition completion to **March 7, 2024**.

Any rebuttal disclosures are due by **March 17, 2024** (instead of the 30 days provided for in Section 3 of the First Amended Scheduling Order, ECF No. 133).

The Court extends the March 1, 2024 discovery deadline (Section 5(a) of the First Amended Scheduling Order, ECF No. 133), **only insofar as it relates to expert disclosures, to March 28, 2024.**

For all other discovery, the March 1, 2024 deadline holds. All other deadlines remain as set forth in the First Amended Scheduling Order, ECF No. 133. The Court reminds the parties of their obligation to proceed with diligence to take all steps necessary to bring this action to readiness for trial. LR16.1.

4.  Interrogatory Responses

Each side maintains that the other sides' interrogatory responses are non-compliant. ECF No. 152 at 4–6. Nevertheless, each side has taken a similar approach to responding to interrogatories, inasmuch as they each refer to other information (including expert reports or document productions) instead of answering the interrogatory. *Id.* Having done so, each side now asks the Court to decide whether their approaches are permissible. *Id.*

Although FRCP 33(d) permits parties to produce business records in lieu of interrogatory answers, it appears from the briefing that the parties have not fully complied with the requirements of that rule. *See* Fed. R. Civ. P. 33(d)(1) ("[T]he responding party may answer by[] specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]"). Accordingly, the Court orders all parties

5

to supplement their interrogatory responses in full compliance with FRCP 26(g) and 33(d), no later than January 15, 2024. In particular, if the parties choose to produce business records in lieu of interrogatory answers, the parties must provide pin cites, paragraph numbers, page numbers, and/or other sufficient detail to "enable the interrogating party to locate and identify [the records] as readily as the responding party could[.]" Fed. R. Civ. P. 33(d)(1).

In addition to highlighting for counsel the utmost significance of their FRCP 26(g) certification, the Court reminds counsel that general objections are prohibited by FRCP 33(b)(4) and LR26.2(b). FRCP 33(b)(4) provides that "[t]he grounds for objection to an interrogatory must be stated with specificity." LR26.2(b) provides that "[e]ach objection shall be followed by a statement of the reasons therefor. Boilerplate and generalized objections are not permitted." Non-compliance with these well-settled discovery rules may lead to sanctions, including fines, dismissal or entry of default judgment, and/or revocation of *pro hac vice* admission. *See, e.g.*, LR11.1, LR83.1.

Lastly, the Court reminds the parties that "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). This discovery topic proves that this has not been the case here, and the Court advises the parties

that it will not further tolerate the discovery gamesmanship that seems to have infected this case.

5.      Production of Settlement Agreements and Third Party Communications

The parties dispute whether Trendtex should have to produce communications with third parties, including settlement agreements, concerning Defendants, the asserted copyrights, and the accused products at issue. ECF No. 152 at 6–7. Defendants argue that these documents are relevant to Trendtex's claims and Defendants' counterclaims, and are not otherwise protected from discovery. *Id.* Trendtex maintains that (i) the settlement agreements are "confidential" and thus protected from disclosure, and are not relevant to any of the issues between the parties, and (ii) the other communications with third parties are protected by either the attorney-client privilege or attorney-work product doctrine. *Id.* at 6.

FRCP 26(b)(1) provides for discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." The Court must therefore decide whether the communications with third parties are nonprivileged matter that is relevant to the claim or defense of any party.

The Court agrees with Defendants that Trendtex's communications with third parties, including settlement agreements, concerning Defendants, the asserted copyrights, or the accused products at issue, are relevant to the claims and defenses

7

in this case, and are not otherwise protected from disclosure by either the attorney-client privilege or attorney-work product doctrine.  "[T]he simple fact that the parties to the settlement agreement agreed to its confidentiality 'does not shield it from discovery.'"  *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (quoting *Conopco, Inc. v. Wein*, 2007 WL 1040676, *5 (S.D.N.Y.2007)).  This is particularly true where, as is the case here, "there is a Confidentiality Order in place . . . that is more than adequate to protect [a party's] proprietary information from misuse."  *Id.* (quoting *Conopco*, at *4).

Accordingly, the Court ORDERS Trendtex to produce the following by January 15, 2024:

1. Trendtex's communications with any third party regarding: (i) NTKN; (ii) any of NTKN's products; (iii) any Claimed Surface Designs from original, first and second amended complaints; (iii) any of the products accused of infringement in the litigation; and

2. Settlement agreements between Plaintiff(s) and any third party, including former defendants, regarding any of the asserted Surface Designs and/or accused products.

This production may be made, if appropriate, pursuant to the Stipulated Qualified Protective Order, ECF No. 78.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 5, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Trendtex Fabrics, Ltd., et al. v. NTKN, Inc., et al.*; Civil No. 22-287 LEK-KJM; Order on LR37.1 Discovery Dispute