Leonard D. DuBoff, *Pro Hac Vice*
Edward T. Fu, *Pro Hac Vice*
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
Fax: (503) 868-7228
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com

Leo Y. Shimizu     010978
Go Law Office LLLC
1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Attorneys for Plaintiffs
TRENDTEX FABRICS, LTD. and
TRENDTEX HOLDING, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii Corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company;<br><br>        Plaintiff,<br><br>  vs.<br><br>NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; LEILANI'S ATTIC, INC., a California corporation; and HAWAII HANGOVER, LLC, a Missouri limited liability company; MARK MADL, an | Case No. 1:22-cv-00287-MWJS-KJM<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT |

individual D/B/A CITIES FASHION;
Defendants.

NTKN, INC., a Hawaii
corporation,

      Counterclaim Plaintiff,

      vs.

TRENDTEX FABRICS, LTD., a Hawaii
corporation,

      Counterclaim Defendant.

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND ..................................................................................1

  1.  Trendtex ........................................................................................................1

SUMMARY JUDGMENT STANDARD ................................................................8

ARGUMENT ..........................................................................................................8

  A.  First Claim for Relief: The 73142 Design ...................................................12

    1.    Trendtex's Copyright is Presumptively Valid. ......................................12

    2.    Defendants Copied 73142. ....................................................................13

      a.    Defendants had access to 73142. ......................................................13

      b.    Defendants sold garments substantially similar or virtually identical to 73142. ..........................................................................13

      c.    Defendants sold 821 garments in a color not supplied by Plaintiffs or HawaiiPrint. ......................................................................15

  B.  Second Claim for Relief: The 73469 Design ...............................................17

    1.    Trendtex's Copyright is Presumptively Valid. ......................................17

    2.    Defendants Copied 73469. ....................................................................18

      a.    Defendants had access to 73469. ......................................................18

      b.    Defendants sold garments virtually identical or substantially similar to 73469. ..........................................................................18

      c.    Defendants sold 493 garments in a color not supplied by Plaintiffs or HawaiiPrint. ......................................................................19

C.  Third Claim for Relief: The 73571 Design ...............................................21

    1.    Trendtex's Copyright Is Presumptively Valid. .......................................21

    2.    Defendants Copied 73571. .....................................................................22

        a.    Defendants had access to 73571. .....................................................22

        b.    Defendants sold garments virtually identical or substantially similar to 73571................................................................................................22

        c.    Defendants sold 499 garments in colors not supplied by Plaintiffs or HawaiiPrint. ...................................................................................23

D.  Fourth Claim for Relief: The 73614 Design ...............................................25

    1.    Trendtex's Copyright is Presumptively Valid..........................................25

    2.    Defendants Copied 73614. .....................................................................26

        a.    Defendants had access to 73614. .....................................................26

        b.    Defendants sold garments virtually identical or substantially similar to 73614................................................................................................26

        c.    Defendants sold 477 garments in a color not supplied by Plaintiffs or HawaiiPrint. ...................................................................................27

E. Fifth Claim for Relief: The 73627 Design ...................................................29

    1.    Trendtex's Copyright is Presumptively Valid...........................................29

    2.    Defendants Copied 73627. .....................................................................29

        a.    Defendants had access to 73627. .....................................................29

        b.    Defendants sold garments virtually identical or substantially similar to 73627................................................................................................29

        c.    Defendants sold 492 garments in a color not supplied by Plaintiffs or HawaiiPrint. ...................................................................................30

F.  Sixth Claim for Relief: The 4319B Design...................................................32

    1.    Trendtex's Copyright is Presumptively Valid...........................................32

    2.    Defendants Copied 4319B. .....................................................................33

        a.    Defendants had access to 4319B. .....................................................33

        b.    Defendants sold garments virtually identical or substantially similar to 4319B. ................................................................................................33

        c.    Defendants sold 504 garments in a color not supplied by Plaintiffs or HawaiiPrint.....................................................................................34

G.  Eleventh Claim for Relief: The EH-20129 Design.......................................36

   1.   Trendtex's Copyright is Presumptively Valid..........................................36

   2.   Defendants Copied EH-20129...................................................................37

     a.   Defendants had access to EH-20129.....................................................37

     b.   Defendants sold garments virtually identical or substantially similar to EH-20129. .........................................................................................37

     c.   Defendants sold 538 garments in colors not supplied by Plaintiffs. ...38

H.  Thirteenth Claim for Relief: The 73269 Design .........................................40

   1.   Trendtex's Copyright is Presumptively Valid..........................................40

   2.   Defendants Copied 73269.........................................................................41

     a.   Defendants had access to 73269...........................................................41

     b.   Defendants sold garments virtually identical or substantially similar to 73269. ..................................................................................................41

     c.   Defendants sold 825 garments in colors and material not supplied by Plaintiffs or HawaiiPrint.....................................................................42

I. Fourteenth Claim for Relief: The EH-2E13B Design ...................................44

   1.   Trendtex's Copyright is Presumptively Valid..........................................44

   2.   Defendants Copied EH-2E13B.................................................................45

     a.   Defendants had access to EH-2E13B...................................................45

     b.   Defendants sold garments virtually identical or substantially similar to EH-2E13B. ......................................................................................45

     c.   Defendants sold 358 garments in a color not supplied by Plaintiffs. ..46

J.  Fifteenth Claim for Relief: The 03780 Design ...........................................48

   1.   Trendtex's Copyright is Presumptively Valid..........................................48

   2.   Defendants Copied 03780.........................................................................49

     a.   Defendants had access to 03780...........................................................49

     b.   Defendants sold garments virtually identical or substantially similar to 03780. ..................................................................................................49

     c.   Defendants sold 503 garments in a color not supplied by Plaintiffs or HawaiiPrint............................................................................................50

K.  Seventeenth Claim for Relief: The EH-2M59 Design.................................52

   1.   Trendtex's Copyright is Presumptively Valid..........................................52

2.      Defendants Copied EH-2M59. ..................................................53

    a.      Defendants had access to EH-2M59. ......................................53

    b.      Defendants sold garments virtually identical or substantially similar to
    EH-2M59. ........................................................................53

    c.      Defendants sold 342 garments in a color not supplied by Plaintiffs. ...54

L.  Twenty-Second Claim for Relief: The 73138 Design ................................56

    1.      Trendtex's Copyright is Presumptively Valid. .......................................56

    2.      Defendants Copied 73138. ...............................................................56

    a.      Defendants had access to 73138. ........................................56

    b.      Defendants sold garments virtually identical or substantially similar to
    73138. ...........................................................................57

    c.      Defendants sold 820 garments in a color not supplied by Plaintiffs or
    HawaiiPrint. ........................................................................58

CONCLUSION ..............................................................................59

# TABLE OF AUTHORITIES

## Cases

*Addisu v. Fred Meyer, Inc*. 198 F. 3d 1130, 1134 (9th Cir. 2000) .........................9

*Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 252 (1986) ...................................8

*Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) ....................12

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ...............................................8

*Desire, LLC v. Manna Textiles, Inc*., 986 F.3d 1253, 1259 (9th Cir.) .... 10, 13, 14

*Express, LLC v. Forever 21, Inc.*, No. CV 09-4514 ODW VBKX, 2010 WL
3489308, at *5 (C.D. Cal. Sept. 2, 2010) ...........................................................18

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, Inc., 499 U.S. 340, 345 (1991) ...........10

*Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir.
2006)....................................................................................................... 11, 12

*Gray v. Hudson*, 28 F.4th 87, 97 (9th Cir. 2022) .................................................12

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850 (9th Cir. 2012)
................................................................................................................ 10, 14

*Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 913-14 (9th Cir. 2010)................13

*Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018)...........................12

*Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004)..................................... 11, 12

*Tarin v. County of Los Angeles*, 123 F. 3d 1259, 1263 (9th Cir. 1997) ...............8

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) ..............15

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1075, n. 8 (9th
Cir. 2022)................................................................................................. 11, 13

*Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018) .......................................9

## Statutes

17 U.S.C. § 410(c)...................................... 9, 13, 17, 22, 26, 33, 36, 40, 45, 49, 52

## Rules

Fed. R. Civ. P. §56(c)............................................................................................8

## INTRODUCTION

This is an action for copyright infringement of copyrighted surface designs used on textiles. Plaintiffs are fabric sellers who hold the copyrights to surface designs printed on the fabrics they sell to garment manufacturers. Plaintiffs' claims are directed against a garment maker, NTKN, Inc., and its principal, Hung C. Ky.

This motion is for twelve of the twenty-six surface designs that are the subject of the Second Amended Complaint ("SAC"), namely the 73142, 73469, 73571, 73614, 73627, 4319B, EH-20129, 73269, EH-2E13B, 03780, EH-2M59, and 73138 designs (collectively, the "Subject Designs") that constitute the First, Second, Third, Fourth, Fifth, Sixth, Eleventh, Thirteen, Fourteenth, Fifteenth, Seventeenth, and Twenty-Second Claims for Relief. Plaintiffs have brought this motion because there is no probative evidence to dispute that (1) the Subject Designs are original works of art owned by Plaintiffs and (2) Defendants have infringed those copyrights by selling garments displaying those designs in colorways not purchased from Plaintiffs.

## FACTUAL BACKGROUND

### 1. Trendtex

Trendtex Fabrics, Ltd. ("Trendtex Fabrics") is a fabric seller in Honolulu that owns the copyrights to numerous textile print surface designs and has sold

1

fabrics printed with those designs since 1984. Hamai Decl. at ¶ 2. Trendtex

Fabrics' copyright portfolio includes 518 registrations, some of which are

compilations containing multiple designs, that were included in its 2015

acquisition of another fabric seller, HawaiiPrint, Inc. ("HawaiiPrint"). *Id.* at ¶ 3.

As part of the transition, all of HawaiiPrint's copyrights were eventually assigned

to Trendtex Fabrics through a transitional entity, HPIEnd, Inc. ("HPI End"), on

October 1, 2018, but effective May 14, 2015, after Trendtex Fabrics completed the

windup of HawaiiPrint and HPI End. *Id.*; Exhibit 3. These assignments were

recorded by the United States Register of Copyrights on January 8, 2019. Exhibit

4.

Beginning in the fall of 2022, Trendtex Fabrics began assigning its

copyright portfolio, including all of the copyrights at issue in this action, to a new

entity named Trendtex Holding, LLC ("Trendtex Holding"). Hamai Decl. at ¶ 14.

The copyright assignments include the right to sue for past, present, and future

infringements. *Id.* Trendtex Holding then exclusively licensed the copyrighted

designs back to Trendtex Fabrics so it could continue selling fabrics to garment

makers as before. *Id.*

Most designs are available in multiple colorways that are identified by

background color, and customers often order a design in multiple colorways

simultaneously. *Id.* at ¶ 15. Trendtex Fabrics' customers are free to manufacture

garments and other finished merchandise from purchased fabrics, but they are not given the right to commission their own re-printings of the fabrics. *Id.* at ¶ 16. It is also uncommon for customers to re-sell their uncut fabrics. *Id.*

One of Trendtex Fabrics' customers was Ky's International Fashion, Inc. ("the Ky's Corporation"), which purchased fabric from Trendtex Fabrics from approximately 1997 or 1998 until approximately 2008. Ky Dep. vol. 1, 38:12-19, Nov. 16, 2023. Among the relevant purchases were fabrics in the following surface designs:

- EH-20129, which was ordered in black, navy, and blue. Hamai Decl. at ¶ 17(a); Exhibit 15.

- EH-2E13B, which was ordered in blue, maize, grey, and white. Hamai Decl. at ¶ 17(b); Exhibit 16.

- EH-2M59R, which was ordered in red, black, teal, and orange. Hamai Decl. at ¶ 17(c); Exhibit 17.

Documentation of Trendtex Fabrics' sales consists of an initial handwritten sales ticket or customer order confirmation sheet issued to the customer; a purchase order submitted to the printer detailing the requested quantities, colorways, and any other special requests; and an invoice provided to the customer upon final delivery. Hamai Decl. at ¶ 18. Invoices were typically dated several months after the initial order date. *Id.*

3

Prior to its acquisition by Trendtex Fabrics, HawaiiPrint also sold fabrics to the Ky's Corporation between approximately 2009 and 2014. Ky Dep. vol. 1, 38:1-11. Trendtex Fabrics obtained HawaiiPrint's sales records when it acquired HawaiiPrint. Hamai Decl. at ¶ 20. Among the relevant purchases were fabrics in the following surface designs:

- 73142, which was ordered in black, sage, and white, all in rayon poplin. *Id.* at ¶ 20(a); Exhibit 18.

- 73469, which was ordered in red, orange, and blue, all in cotton poplin. Hamai Decl. at ¶ 20(b); Exhibit 19.

- 73571, which was ordered in white, burgundy, and black, all in cotton poplin. Hamai Decl. at ¶ 20(c); Exhibit 20.

- 73614, which was ordered in black/red and white/red, both in cotton poplin. Hamai Decl. at ¶ 20(d); Exhibit 21.

- 73627, which was ordered in navy, white/white, and black, all in cotton poplin. Hamai Decl. at ¶ 20(e); Exhibit 22.

- 4319B, which was ordered in navy, green, and orange, all in cotton poplin. Hamai Decl. at ¶ 20(f); Exhibit 23.

- 73269, which was ordered in white, yellow, and black, all in cotton poplin. Hamai Decl. at ¶ 20(g); Exhibit 24.

- 03780, which was ordered in navy, white, and sage, all in cotton poplin. Hamai Decl. at ¶ 20(h); Exhibit 25.

- 73138, which was ordered once in black, white, and wine, all in rayon poplin. Hamai Decl. at ¶ 20(i); Exhibit 26.

HawaiiPrint's sales documentation process differed slightly from that of Trendtex Fabrics. The primary difference was that the customer was provided with a sales order upon delivery that detailed the actual yardage delivered. Ky Dep. vol. 1, 81:11-17; 82:7-22. An invoice would then be issued later and could reflect that payment had already been made. *Id.* at, 82:7-83:2.

Trendtex and HawaiiPrint also both retained "hanger samples" of each colorway from each fabric printing. Hamai Decl. at ¶ 23. These were shown to customers as previews before the purchased fabrics were shipped from the printer. The fabrics are then shipped only if the customer approves the results as they appear on the hanger samples. *Id.*

A summary of the Ky's Corporation's relevant fabric purchases is set forth in Figure 1 below:

/ / /

/ / /

/ / /

/ / /

**Figure 1**

| Design | Seller | Colorways | Material |
|--------|--------|-----------|----------|
| EH-20129 | Trendtex Fabrics | Black, navy, blue | Cotton poplin |
| EH-2E13B | Trendtex Fabrics | Blue, maize, grey, white | Cotton poplin |
| EH-2M59R | Trendtex Fabrics | Blue, red, black, teal, orange | Cotton poplin |
| 73142 | HawaiiPrint | Black, sage, white | Rayon poplin |
| 73469 | HawaiiPrint | Red, orange, blue | Cotton poplin |
| 73571 | HawaiiPrint | White, black, burgundy | Cotton poplin |
| 73614 | HawaiiPrint | Black/red, white/red | Cotton poplin |
| 73627 | HawaiiPrint | Navy, white/white, black | Cotton poplin |
| 4319B | HawaiiPrint | Navy, green, orange | Cotton poplin |
| 73269 | HawaiiPrint | White, yellow, black | Cotton poplin |
| 03780 | HawaiiPrint | Sage, white, navy | Cotton poplin |
| 73138 | HawaiiPrint | Black, white, wine | Rayon poplin |

The Ky's Corporation was owned by Defendant Hung Ky and his then-wife. Ky Dep. vol. 1, 23:17-20. After Defendant Ky was awarded the company in their divorce, he closed it and replaced it with Defendant NTKN, Inc. ("NTKN"), of which he is the sole owner, in 2016 in order to "make all documents more clear." *Id.* at 18:16-17; 20:2-7; 23:10-24:3; 26:3-7. NTKN is engaged in the same garment-making business as the Ky's Corporation and does business under the assumed business name "Ky's International Fashion," implying some continuity with the former Ky's Corporation. *Id.* at 16: 8-10, 14-17; 19:2-7. NTKN also inherited the Ky's Corporation's supplies and inventory, continued to make the same types of garments, and sold them to the same customers. *Id.* at 24:9-20. Some of the fabrics originally purchased by the Ky's Corporation still remain in NTKN's warehouse. *Id.* at 53: 8-16.

NTKN offers the garments it makes for sale directly to the public through websites it owns, including www.kyifi.org, www.kysalohashirts.com, www.edenshawaii.com, and an Etsy account for Edens Hawaii. *Id.* at 16:23-17:8; Ky Dep. vol. 2, 118:8-119:6, November 17, 2023. Such retail sales account for a very small portion of NTKN's total business, however, and it is primarily a wholesaler to retail outlets, such as Shaka Time, Leilani's Attic, and Hawaii Hangover. Ky Dep. vol. 1, 91:16; Ky Dep. vol. 2, 175:23-176:4.

Beginning in October 2021, Plaintiffs discovered that NTKN-branded garments were being sold online that appeared to be made from unauthorized reproductions of fabrics that the Ky's Corporation had previously purchased from HawaiiPrint and Trendtex Fabrics. Hamai Decl. at ¶ 22. Plaintiffs suspected that these garments were made from reproduced fabric because they were either in colors or material that had never been sold by Trendtex Fabrics or HawaiiPrint, or had engraving differences from the original printings. *Id.* These garments were offered for sale to the public either directly by NTKN through one of its websites, by downstream retailers, who claimed to be selling merchandise manufactured by KY's International, or by both. *See, e.g.,* Exhibits 37-33, 40-45. The co-defendants who have since been dismissed from this action are examples of such downstream retailers. Dkt. 127, 143, 145, 149. This motion concerns only alleged infringements based on colorway and material.

According to Defendants, all of the alleged infringing garments in this action were made from fabrics purchased from Trendtex Fabrics or HawaiiPrint. Ky Dep. vol 1., 64:3-14.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact. Fed. R. Civ. P. §56(c); *Tarin v. County of Los Angeles*, 123 F. 3d 1259, 1263 (9th Cir. 1997). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the non-moving party must then provide specific facts, through affidavits or admissible evidence, that create a material issue. *Id.* at 324. This showing must be sufficiently substantive that a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 252 (1986). On the other hand, a mere "scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc*. 198 F. 3d 1130, 1134 (9th Cir. 2000).

## ARGUMENT

Trendtex should be awarded partial summary judgment as to Defendants' liability on the First, Second, Third, Fourth, Fifth, Sixth, Eleventh, Thirteenth,

Fourteenth, Fifteenth, Seventeenth, and Twenty-Second Claims for Relief. The basis for each claim is the same, specifically that there is no material issue of fact that Defendants infringed Plaintiffs' copyrights to the enumerated surface designs by selling garments in the same or substantially similar designs in colors or fabric material different from those purchased from Plaintiffs.

"To prevail on a copyright infringement claim, a plaintiff must show that (1) he or she owns the copyright in the infringed work, and (2) the defendant copied protected elements of the copyrighted work." *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018). A registration certificate constitutes prima facie evidence of the validity of a copyright if it is registered before or within five years of the work's first publication. 17 U.S.C. § 410(c).

A work must also qualify for copyright protection by being original to the author. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, Inc., 499 U.S. 340, 345 (1991). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Desire, LLC v. Manna Textiles, Inc*., 986 F.3d 1253, 1259 (9th Cir.), *cert. denied*, 142 S. Ct. 343, 211 L. Ed. 2d 183 (2021). In the case of floral print designs, the selection, coordination, or arrangement of the design's elements are protectible. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850 (9th Cir. 2012), *as*

*amended on denial of reh'g and reh'g en banc* (June 13, 2012).

A defendant's copying of the protected elements of a copyrighted work can be established by proof of (1) the defendant's access to the plaintiff's work and (2) substantial similarity between the two works. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir.1996). The substantial similarity test contains both extrinsic and intrinsic components. *Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020). The extrinsic component is an objective inquiry that focuses on articulable similarities. *Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). It considers whether the two works share a similarity of ideas and expression as measured by external, objective criteria and requires analytical dissection of the works and expert testimony. *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004). However, "no expert testimony is required to perform the extrinsic test when the works at issue are readily understandable to a jury." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1075, n. 8 (9th Cir. 2022).

The intrinsic component is reached only when the extrinsic analysis succeeds. *Corbello*, 974 F.3d at 974. The intrinsic test is a subjective one that examines whether, an ordinary, reasonable audience would find the total concept

and feel of the two works, taken as a whole, substantially similar. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). To prevail, a plaintiff must prove substantial similarity under both tests. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). For purposes of summary judgment, only the extrinsic test is typically applied as a matter of law. *Funky Films, Inc.*, 462 F.3d at 1077; *Swirsky,* 376 F.3d at 845. The intrinsic test is usually described as being an exclusive factual question for a jury. *Funky Films, Inc.*, 462 F.3d at 1077; *Gray v. Hudson*, 28 F.4th 87, 97 (9th Cir. 2022). However, a court may nevertheless grant summary judgment for a plaintiff in exceptional cases if the works "are so overwhelmingly identical that the possibility of independent creation is precluded." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017)(quoting *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983)).

The substantial similarity inquiry also requires a court to determine whether copyright protection is "thin" or "broad." *Desire,* 986 F.3d at 1260. "If there's a wide range of expression (for example, there are gazillions of ways to make an aliens-attack movie), then copyright protection is 'broad' and a work will infringe if it's 'substantially similar' to the copyrighted work." *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 913-14 (9th Cir. 2010), *as amended on denial*

11

*of reh'g* (Oct. 21, 2010). On the other hand, "[i]f there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is 'thin' and a work must be 'virtually identical' to infringe." *Id.* With specific respect to textile designs, stylized floral patterns are entitled to broad copyright protection because they contain a wide range of expression for the selection, coordination, and arrangement of the floral elements in a stylized fabric design. *L.A. Printex*, 676 F.3d at 850; *see also Desire.*, 986 F.3d at 1260-1261 (also applying broad copyright protection to another stylized floral textile design).

The specific applications of the infringement analysis are discussed separately for each copyrighted surface design below.

## A.  First Claim for Relief: The 73142 Design

### 1.  Trendtex's Copyright is Presumptively Valid.

The 73142 design ("73142") is part of the Spring 2010 collection, which is a compilation of surface designs originally registered by HawaiiPrint on May 22, 2012, under Copyright Registration No. VAu 1-104-076. Exhibit 5. The entire Spring 2010 compilation, including 73142, was subsequently assigned to Trendtex Fabrics, effective 2015, and then re-assigned to Trendtex Holding on April 21, 2023. Hamai Decl. at ¶¶ 3-4.

According to the Certificate of Registration, the work was registered

within two years of its completion in 2010. Exhibit 5. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright to 73142 is therefore presumptively valid under 17 U.S.C. § 410(c).

### 2. Defendants Copied 73142.

#### a. *Defendants had access to 73142.*

Plaintiffs may prove that Defendants had access to 73142 by showing that Defendants "had an opportunity to view or to copy plaintiff's work.*" Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (quoting *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp*., 562 F.2d 1157, 1172 (9th Cir.1977)). There is ample evidence of such direct access. Defendants have admitted to purchasing fabric displaying 73142 from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 35. As noted above, HawaiiPrint's records also reflect that the Ky's Corporation made one purchase of 73142 fabric.

#### b. *Defendants sold garments substantially similar or virtually identical to 73142.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 821 design infringe on 73142. Meanwhile, Defendants have alleged that the 821 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of 73142 and 821, shown in Figure 2 below, shows that

they are indeed virtually identical in the composition and orientation of their motifs, including the number and orientation of the flowers and leaves. *Young Decl.* at ¶ 22. More particularly, each features a cluster with two anthuriums oriented in the same direction with the same highlights and overall floral shape. *Id.* Both designs have the two different leaves pointed to the top and bottom left with another leaf coming up from the bottom, together with smaller five-cluster flowers on the middle right. *Id.* The extrinsic test is thus satisfied.

The intrinsic test may also be applied because this is an exceptional case of extreme similarity where the original and alleged infringing works have been alleged to be the same. The intrinsic test is satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

**Figure 2**

| **Trendtex's 73142 Design** | **NTKN's 821 Design** |
| *Source: SAC* | *Source: Exhibit 34* |




14

> ### c.       Defendants sold 821 garments in a color not supplied by Plaintiffs or HawaiiPrint.

As referenced above, Defendants purchased 73142 fabrics from HawaiiPrint in three colorways: black, sage, and white. However, Defendants offered corresponding 821 garments for sale in four distinct colors on their website and on their Etsy page for Edens Hawaii: black, green (which corresponds to sage), white, and blue. Exhibit 34. Defendant Ky testified at his deposition that, to the extent NTKN's websites display garments in alternate colors on the same page, the garments are of the same design, thus indicating that all four colors are of the same design. Ky Dep. vol. 1, 120:18-121:24. Another garment seller, Shaka Time, obtained the same 821 garments directly from Defendants and offered them for sale on its website, www.shakatime.com in those same four colors in 2022. Exhibit 40. At his deposition, Defendant Ky also identified a physical specimen of a blue shirt as belonging to Defendants' 821 design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of Defendants. Ky Dep. vol. 1, 64:15-65:1; Ky Dep. vol. 2, 279:24-281:13. The blue colorway cannot be mistaken for the genuine original colorways, as indicated by the below comparison between the hanger samples with the blue 821 shirt as identified by Defendant Ky. Hamai Decl. at ¶ 24.

15



The blue fabric did not originate from HawaiiPrint because it was not included in the single purchase from HawaiiPrint. Neither HawaiiPrint nor Plaintiffs made any other sales of this design, so the blue fabric cannot have been purchased from Plaintiffs or from a legitimate buyer. *Id.* at ¶ 21 It also cannot be the result of variation in the printing process because it is obviously an entirely different color from those actually purchased. It also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28 In any event, doing so would constitute creating an unauthorized derivative work. *See Express, LLC v. Forever 21, Inc.*, No. CV 09-4514 ODW VBKX, 2010 WL 3489308, at *5 (C.D. Cal. Sept. 2, 2010)(holding that color-based changes to a pre-existing design constitute a derivative work). Without any authorized sources of blue 73142/821 fabric, Defendants can only have obtained it through an unauthorized reproduction.

16

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to 73142, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs or HawaiiPrint.

**B.  Second Claim for Relief: The 73469 Design**

**1.  Trendtex's Copyright is Presumptively Valid.**

The 73469 design ("73469") is part of the Fall 2011 collection, which is a compilation of surface designs originally registered by HawaiiPrint on June 6, 2012, under Copyright Registration No. VAu 1-104-023. Exhibit 6. The entire Fall 2011 compilation, including 73469, was subsequently assigned to Trendtex Fabrics, effective 2015, and then re-assigned to Trendtex Holding on November 21, 2022. Hamai Decl. at ¶¶ 3, 5.

According to the Certificate of Registration, the work was registered within one year of its completion date in 2011. Exhibit 6. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright to 73469 is therefore presumptively valid under 17 U.S.C. § 410(c).

/ / /

/ / /

**2. Defendants Copied 73469.**

    *a.      Defendants had access to 73469.*

Defendants have admitted to purchasing 73469 fabric from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 60. As noted above, HawaiiPrint's records also reflect that the Ky's Corporation made one purchase of 73469 fabric.

    *b.      Defendants sold garments virtually identical or substantially similar to 73469.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 493 design infringe on 73469. Meanwhile, Defendants have alleged that the 493 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of 73469 and 493, shown in Figure 3 below, shows that they are indeed virtually the same by sharing the same composition, including the presence and orientation of the same sea elements with the same bends and curves. Young Decl. at ¶ 23. The light beams also present the same silhouettes and shine down in the same orientation with the same shading. *Id.* The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

/ / /

**Figure 3**

| **Trendtex's 73469 Design** | **NTKN's 493 Design** |
|:---:|:---:|
| *Source: SAC* | *Source: Exhibit 35* |



    *c.*    ***Defendants sold 493 garments in a color not supplied by Plaintiffs or HawaiiPrint.***

    As referenced above, Defendants purchased 73469 fabrics from HawaiiPrint in three colorways: red, orange, and blue. However, Defendants offered corresponding 493 garments for sale in up to four distinct colors in their 2019 catalog as well as on Edens Hawaii's Etsy page in 2022: navy (which corresponds to blue), turquoise, red, and orange. Exhibit 35. As with 73142 above, the alternate colorways listed on the Etsy page would be for the same design. Defendant Ky also admitted in deposition that NTKN had sold 493 garments in a turquoise colorway in addition to navy blue despite previously denying doing so in response to Plaintiffs' First Request for Admissions. Ky

19

Dep. vol. 2, 181:8-24. Defendant Ky also identified a physical specimen of a turquoise shirt as belonging to Defendants' 493 design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of Defendants. Ky Dep. vol. 1, 65:10-65:17; Ky Dep. vol. 2, 279:24-281:13. The turquoise colorway cannot be mistaken for the genuine original colorways, as indicated by the below comparison between the hanger samples with the same turquoise 493 shirt. Hamai Decl. at ¶ 25.



The turquoise fabric did not originate from HawaiiPrint because it was not included in the single purchase. Neither HawaiiPrint nor Plaintiffs made any other sales of this design, so the turquoise fabric cannot have been purchased from Plaintiffs or a legitimate buyer. *Id.* at ¶ 21. It also cannot be the result of variation in the printing process because it is obviously an entirely different color from those actually purchased. It also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an

unauthorized derivative work. Without any authorized sources of turquoise 73469/493 fabric, Defendants can only have obtained it through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to 73469, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs or HawaiiPrint.

## C.  Third Claim for Relief: The 73571 Design

### 1.  Trendtex's Copyright Is Presumptively Valid.

The 73571 design ("73571") is part of the Spring 2012 collection, which is a compilation of surface designs originally registered by HawaiiPrint on June 6, 2012, under Copyright Registration No. VAu 1-104-025. Exhibit 7. The entire Spring 2012 compilation, including 73571, was subsequently assigned to Trendtex Fabrics, effective 2015, and then re-assigned to Trendtex Holding on April 28, 2023. Hamai Decl. at ¶¶ 3, 6.

According to the Certificate of Registration, the work was registered in the same year it was completed in 2012. Exhibit 7. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright to 73571 is therefore

21

presumptively valid under 17 U.S.C. § 410(c).

## 2. Defendants Copied 73571.

### a. *Defendants had access to 73571.*

Defendants have admitted to purchasing 73571 fabric from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 84. As noted above, HawaiiPrint's records also reflect that the Ky's Corporation made two purchases of 73571 fabric.

### b. *Defendants sold garments virtually identical or substantially similar to 73571.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 499 design infringe 73571. Meanwhile, Defendants have alleged that the 499 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of 73571 and 499, shown in Figure 4 below, shows that they are indeed virtually the same, with the same beach setting featuring the same surf hut with surfboards lying against it, the same classic wood-paneled car next to it, and the same floral background consisting of a cluster of three palm trees and a cluster of plumerias at the base. Young Decl. at ¶ 25. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

**Figure 4**

| Trendtex's 73571 Design | NTKN's 499 Design |
|:---:|:---:|
| *Source: SAC* | *Source: Exhibit 36* |



>    *c.    Defendants sold 499 garments in colors not supplied by Plaintiffs or HawaiiPrint.*

As referenced above, Defendants purchased 73571 fabrics from HawaiiPrint in three colorways: white, burgundy, and black. However, Defendants have offered corresponding 499 garments for sale in up to five distinct colors in their 2019 catalog: white, red (which corresponds to burgundy), black, green, and blue. Exhibit 47, p. 2. Defendants also sold the green and blue colorways online as recently as 2021. Exhibit 36. Defendants have also admitted in their response to Plaintiffs' Request for Admission to selling 499 garments in both bluish and green colorways. Exhibit 48, pp. 2-3. Defendants have also sold

499 in a navy blue color. Exhibit 49. At his deposition, Defendant Ky also

identified a physical specimen of a green shirt as belonging to Defendants' 499

design based on visual inspection of the label, the fabric pattern, and stitching

that was characteristic of Defendants. Ky Dep. vol. 1, 65:22-66:3; Ky Dep. vol.

2, 279:24-281:13. The green, blue, and navy colorways cannot be mistaken for

the genuine original colorways, as indicated by the below comparison between

the hanger samples with the same green 499 shirt. Hamai Decl. at ¶ 26.



The green, blue, and navy fabrics did not originate from HawaiiPrint

because they were not included in any of the purchases from HawaiiPrint.

Neither HawaiiPrint nor Plaintiffs made any other sales of this design, so the

green, blue, and navy fabrics cannot have been purchased from Plaintiffs or a

legitimate buyer. *Id.* at ¶ 21. They also cannot be the result of variations in the

printing process because they are obviously entirely different colors from those

actually purchased. They also cannot be produced by modifying existing fabric.

Young Decl. at ¶ 28. In any event, doing so would constitute creating an

unauthorized derivative work. Without any authorized sources of green, blue, or

navy 73571/499 fabric, Defendants can only have obtained it through an

unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine

issue of material fact (1) that Plaintiffs own a valid copyright to 73571, (2) that

Defendants had access to that design through their documented fabric

purchases, (3) that Defendants sold garments in a substantially similar design

(4) in colors not supplied by Plaintiffs or HawaiiPrint.

**D.  Fourth Claim for Relief: The 73614 Design**

**1. Trendtex's Copyright is Presumptively Valid.**

The 73614 design ("73614") is part of the Summer 2012 collection,

which is a compilation of surface designs originally registered by HawaiiPrint

on September 5, 2012, under Copyright Registration No. VAu 1-107-464.

Exhibit 8. The entire Summer 2012 compilation, including 73614, was

subsequently assigned to Trendtex Fabrics, effective 2015, and then re-assigned

to Trendtex Holding on April 28, 2023. Hamai Decl. at ¶¶ 3, 7.

According to the Certificate of Registration, the work was registered the

same year it was completed in 2012. Exhibit 8. Because a work cannot be

published before completion, the registration certificate was issued "before or

within five years after first publication," and the copyright to 73614 is therefore presumptively valid under 17 U.S.C. § 410(c).

## 2. Defendants Copied 73614.

### a.   *Defendants had access to 73614.*

Defendants have admitted to purchasing 73614 fabric from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 109. As noted above, HawaiiPrint's records also reflect that the Ky's Corporation made three purchases of 73614 fabric.

### b.   *Defendants sold garments virtually identical or substantially similar to 73614.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 477 design infringe on 73614. Meanwhile, Defendants have alleged that the 477 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of 73614 and 477, shown in Figure 5 below, shows that they are indeed virtually identical, with the same floral and leaf selection, composition, scale, shading, and petal placement. Young Decl. at ¶ 26. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

/ / /

**Figure 5**

Trendtex's 73614 Design
*Source: SAC*



NTKN's 477 Design
*Source: Exhibit 27*



> **c.** *Defendants sold 477 garments in a color not supplied by Plaintiffs or HawaiiPrint.*

As referenced above, Defendants purchased 73614 fabrics from HawaiiPrint in two colorways: black/red and white/red. However, Defendants offered corresponding 477 garments for sale in three distinct colors that were re-sold by other vendors, such as Shaka Time, by 2021 at the latest: black/red, white/red, and blue/red. Exhibit 41. At his deposition, Defendant Ky also identified a physical specimen of a blue shirt as belonging to Defendants' 477 design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of Defendants. Ky Dep. vol. 1, 66:7-66:11; Ky Dep. vol. 2, 279:16-281:13. The blue colorway cannot be mistaken for the genuine original colorways, as indicated by the below comparison between the hanger samples with the same blue 477 shirt. Hamai Decl. at ¶ 27.

27



The blue/red fabric did not originate from HawaiiPrint because it was not included in any of the purchases from HawaiiPrint. Neither HawaiiPrint nor Plaintiffs made any other sales of this design, so the blue/red fabric cannot have been purchased from Plaintiffs or a legitimate buyer. *Id.* at ¶ 21. It also cannot be the result of variation in the printing process because it is obviously an entirely different color from those actually purchased. It also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an unauthorized derivative work. Without any authorized sources of blue/red 73614/477 fabric, Defendants can only have obtained it through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to 73614, (2) that Defendants had access to that design through their documented fabric

purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs or HawaiiPrint.

## E. Fifth Claim for Relief: The 73627 Design

### 1. Trendtex's Copyright is Presumptively Valid.

The 73627 design ("73627") is from the same Spring 2012 collection as 73614 and was registered, assigned, and re-assigned simultaneously with 73614 as described above. As with 73614, the copyright to 73627 is presumptively valid because the Certificate of Registration was issued before or within five years of first publication.

### 2. Defendants Copied 73627.

#### a.    *Defendants had access to 73627.*

Defendants have admitted to purchasing 73627 fabric from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 136. As noted above, HawaiiPrint's records also reflect that the Ky's Corporation made two purchases of 73627.

#### b.    *Defendants sold garments virtually identical or substantially similar to 73627.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 492 design infringe on 73627. Meanwhile, Defendants have alleged that the 492 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of 73627 and 492, shown in Figure 6 below, shows that they

are indeed virtually identical, featuring the same cloud and floral background, the same color and feather selection and placement on the parrots, the same spacing between the parrots, and the same top border of smaller parrots. Young Decl. at ¶ 27. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

**Figure 6**

| **Trendtex's 73627 Design** | **NTKN's 492 Design** |
| *Source: SAC* | *Source: Exhibit 28* |



c. *Defendants sold 492 garments in a color not supplied by Plaintiffs or HawaiiPrint.*

As referenced above, Defendants purchased 73627 fabrics from HawaiiPrint in three colorways: navy, white/white, and black. However, Defendants offered corresponding 492 garments for sale in four distinct colors in

2019: green, black, white, and navy. Exhibit 37. These colorways were also re-sold by other vendors, such as Shaka Time in 2022, with the green colorway being renamed "aqua." Exhibit 42. At his deposition, Defendant Ky also identified a physical specimen of a green/aqua shirt as belonging to Defendants' 492 design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of Defendants. Ky Dep. vol. 1, 66:15-17; Ky Dep. vol. 2, 279:24-281:13. The green/aqua colorway cannot be mistaken for the genuine original colorways, as indicated by the below comparison between the hanger samples with the same green/aqua 492 shirt. Hamai Decl. at ¶ 28.



The green fabric did not originate from HawaiiPrint because it was not included in any of the purchases from HawaiiPrint. Neither HawaiiPrint nor Plaintiffs made any other sales of this design, so the green fabric cannot have been purchased from Plaintiffs or a legitimate buyer. *Id.* at ¶ 21. It also cannot be the result of variation in the printing process because it is obviously an

entirely different color from those actually purchased. It also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an unauthorized derivative work. Plaintiffs also have not sold any 73627 fabrics since acquiring HawaiiPrint and its copyright portfolio. Without any authorized sources of green 73627/492 fabric, Defendants can only have obtained it through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to 73627, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs or HawaiiPrint.

## F. Sixth Claim for Relief: The 4319B Design

### 1. Trendtex's Copyright is Presumptively Valid.

The 4319B design ("4319B") is part of the Winter 2012 collection, which is a compilation of surface designs originally registered by HawaiiPrint on November 10, 2014, under Copyright Registration No. VAu 1-190-261. Exhibit 9. The entire Winter 2012 compilation, including 4319B, was subsequently assigned to Trendtex, effective 2015, and then re-assigned to Trendtex Holding on April 21, 2023. Hamai Decl. at ¶¶ 3, 8.

According to the Certificate of Registration, the work was registered

within two years of its completion in 2012. Exhibit 9. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright to 4319B is therefore presumptively valid under 17 U.S.C. § 410(c).

### 2. Defendants Copied 4319B.

#### a. Defendants had access to 4319B.

Defendants have admitted to purchasing 4319B fabric from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 152. As noted above, HawaiiPrint's records also reflect that the Ky's Corporation made one purchase of 4319B fabrics.

#### b. Defendants sold garments virtually identical or substantially similar to 4319B.

Plaintiffs have alleged that Defendants' garments displaying Defendants' 504 design infringe on 4319B. Meanwhile, Defendants have alleged that the 504 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of 4319B and 504, shown in Figure 7 below, shows that they are indeed virtually identical in composition, placement, spacing, scale, and content. Young Decl. at ¶ 28. The design and formation of bombers, the cloud backdrop, and the ocean base are all the same. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept

33

of the two designs to be so overwhelmingly identical that independent creation is precluded.

**Figure 7**

| Trendtex's 4319B Design | NTKN's 504 Design |
| *Source: SAC* | *Source: Exhibit 29* |



c.      ***Defendants sold 504 garments in a color not supplied by Plaintiffs or HawaiiPrint.***

As referenced above, Defendants purchased 4319B fabric from HawaiiPrint in three colorways: green, navy, and orange. However, Defendants offered corresponding 504 garments for sale in four distinct colors in their 2019 catalog: green, navy, orange, and turquoise. Exhibit 47, p. 2. Defendants' response to Plaintiffs' Request for Admission No. 6 also admitted to having sold 504 garments in a "bluish or greenish color." Exhibit 48, pp. 4-5. These colorways were also sold by other sellers such as Shaka Time, in 2022, with turquoise being renamed "aqua." Exhibit 43. At his deposition, Defendant Ky also identified a physical

34

specimen of a turquoise shirt as belonging to Defendants' 504 design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of Defendants. Ky Dep. vol. 1, 66:21-23; Ky Dep. vol. 2, 279:24-281:13. The turquoise colorway cannot be mistaken for the genuine original colorways, as indicated by the below comparison between the hanger samples with the same blue/aqua 504 shirt. Hamai Decl. at ¶ 29.



The turquoise fabric did not originate from HawaiiPrint because it was not included in any of the purchases from HawaiiPrint. Neither HawaiiPrint nor Plaintiffs made any other sales of this design, so the turquoise fabric cannot have been purchased from Plaintiffs or a legitimate buyer. *Id.* at ¶ 21. It also cannot be the result of variation in the printing process because it is obviously an entirely different color from those actually purchased. It also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an unauthorized derivative work. Without any authorized

sources of turquoise 4319B/504 fabric, Defendants can only have obtained it through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to 4319B, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs or HawaiiPrint.

## G. Eleventh Claim for Relief: The EH-20129 Design

### 1. Trendtex's Copyright is Presumptively Valid.

The EH-20129 design ("EH-20129") is part of the Eichi Hosomi – January 2002 collection, which is a compilation of surface designs originally registered by Trendtex Fabrics on March 7, 2002, under Copyright Registration No. VAu 554-340. Exhibit 10. The entire Eichi Hosomi – January 2002 collection, including EH-20129, was subsequently assigned to Trendtex Holding on April 28, 2023. Hamai Decl. at ¶ 9.

According to the Certificate of Registration, the work was registered in the same year it was completed in 2002. Exhibit 10. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright to EH-20129 is therefore presumptively valid under 17 U.S.C. § 410(c).

## 2. Defendants Copied EH-20129.

### a. *Defendants had access to EH-20129.*

Defendants have admitted to purchasing EH-20129 fabric from Plaintiffs, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 277. As noted above, Plaintiffs' records also reflect that the Ky's Corporation made three purchases of EH-20129 fabric.

### b. *Defendants sold garments virtually identical or substantially similar to EH-20129.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 538 design infringe on EH-20129.[1] Meanwhile, Defendants have alleged that the 538 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of EH-20129 and 538, shown in Figure 8 below, shows that they are indeed virtually identical in composition, flower and garland selection, orientation, density, and scale. Young Decl. at ¶ 29. The clusters of flowers are also the same. *Id.* The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

---

[1] NTKN's 538 garments apparently belong to its 325 pattern but were mislabeled on NTKN's website. Ky Dep. vol. 1, 69:1-14. Plaintiffs will continue to refer to them as 538 to maintain consistency with the pleadings.

**Figure 8**

| **Trendtex's EH-20129 Design** | **NTKN's 538 Design** |
|---|---|
| *Source: SAC* | *Source: Exhibit 30* |



### c. Defendants sold 538 garments in colors not supplied by Plaintiffs.

As referenced above, Defendants purchased EH-20129 fabric from Plaintiffs in three colorways – black, navy, and blue. However, Defendants offered corresponding 538 garments for sale in the additional colorways of red and yellow, which were re-sold by other vendors, such as Shaka Time, by 2021 at the latest. Exhibit 44. At his deposition, Defendant Ky also identified a physical specimen of a red shirt as belonging to Defendants' 538 (actually 325) design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of Defendants. Ky Dep. vol. 1, 68:24-69:14; Ky Dep. vol. 2, 279:24-281:13. The red colorway cannot be mistaken for the genuine original colorways, as indicated by the below comparison between the hanger samples with the same red 538 shirt. Hamai Decl. at ¶ 30.

38



Similarly, no reasonable factfinder could reasonably conclude that any of the above hanger samples were mistaken for the yellow color.

The red and yellow fabrics did not originate from Plaintiffs because they were not included in any of the purchases from Plaintiffs. Nor did Plaintiffs make any other sales of this design, so the red and yellow fabrics cannot have been purchased from a legitimate buyer. *Id.* at ¶ 19. It also cannot be the result of variations in the printing process because they are obviously entirely different colors from those actually purchased. They also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an unauthorized derivative work. Without any authorized sources of red or yellow EH-20129/538 fabric, Defendants can only have obtained it through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to EH-20129, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in colors not supplied by Plaintiffs.

## H.  Thirteenth Claim for Relief: The 73269 Design

### 1.  Trendtex's Copyright is Presumptively Valid.

The 73269 design ("73269") is part of the Fall 2010 collection, which is a compilation of surface designs originally registered by HawaiiPrint on May 22, 2012, under Copyright Registration No. VAu 1-104-074. Exhibit 11. The entire Fall 2010 compilation, including 73269, was subsequently assigned to Trendtex Fabrics, effective 2015, and then re-assigned to Trendtex Holding on April 21, 2023. Hamai Decl. at ¶¶ 3, 10.

According to the Certificate of Registration, the work was registered within two years of its completion in 2010. Exhibit 11. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright to 73269 is therefore presumptively valid under 17 U.S.C. § 410(c).

/ / /

/ / /

40

**2. Defendants Copied 73269.**

    *a.      Defendants had access to 73269.*

Defendants have admitted to purchasing 73269 fabric from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 326. As noted above, HawaiiPrint's records reflect also that the Ky's Corporation made four purchases of 73269 fabrics between.

    *b.      Defendants sold garments virtually identical or substantially similar to 73269.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 825 design infringe on 73269. Meanwhile, Defendants have alleged that the 825 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of the 73269 and 825 designs, shown in Figure 9 below, shows that they are indeed virtually identical in sharing the same overall composition, down to the floral expressions, clusters, feathery leaves, spacing between elements, highlights, and orientation. Young Decl. at ¶ 30. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

/ / /

/ / /

**Figure 9**

**Trendtex's 73269 Design**
*Source: SAC*

**NTKN's 825 Design**
*Source: Exhibit 31*



c.      *Defendants sold 825 garments in colors and material not supplied by Plaintiffs or HawaiiPrint.*

As referenced above, Defendants purchased 73269 fabrics from HawaiiPrint in three colorways: white, yellow, and black, all in cotton poplin. However, Defendants offered corresponding 825 garments for sale in four distinct colors in both their 2019 catalog and on their website: olive, navy blue, purple, and green, all in rayon rather than cotton poplin. Exhibit 38. Defendants' response to Plaintiffs' Request for Admission No. 8 also admitted to having sold 825 garments that may be similar to purple, green, olive green, and navy blue. Exhibit 48, p. 6-7. At his deposition, Defendant Ky also identified a physical specimen of a purple dress as belonging to Defendants' 825 design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of

Defendants. Ky Dep. vol. 1, 71:16-18; Ky Dep. vol. 2, 279:24-281:13. The

purple colorway cannot be mistaken for the genuine original colorways, as

indicated by the below comparison between the hanger samples with the same

purple 825 dress. Hamai Decl. at ¶ 31.



Similarly, no reasonable factfinder could reasonably conclude that any of

the hanger samples can be confused with olive, green, or navy.

The olive, purple, green, and navy fabrics did not originate from

HawaiiPrint because they were not included in any of the purchases from

HawaiiPrint. Neither HawaiiPrint nor Trendtex Fabrics have made any other sales

of this design, so the olive, purple, green, and navy fabrics cannot have been

purchased from a legitimate buyer. They also cannot be the result of variations in

the printing process because they are obviously entirely different colors from

those actually purchased. They also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an unauthorized derivative work. Additionally, the 825 garments sold by Defendants were all made of rayon fabric, whereas all 73269 fabrics purchased from HawaiiPrint were cotton poplin. Without any authorized sources of olive, purple, green, or navy 73269/825 fabric, Defendants can only have obtained them through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to 73269, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in colorways and fabric material not supplied by Plaintiffs or HawaiiPrint.

## I. Fourteenth Claim for Relief: The EH-2E13B Design

### 1. Trendtex's Copyright is Presumptively Valid.

The EH-2E13B design ("EH-2E13B") is part of the Eichi Hosomi – June 2002 collection, which is a compilation of surface designs originally registered by Trendtex Fabrics on July 22, 2002, under Copyright Registration No. VA 565-372. Exhibit 12. The entire Eichi Hosomi – June 2002 collection, including EH-2E13B, was subsequently assigned to Trendtex Holding on January 6, 2023. Hamai Decl. at ¶ 11.

According to the Certificate of Registration, the work was registered in the same year it was completed in 2002. Exhibit 12. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright to EH-2E13B is therefore presumptively valid under 17 U.S.C. § 410(c).

## 2. Defendants Copied EH-2E13B.

### a. Defendants had access to EH-2E13B.

Defendants have admitted to purchasing EH-2E13B fabric from Plaintiffs, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 353. As noted above, Plaintiffs' records also reflect that the Ky's Corporation made seven purchases of EH-2E13B fabric.

### b. Defendants sold garments virtually identical or substantially similar to EH-2E13B.

Plaintiffs have alleged that Defendants' garments displaying Defendants' 358 design infringe on EH-2E13B. Meanwhile, Defendants have alleged that the 358 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of EH-2E13B and 358, shown in Figure 10 below, shows that they are indeed virtually identical by sharing the same number of palm trees with the same placement and the same number of palm fronds; the same horizon line with all of the same elements; the same elements and placement on the beach. Young Decl. at ¶ 31. Both also share the same design of the flying car, complete

with its color, shape, and orientation. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

**Figure 10**

| Trendtex's EH-2E13B Design | NTKN's 358 Design |
|:---:|:---:|
| *Source: SAC* | *Source: Exhibit 32* |



### c.   *Defendants sold 358 garments in a color not supplied by Plaintiffs.*

As referenced above, Defendants purchased EH-2E13B fabric from Plaintiffs in four colorways – blue, maize, grey, and white. However, Defendants offered corresponding 358 garments for sale in an additional green colorway in both their 2019 catalog and on their website. Exhibit 39; Exhibit 47, p. 4. This cannot be confused with the grey or blue colorways, which Defendants offered for

sale separately. *See, e.g.,* Exhibit 47, p.4. At his deposition, Defendant Ky also identified a physical specimen of a green shirt as belonging to Defendants' 358 design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of Defendants. Ky Dep. vol. 1, 72:4-6; Ky Dep. vol. 2, 279:24-281:13. The green cannot be mistaken for the genuine original colorways, as indicated by the below comparison between the hanger samples with the same green 358 shirt. Hamai Decl. at ¶ 32.

 

The green fabric did not originate from Plaintiffs because it was not included in any of the purchases from Plaintiffs. With the exception of a 2001 sale to Aloha Republic of the older and distinguishable EH-2E13 variant of the design in a slightly different material that cannot be confused with what was sold to Defendants, Plaintiffs did not make any other sales of this design. Hamai Decl. at ¶ 19. Defendants have also denied purchasing unused fabric from other garment makers. Ky Dep. vol. 1, 53:5-7. The green fabric therefore cannot have been

purchased from a legitimate buyer. It also cannot be the result of variation in the printing process because it is obviously an entirely different color from those actually purchased. It also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an unauthorized derivative work. Without any authorized sources of green EH-2E13B/358 fabric, Defendants can only have obtained it through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to EH-2E13B, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs.

## J. Fifteenth Claim for Relief: The 03780 Design

### 1. Trendtex's Copyright is Presumptively Valid.

The 03780 design ("03780") is part of the Fall 2012 collection, which is a compilation of surface designs originally registered by HawaiiPrint on September 24, 2014, under Copyright Registration No. VAu 1-185-736. Exhibit 13. The entire Fall 2012 compilation, including 03780, was subsequently assigned to Trendtex Fabrics, effective 2015, and then re-assigned to Trendtex Holding on April 21, 2023. Hamai Decl. at ¶¶ 3, 12.

According to the Certificate of Registration, the work was registered within two years of its completion in 2012. Exhibit 13. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright 03780 is therefore presumptively valid under 17 U.S.C. § 410(c).

**2. Defendants Copied 03780.**

*a.    Defendants had access to 03780.*

Defendants have admitted to purchasing 03780 fabric from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 377. As noted above, HawaiiPrint's records reflect also that the Ky's Corporation made one purchase of 03780 fabric from HawaiiPrint.

*b.    Defendants sold garments virtually identical or substantially similar to 03780.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 503 design infringe on 03780. Meanwhile, Defendants have alleged that the 503 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of 03780 and 503, shown in Figure 11 below, shows that they are indeed virtually identical in the flower selection and placement, the footprint of the design, the actual leaves and their placement within the design, and the juxtaposition of all elements. Young Decl. at ¶¶ 32-33. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the

intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

**Figure 11**

| **Trendtex's 03780 Design** | **NTKN's 503 Design** |
| *Source: SAC* | *Source: Exhibit 33* |



### c.    *Defendants sold 503 garments in a color not supplied by Plaintiffs or HawaiiPrint.*

As referenced above, Defendants purchased 03780 fabric from HawaiiPrint in three colorways: sage, white, and navy. However, Defendants offered corresponding 503 garments for sale in an additional black colorway, which was re-sold by other vendors, such as Shaka Time. Exhibit 45. At his deposition, Defendant Ky also identified a physical specimen of a black shirt as belonging to Defendants' 503 design based on visual inspection of the label, the fabric pattern, and stitching that was characteristic of Defendants. Ky Dep. vol. 1,

72:10-12; Ky Dep. vol. 2, 279:24-281:13. The black color cannot be mistaken

for the genuine original colorways, as indicated by the below comparison

between the hanger samples with the same black 503 shirt. Hamai Decl. at ¶ 33.



The black fabric did not originate from HawaiiPrint because it was not

included in the single purchase from HawaiiPrint. Neither HawaiiPrint nor

Plaintiffs made any other sales of this design, so the black fabric cannot have been

purchased from Plaintiffs or a legitimate buyer. *Id.* at ¶ 21. It also cannot be the

result of variation in the printing process because it is a completely different color

from those actually purchased. It also cannot be produced by modifying existing

fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an

unauthorized derivative work. Without any authorized sources of black 03780/503

fabric, Defendants can only have obtained it through an unauthorized

reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to 03780, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs or HawaiiPrint.

**K.  Seventeenth Claim for Relief: The EH-2M59 Design**

**1.     Trendtex's Copyright is Presumptively Valid.**

The EH-2M59 design ("EH-2M59") is part of the March 2000 collection, which is a compilation of surface designs originally registered by Trendtex Fabrics on July 3, 2000, under Copyright Registration No. VAu 497-009. Exhibit 14. The entire March 2000 collection, including the EH-2M59 design, was subsequently assigned to Trendtex Holding on April 28, 2023. Hamai Decl. at ¶ 13.

According to the Certificate of Registration, the work was registered in the same year it was completed in 2000. Exhibit 14. Because a work cannot be published before completion, the registration certificate was issued "before or within five years after first publication," and the copyright to EH-2M59 is therefore presumptively valid under 17 U.S.C. § 410(c).

/ / / /

**2. Defendants Copied EH-2M59.**

**a.     *Defendants had access to EH-2M59.***

Defendants have admitted to purchasing EH-2M59 fabric from Plaintiffs, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 424. Plaintiffs' records also reflect that the Ky's Corporation made three purchases of EH-2M59 fabric.

**b.     *Defendants sold garments virtually identical or substantially similar to EH-2M59.***

Plaintiffs have alleged that Defendants' garments displaying Defendants' 342 design infringe on EH-2M59. Meanwhile, Defendants have alleged that the 342 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of EH-2M59 and 342, shown in Figure 12 below, shows that they are indeed virtually identical with the same elements, composition and scale, including the same repeating white hibiscus design, represented in both foreground and background, with the same distinctive shading down the throat of the flower. Young Decl. at ¶ 34. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

/ / / /

/ / / /

**Figure 12**

**Trendtex's EH-2M59 Design**          **NTKN's 342 Design**
*Source: SAC*                    *Source: Exhibit 46*



c.      *Defendants sold 342 garments in a color not supplied by Plaintiffs.*

As referenced above, Defendants purchased EH-2M59 fabric from

Plaintiffs in five colorways – blue, red, black, teal, and orange. However,

Defendants offered corresponding 342 garments for sale in their 2019 catalog an

additional pink color. Exhibit 47, p. 6. Defendants further directly fulfilled orders

for a vendor called Leilani's Attic on a "drop shipment" basis.[2] Ky Dep. vol. 1,

116:22-117:13. Plaintiffs obtained a specimen of a pink 342 dress from Leilani's

Attic in this manner. Hamai Decl. at ¶ 34. At his deposition, Defendant Ky also

---

[2] Under the drop-shipping arrangement, customer orders for items not in Leilani's
Attic's inventory were forwarded to Defendants, who then shipped the items
directly to the customer.

identified a physical specimen of a pink dress as belonging to Defendants' 342
design based on visual inspection of the label, the fabric pattern, and stitching
that was characteristic of Defendants. Ky Dep. vol. 1, 72:24-73:4; Ky Dep. vol.
2, 279:24-281:13. The pink color cannot be mistaken for the genuine original
colorways, as indicated by the below comparison between the hanger samples
with the same pink 342 dress. Hamai Decl. at ¶ 34.



The pink fabric did not originate from Plaintiffs because it was not included
in any of the purchases from Plaintiffs. Nor did Plaintiffs make any other sales of
this design, so the pink fabric cannot have been purchased from a legitimate
buyer. *Id.* at ¶ 19. It also cannot be the result of variation in the printing process
because it is obviously an entirely different color from those actually purchased.
It also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In
any event, doing so would constitute creating an unauthorized derivative work.

Without any authorized sources of pink EH-2M59/342 fabric, Defendants can only have obtained it through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to EH-2M59, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs.

## L.  Twenty-Second Claim for Relief: The 73138 Design

### 1.  Trendtex's Copyright is Presumptively Valid.

The 73138 design ("73138") is from the same Spring 2010 collection as 73142 and was registered, assigned, and re-assigned simultaneously with 73142 as described above. As with 73142, the copyright to 73138 is presumptively valid because the Certificate of Registration was issued before or within five years of first publication.

### 2.  Defendants Copied 73138.

#### a.      *Defendants had access to 73138.*

Defendants have admitted to purchasing 73138 fabric from HawaiiPrint, presumably while the Ky's Corporation was still in operation. Dkt. 108, ¶ 532. As noted above, HawaiiPrint's records also reflect that the Ky's Corporation made one purchase of 73138 fabric.

56

### b.   *Defendants sold garments virtually identical or substantially similar to 73138.*

Plaintiffs have alleged that Defendants' garments displaying Defendants' 820 design infringe on 73138. Meanwhile, Defendants have alleged that the 820 garments were made from fabric purchased from Plaintiffs or HawaiiPrint. A side-by-side comparison of 73138 and 820 shown in Figure 13 below, shows that they are indeed virtually identical, with the same composition of the hibiscus and its surrounding, different leaves of a fanciful design. Young Decl. at ¶ 35. The extrinsic test is thus satisfied. Because this is again a case of extreme similarity or identicality, the intrinsic test is also satisfied because an ordinary viewer would find the total feel and concept of the two designs to be so overwhelmingly identical that independent creation is precluded.

**Figure 13**

**Trendtex's 73138 Designs**                    **NTKN's 820 Design**
*Source: SAC*                                   *Source: Exhibit 47*



> **c.** *Defendants sold 820 garments in a color not supplied by Plaintiffs or HawaiiPrint.*

As referenced above, Defendants purchased 73138 fabrics from HawaiiPrint in three colorways: black, wine, and white. However, Defendants offered corresponding 820 garments for sale in an additional blue color, which cannot be confused or conflated with any of the legitimately purchased colorways. Exhibit 50. Blue is also a distinct color because it cannot be mistaken for any of the colorways actually purchased based on the hanger samples below.



The blue fabric did not originate from HawaiiPrint because it was not included in the single purchase from HawaiiPrint. Neither HawaiiPrint nor Plaintiffs made any other sales of this design, so the blue fabric cannot have been purchased from Plaintiffs or a legitimate buyer. *Id.* at ¶ 21. It also cannot be the result of variation in the printing process because it is obviously an entirely different color from those actually purchased. It also cannot be produced by modifying existing fabric. Young Decl. at ¶ 28. In any event, doing so would constitute creating an unauthorized derivative work. Without any authorized

sources of blue 73138/820 fabric, Defendants can only have obtained it through an unauthorized reproduction.

Plaintiffs are entitled to summary judgment because there is no genuine issue of material fact (1) that Plaintiffs own a valid copyright to 73138, (2) that Defendants had access to that design through their documented fabric purchases, (3) that Defendants sold garments in a substantially similar design (4) in a color not supplied by Plaintiffs.

## CONCLUSION

Based on the foregoing arguments and authorities, Plaintiffs respectfully request that they be awarded partial summary judgment as to Defendants' liability on Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, Eleventh, Thirteenth, Fourteenth, Fifteenth, Seventeenth, and Twenty-Second Claims for Relief.

RESPECTFULLY SUBMITTED this 1st day of March 2024.

/s/ Leonard D. DuBoff
Leonard D. DuBoff, *Pro Hac Vice*
Edward T. Fu, *Pro Hac Vice*
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357
Email: lduboff@dubofflaw.com
Email: efu@dubofflaw.com
Telephone: (503) 968-8111

Leo Y. Shimizu
Go Law Office LLLC

1441 Kapiolani Blvd. Ste. 910
Honolulu, HI 96814
Telephone: (808) 679-2049
Facsimile: (808) 425-4717
Email: leo@golaw-hi.com

Attorneys for Plaintiffs