Rex Y. Fujichaku  7198
David M. Plona    9892
BRONSTER FUJICHAKU ROBBINS
1003 Bishop Street, Suite 2300
Honolulu, HI 96813
Tel: 808-524-5644; Fax: 808-599-1881
Email: rfujichaku@bfrhawaii.com
        dplona@bfrhawaii.com

Lena N. Bacani (*pro hac vice*)
LOZA & LOZA, LLP
305 N. Second Ave., Ste. 127
Upland, CA  91786
Tel: (877) 406-5164; Fax: (213) 394-3625
Email:  lena.bacani@lozaip.com

*Attorneys for Defendants/Counterclaimants,*
*NTKN, INC. and HUNG KY*

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii Corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company;<br><br>Plaintiff,<br>v.<br>NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; LEILANI' S ATTIC, INC., a California corporation; and HAWAII HANGOVER, LLC, a Missouri limited liability company; MARK MADL, an individual D/B/A CITIES FASHION;<br>Defendants. | Case No. 1:22-cv-00287-MWJS-KJM<br><br>Honorable Micah W.J. Smith<br><br>**NTKN, INC. AND HUNG KY'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND COUNTER-MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE**<br><br>Trial Date:  July 29, 2024 |
| NTKN, INC., a Hawaii corporation; and HUNG KY, an individual;<br>Counterclaimants,<br>v.<br>TRENDTEX FABRICS, LTD., a Hawaii corporation,<br>Counter-Defendant. | |

## **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................1

II.    BACKGROUND FACTS .......................................................................2

III.   LEGAL STANDARD .............................................................................4

IV.   ARGUMENT............................................................................................5

   A. The Case Should Be Dismissed as Moot Because Trendtex Admits it Lacked Standing to Assert its Infringement Claims .........................................5

   B. Plaintiffs' Motion Must Be Denied Because Plaintiff Has Not Proven That The Accused Products Are Not Made From Fabrics Purchased from Trendtex or HawaiiPrint ....................................................................................................8

V.    CONCLUSION ......................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
 520 U.S. 167 ............................................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ................................................................................................5

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ............................................................................................4, 5

*DRK Photo v. McGraw-Hill Global Education Holdings, LLC*,
 870 F.3d 978 (9th Cir. 2017) ...................................................................................5

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) .............................................................................................5, 7

*ModernaTx, Inc. v. Arbutus Biopharma Corp.*,
 18 F.4th 1352 (Fed. Cir. 2021) .................................................................................6

*Morrow v. Microsoft Corp.*,
 499 F.3d 1332 (Fed. Cir. 2007) ................................................................................7

*Pi-Net Int'l, Inc. v. Focus Business Bank*,
 2015 WL 1538259, No. 5:12-cv-04958 (N.D. Cal. Apr. 6, 2015) ...........................5

*Righthaven LLC v. Hoehn*,
 716 F. 3d 1166 (9th Cir. 2013) ................................................................................7

*TrendTex Fabrics, Ltd. v. Bonnie Brown Designs, Inc.*,
 No. 23-20291-CIV, 2023 WL 4704008 (S.D. Fla. July 24, 2023) ..........................8

**Statutes**

Copyright Act ...............................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 37(c)(1) ................................................................................................4

Fed. R. Civ. P. 56(a) ....................................................................................................4

Local Rule 7.7 ..............................................................................................................1

Defendants and Counterclaimants NTKN, Inc. ("NTKN"), and Hung Ky ("Ky"), (collectively, "NTKN"), oppose the Motion for Partial Summary Judgment (Dkt. 167, "Motion") filed by Plaintiffs Trendtex Fabrics Ltd. ("Trendtex Fabrics") and Trendtex Holding, LLC ("Trendtex Holding"), (collectively "Plaintiffs" or "Trendtex"), and file this Counter Motion for Summary Judgment ("Counter MSJ") pursuant to Local Rule 7.7 as follows:

## I.     INTRODUCTION

Plaintiffs' Motion for partial summary judgment of infringement on twelve of the twenty-six asserted copyrights should be denied as moot because Plaintiffs lacked standing during this action. Plaintiffs admit that while Trendtex Fabrics was the lone plaintiff in this case, it assigned all its rights and interest in the asserted copyrights—including the right to sue for past, present, and future infringement—to its shell company, Trendtex Holding. Despite losing ownership of any enforceable right, Trendtex Fabrics continued to litigate its infringement claims against NTKN and others for months before amending its complaint to add Trendtex Holding. Plaintiffs' lack of standing compromises the entire case. Trendtex's Motion should be denied, and this case should be dismissed.

In addition, Plaintiffs cannot prevail on their infringement claims because NTKN's accused products were made from fabrics purchased from Trendtex Fabrics, or its predecessor-in-interest, HawaiiPrint. Plaintiffs admit that it sold fabric bearing the subject designs to NTKN but argue that NTKN sold clothes made from fabric obtained outside of these legitimate purchases. The evidence in the case shows that Trendtex is wrong, and that NTKN did receive the accused fabrics

1

through numerous authorized purchases over a seventeen-year period that ended more than a decade ago. At a minimum, the evidence highlights the genuine disputes of material facts. These factual questions should be resolved by a jury, and Plaintiffs' Motion for partial summary judgment must be denied.

## II.   **BACKGROUND FACTS**

Hung Ky, NTKN's founder, began selling Hawaiian apparel from his home in 1992. (Depo. of Howard Ky ("Ky Depo.") at NTKN's Concise Statement of Disputed Facts ("CSDF") at ¶ 40.) Mr. Ky founded Ky's International Fashion, Inc. ("Ky's") in 1997 and later dissolved Ky's when Mr. Ky formed NTKN in 2016. (*Id.* at ¶¶ 8, 41.) Ky's fabric inventory and other assets were later transferred to NTKN. (CSDF ¶ 8, 42.)

From 1997 to 2014, Ky's purchased large volumes of printed fabrics from Trendtex Fabrics and HawaiiPrint for use by Ky's, and later NTKN, to manufacture clothing. (*Id.* at ¶43.)  Over this 17-year period, Ky's purchased hundreds of thousands of yards of printed fabric. (*Id.* at ¶ 44.)  NTKN used the purchased fabric to make made-to-order or small-batch garments which it sold. (*Id.* at ¶ 45.)  When COVID temporarily shut down NTKN's warehouse, NTKN began selling products online. (*Id.* at ¶ 46.). NTKN has only used a portion of the original fabric that it purchased directly from Trendtex and HawaiiPrint many years earlier. (*Id.*at ¶47.) The remaining fabric is in NTKN's warehouse, and NTKN slowly manufactures this fabric into shirts on a made-to-order basis. (*Id.* at ¶ 48.)

Trendtex acknowledges that it sold fabric to NTKN but disputes the type and quantities of those sales. (*Id.* at ¶¶ 6, 49-60.)  In doing so, Trendtex relies on

incomplete records that do not provide the full series of transactions between the parties and that completely omit reference to the numerous fabric samples provided by Trendtex and HawaiiPrint to NTKN over their long-lasting business relationship. (*Id.* at ¶¶ 6, 61, Mot. at 3-6.)  Trendtex's records also fail to account for or reconcile the instances when Trendtex or HawaiiPrint would fulfill an order to NTKN but would ship the fabric in a color that differed from the samples originally provided by Plaintiffs to NTKN. (*Id.* at ¶62.)  In those situations, NTKN would often receive the fabric and use it to manufacture clothing, even though it differed from the colorways originally proposed by Trendtex. (*Id.* at ¶ 63.) This would result in clothing bearing a Trendtex design in a color that Trendtex may not have widely distributed. (*Id.* at ¶ 64.) Sometimes, NTKN would inform Trendtex or HawaiiPrint of this discrepancy. (*Id.* at ¶ 65.) Generally, however, NTKN would use the fabric rather than send it back to the factory since reordering fabrics could cause significant delays.  (*Id.*)

Fabrics filed the present lawsuit against NTKN on June 29, 2022 (Dkt. 1) and a First Amended Complaint ("FAC") on August 15, 2022 (Dkt. 29).  Shortly after NTKN filed its counterclaims on September 21, 2022 (Dkt. 54), Trendtex Fabrics assigned the Asserted Copyrights to a shell company called Trendtex Holding. (Dkt. 167-1 at 2, "Beginning in the fall of 2022, Trendtex Fabrics began assigning its copyright portfolio, including all of the copyrights at issue in this action, to a new entity named Trendtex Holding, LLC.").

Trendtex admits that the assignment included *all rights* to the Asserted Copyrights, including the "right to sue for past, present, and future infringements."

3

(Dkt. 167-1 at 2). Trendtex never informed NTKN of this fact. (CSDF ¶ 66.) Although Trendtex Fabrics no longer owned the rights to sue or maintain suit for infringement of the Asserted Copyrights, it continued to assert infringement claims against NTKN and the other defendants, including Tropiholic, Inc., Shaka Time, Inc., Leilani's Attic, Inc., Hawaii Hangover, LLC and Mark Madl, d/b/a Cities Fashion.[1] (Dkt. 167-1 at 2; CSDF ¶ 67.) Plaintiffs attempted to fix this problem by adding Trendtex Holding to Plaintiffs' Second Amended Complaint ("SAC") on June 2, 2023 without informing NTKN or the Court of the issue. (Dkt. 99). However, the SAC was not filed until many months *after* Trendtex Fabrics' assignment of the rights to enforce the Asserted Copyrights to Trendtex Holding.

### III. LEGAL STANDARD

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are facts that, under the governing substantive law, may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] Trendtex asserts that Trendtex Holding exclusively licensed the copyrighted designs back to Trendtex Fabrics so it "could continue selling fabrics to garment makers as before." (Dkt. 167-1 at 2.) However, Trendtex does not allege that it licensed back the right to sue. (*Id.*) Moreover, Trendtex has refused to produce any assignment or license between Trendtex Fabrics and Trendtex Holding, despite numerous discovery requests calling for the information. (CSDF at ¶63.) Trendtex should be precluded from relying on any newly-disclosed assignment or license in support of its Motion. *See* Fed. R. Civ. P. 37(c)(1).

4

242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.*

The party moving for summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 322-23.

## IV. <u>ARGUMENT</u>

### A. The Case Should Be Dismissed as Moot Because Trendtex Admits It Lacked Standing to Assert its Infringement Claims

Plaintiff "has the burden of establishing a qualifying ownership interest both as a substantive element of the infringement claim, and as a necessary predicate for standing to bring the claim." *DRK Photo v. McGraw-Hill Global Education Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017). "Since [establishing standing is] not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof . . . ." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The question of whether a court loses jurisdiction over a case where a plaintiff had standing at the outset is properly characterized as one of mootness. *Pi-Net Int'l, Inc. v. Focus Business Bank*, 2015 WL 1538259, No. 5:12-cv-04958 (N.D. Cal. Apr. 6, 2015) (cleaned up). "The doctrine of mootness can be described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) ***must continue throughout its existence*** (mootness).'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 520 U.S. 167, 189 (citation omitted) (emphasis added); *see also ModernaTx, Inc. v.*

5

*Arbutus Biopharma Corp.*, 18 F.4th 1352 (Fed. Cir. 2021) ("Moderna has failed to demonstrate that it continuously had standing through-out the pendency of the appeal. Under our precedent, an 'intervening abandonment of the controversy produces loss of jurisdiction.'") (quoting *Momenta Pharms., Inc. v. Bristol-Myers Squibb Co.*, 915 F.3d 764, 770 (Fed. Cir. 2019)).

Plaintiffs' copyright infringement claims are barred as moot because Trendtex Fabrics—the only Plaintiff in the case at the time—lacked standing to sue or maintain suit for infringement for several months during a critical period in this litigation. Plaintiffs admit that Trendtex Fabrics assigned all rights, including the right to sue for past, present, and future infringement of the Asserted Copyrights to Trendtex Holding in the fall of 2022. (Dkt. 167-1 at 2; Dkt. 168-2 at ¶ 14). Yet, Plaintiffs did not amend their complaint to add Trendtex Holding until months later, on June 2, 2023. (Dkt. 99).

Plaintiffs claim that once Trendtex Holding received assignment of the Asserted Copyrights (including the right to sue and maintain suit), Trendtex Holding only licensed one right back to Trendtex Fabrics: the right to "continue selling fabrics to garment makers as before." (Dkt. 167-1 at 2). Trendtex does not identify any other right conveyed back from Trendtex Holding to Trendtex Fabric. In other words, Plaintiffs expressly admit that Trendtex Fabrics assigned away the right to sue for past infringement and make no attempt to claim that Trendtex Fabrics ever received this right back via license, despite identifying another right that was allegedly transferred back. "While parties are free to assign some or all patent rights as they see fit based on their interests and objectives, this does not mean that the

6

chosen method of division will satisfy standing requirements." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1341 n.8 (Fed. Cir. 2007).

Further, there is no evidence of any license back from Trendtex Holding to Trendtex Fabrics. Plaintiffs have refused to produce a copy of the assignment or license to NTKN, despite NTKN's numerous discovery requests for these documents, including document requests for "[a]ll licenses, contracts, or other agreements granting rights" in each of the Asserted Copyrights "to any person or entity." (CSDF ¶ 68.) Plaintiffs cannot now retroactively establish their right to maintain suit on a license they refused to produce.

Also, the law is clear that whether a plaintiff has standing to sue is evaluated by looking to "the facts as they exist when the complaint is filed." *Lujan,* 504 U.S. at 571, n.4. It is undisputed that Trendtex Holding did not have standing to sue at the beginning of this lawsuit, since it was not assigned the copyrights until the fall of 2022, well after the case was filed. (Dkt. 167-1 at 2). Such lack of standing cannot be acquired by assignment later. *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1171 (9th Cir. 2013) (noting that while there are limited exceptions to the rule that standing is determined as of the time the complaint is filed, "permitting standing based on a property interest acquired after filing is not one of them").

Plaintiffs were aware of their loss of standing and continued to litigate anyway. In another case brought by Plaintiffs in the Southern District of Florida, the district court found Trendtex Fabrics lacked standing to bring the copyright claims because it had assigned Holding with the right to sue for past, present, and

future infringement. *TrendTex Fabrics, Ltd. v. Bonnie Brown Designs, Inc.,* No. 23-20291-CIV, 2023 WL 4704008, at *5 (S.D. Fla. July 24, 2023). "[O]nce an owner or exclusive licensee exclusively licenses away those rights to another, the licensor loses standing to sue for infringement of those rights, and only the licensee has standing to sue." *Id.* (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, No. 93-08681, 1996 WL 605957 at *4 (S.D. Fla. Aug 1, 1996)). The S.D. Fla. District court clarified that because Trendtex Fabrics assigned away "in no uncertain terms" the right to recover for past infringement, it lacked the right to bring or maintain suit for infringement. *Id.* Indeed, in that case, Plaintiffs expressly concede that Trendtex Fabrics did not have the rights to bring or maintain suit: "[T]he assignments and general contract principles suggest that Trendtex Holding has the exclusive right to prosecute this action." *Id.*

### B. Plaintiffs' Motion Must Be Denied Because Plaintiff Has Not Proven That The Accused Products Are Not Made From Fabrics Purchased from Trendtex or HawaiiPrint

Across the twelve identified designs in the Motion, there is one recurring factual dispute: whether Defendants sold products in colors not supplied by Trendtex or HawaiiPrint. Plaintiffs cannot escape the irregularities of their recordkeeping and the many questions regarding how their fabric colors were decided, distributed, documented, described, or depicted. As such, Plaintiffs have not met their burden for summary judgment and their Motion should be denied.

1. <u>Trendtex relies on incomplete records to establish the colors available to NTKN at the relevant time.</u>

Trendtex relies on incomplete records that do not provide the full series of transactions between the parties. Even the transactions on which the parties agree took place are not fully documented. (CSDF at ¶¶ 61, 62.) This lack of complete records is understandable considering the parties' lax record keeping practices at the time and the many years that have passed since the transactions occurred. Some of the invoices and purchase orders are over 25 years old and were kept only as a hard copy over the years. (CSDF at ¶ 6; 61-62, 69.)

Further, Trendtex's records omit reference to the numerous fabric samples provided by Trendtex and HawaiiPrint to NTKN over their seventeen-year history. For example, Trendtex's records do not include the samples provided from Trendtex or HawaiiPrint to NTKN, which samples often included colors and fabrics that were not eventually mass produced. (CSDF at ¶ 70.) As a result, Trendtex's dependence on those records to assert that it never created the designs in certain colorways is suspect, because these are precisely the category of products that have been omitted from their documentation.

Trendtex's records (and resulting arguments) likewise do not account for or reconcile the instances when Trendtex or HawaiiPrint would fulfill an order to NTKN but would ship the fabric in a color that differed from the samples originally provided by Plaintiffs to NTKN. (CSDF at ¶¶ 62-63.) In those situations, NTKN would often receive the fabric and use it to manufacture clothing, even though it differed from the colorways originally ordered from Trendtex or HawaiiPrint, or

from the color shown in the purchase order or label. (*Id.* at ¶ 63.) Such fabric likely would not be documented in Trendtex's records. These issues with the underlying records, and Trendtex's attempts to salvage them, pervade its summary judgment arguments for every identified design.

> 2. <u>Trendtex relies on nonrepresentative photos of the products offered at the time that NTKN acquired the fabric from Trendtex or HawaiiPrints.</u>

Trendtex relies on photos that are not representative of the selection of colorways offered by Plaintiffs or HawaiiPrint at the relevant time. In the Motion, Trendtex points to hanger samples as proof that the colors in NTKN's offerings differ from those in Trendtex's samples. (*See, e.g.,* Motion at 16.) But even a cursory glance at the hanger sample photographs shows that Plaintiffs are comparing NTKN's shirts to Plaintiffs' <u>current</u> offerings, and not from when NTKN acquired the fabric.

For example, it is undisputed that Defendants purchased fabric with the 73142 design directly from <u>HawaiiPrint</u>. Trendtex, however, offers hanger samples showing colors of the 73142 design labeled "<u>Trendtex</u>." (Dkt. 167-1 at 16.) Plaintiffs have not established that the range of "Trendtex" colorways from 2024 are representative of or consistent with the HawaiiPrint colorways from which Defendants acquired the fabric at issue many years ago. Plaintiffs present this same logic for every asserted design. (*Id.* at 16, 20, 24, 28, 31, 35, 39, 43, 47, 51, 55, 58; CSDF ¶ 71.) Dwight Hamai testified during his deposition that Trendtex constantly refreshed the fabric samples in its archive. (*Id.* at ¶ 72.) Photos of current hanger

samples have little relevance to the selections available when NTKN acquired the product.

        3.    <u>Trendtex relies on nonrepresentative photos of the products offered at the time that NTKN acquired the fabric from Trendtex or HawaiiPrints.</u>

Finally, Trendtex fails to account for the significant variations in how the various colors were identified and documented. As such, Trendtex's broad conclusions that certain colorways are (or are not included) in various records, is in dispute and could be fairly rejected by a reasonable jury.

For example, NTKN often labelled its colors differently from how Trendtex or HawaiiPrint labelled <u>the same colors</u>. (CSDF ¶ 73.) For the KS-6919 Design, Trendtex designated its colorways as sage, blue, and natural. (*Id.* at ¶ 74.) NTKN manufactured that fabric into its AL-805 design, but referred to the same, blue, and natural colorways as green, navy blue, and cream. (*Id.* at ¶ 75.)

Additionally, HawaiiPrint included colorway identifications such as slate, sage, royal, wine, aqua, and periwinkle in its invoices. (*Id.* at ¶ 76.) NTKN did not use these names to describe the colors of the garments it produced from these fabrics. (*Id.*) As a result, it is misleading and disputable to assert that because a color name is not included in certain invoices that it was not offered or sold. The significant questions and doubt over the colors offered to NTKN should preclude summary judgment at this stage.

11

## V.   CONCLUSION

There are many lingering factual disputes on key issues. A reasonable jury could assess the evidence and determine that Plaintiffs have not met their burden on their claims. Consequently, summary judgment is inappropriate, and Plaintiffs' Motion should be denied. A selection of these factual questions is summarized below:

- Were the accused products sold by NTKN's customers originally acquired by NTKN's customers from NTKN?

- Did Trendtex, HawaiiPrint, or their authorized factories, produce fabric (via mass distribution, samples, or otherwise) with the designs in the colors that NTKN offered? Or in the type of fabric that NTKN offered?

- Did Trendtex, HawaiiPrint or their factories provide samples or fabric to NTKN that was not part of its broader distribution and that was not recorded in Trendtex's records?

- Do the images and descriptions in NTKN's promotional material match the information in their invoices and records?

- Are Trendtex records complete and reliable? Can Trendtex account for all the sales it made to NTKN?

- Does NTKN still own fabric bearing stamping from Trendtex or HawaiiPrint? Did that fabric originate from Trendtex?

- Are there variations between the designs in the Asserted Copyrights and the designs appearing in the clothing offered by NTKN? If so, are those variations reasonable considering the printing techniques, long-term storage, or changes in printing methods and screens over time?

- Are there variations between the type of fabric in the shirts offered by NTKN and the fabric bearing the designs sold by Trendtex? If so, are those variations reasonable considering the course of conduct between the parties and the undocumented samples?

- When did Trendtex Fabrics assign its rights in the copyrights to Trendtex Holdings? What rights were assigned away? Were any rights

      assigned back from Trendtex Holdings to Trendtex Fabrics? If so, what rights were assigned back? And when did that occur?

In light of these many factual questions, Plaintiffs have not their burden for summary judgment and NTKN respectfully requests that Plaintiffs' Motion be denied.

DATED: Honolulu, Hawaiʻi, March 22, 2024.

                Respectfully submitted,

                */s/ Rex Y. Fujichaku*
                Rex Y. Fujichaku
                David M. Plona
                Lena N. Bacani (*pro hac vice*)

                *Attorneys for Defendants and*
                *Counterclaimants NTKN, Inc. and Hung Ky*