Rex Y. Fujichaku (#7198)
David M. Plona (#9892)
BRONSTER FUJICHAKU ROBBINS
1003 Bishop Street, Suite 2300
Honolulu, HI 96813
Tel: 808-524-5644; Fax: 808-599-1881
Email: rfujichaku@bfrhawaii.com
       dplona@bfrhawaii.com

Lena N. Bacani (*pro hac vice*)
William Chadwick (*pro hac vice*)
LOZA & LOZA, LLP
305 N. Second Ave., Ste. 127
Upland, CA 91786
Tel: (877) 406-5164; Fax: (213) 394-3625
Email: lena.bacani@lozaip.com

*Attorneys for Defendants/Counterclaimants,
NTKN, INC. and HUNG KY*

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| TRENDTEX FABRICS, LTD., a Hawaii Corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited liability company;<br><br>Plaintiff,<br>v.<br><br>NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; LEILANI'S ATTIC, INC., a California corporation; and HAWAII HANGOVER, LLC, a Missouri limited liability company; MARK MADL, an individual D/B/A CITIES FASHION;<br>Defendants. | Case No. 1:22-cv-00287-MWJS-KJM<br><br>**NTKN, INC. AND HUNG KY'S REPLY IN SUPPORT OF THEIR COUNTER-MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE**<br><br>Honorable Micah W. J. Smith<br>Trial Date: July 29, 2024 |
| --- | --- |
| NTKN, INC., a Hawaii corporation; and HUNG KY, an individual;<br>Counterclaimants,<br>v.<br>TRENDTEX FABRICS, LTD., a Hawaii corporation,<br>Counter-Defendant. | |

Defendants and Counterclaimants NTKN, Inc. ("NTKN"), and Hung Ky ("Ky"), (collectively, "NTKN"), file this Reply in support of their Counter Motion for Summary Judgment ("Counter MSJ") pursuant to Local Rule 7.7 as follows:

## I.     NTKN'S COUNTER MSJ IS PROCEDURALLY PROPER

### A.     NTKN's Counter-MSJ Was Properly Filed as Part of its Opposition

Trendtex's argument that NTKN's Counter MSJ was untimely and deficient is without merit.  Local Rule 7.7 requires that any "motion raising the same subject matter as an original motion may be filed by the responding party together with the party's opposition" and the party's "memorandum in support of the counter motion *must* be combined into one document *with the party's memorandum in opposition to the original motion…*"  L.R. 7.7 (emphasis added).

NTKN's Counter MSJ (Dkt. 175) relies on the same arguments, facts and authority as NTKN's Opposition to Trendtex's Motion for Partial Summary Judgment ("MPSJ").  (Dkt. Nos. 167 (MPSJ), 175 (NTKN Opp'n and Counter MSJ).)  There is no hearing set on any of the summary judgment motions and they are all to be heard by the Honorable Micah W.J. Smith.  (*See,* Dkt. 167.) Therefore, Local Rule 7.7 applies and NTKN's Counter MSJ was properly filed as part of its Opposition to Trendtex's MPSJ.

In addition, Trendtex's Opposition fails to explain how NTKN could have filed its Counter MSJ by March 31 when NTKN did not learn of Trendtex Fabrics' assignment of its entire interest in the asserted copyrights, including the right to sue for past, present and future infringement, until Trendtex disclosed this

1

information for the first time in its Memorandum in Support of its MPSJ.  (Dkt. 167, Dkt 176 ¶ 66-68.)  Until that filing, Trendtex has steadfastly refused to provide information regarding the assignments to NTKN. (*Id.*)

> B. **Plaintiffs Hid the Assignments from NTKN Because Trendtex Fabrics Was Dismissed for Lack of Standing in the Florida Case**

Plaintiffs refused to produce copies of the copyright assignments from Trendtex Fabrics to Trendtex Holding during discovery, despite specific requests calling for the information, because Plaintiffs knew the information would cause them to lose standing.  (Dkt. 176, ¶¶ 66-68.)

Trendtex Fabrics has already been dismissed for lack of standing in a case it filed in Florida on January 25, 2023, and was aware of the importance of this standing issue.  *See, Trendtex Fabrics, Ltd., et al. v. Bonnie Brown Designs, Inc.,* Case. No. 1:23-cv-20291, Order, Dkt. 23 at 9 (S.D. Fla.) (rejecting Trendtex's judicial efficiency argument and holding "this is not a compelling reason to allow a plaintiff without proper standing to remain in the present suit.  Accordingly, the Court grants Bonnie Brown's request to dismiss Trendtex Fabrics's claims for lack of standing.").

In an attempt to avoid a similar fate, Trendtex hid the assignments from NTKN.  NTKN only first learned of the extent of the assignments from Plaintiff's Memorandum in Support of Plaintiff's MPSJ.  NTKN raised the issue with Plaintiffs' counsel as soon as it learned the details during the parties' conferences to meet and confer regarding the summary judgment motions.

Plaintiffs cannot now claim that they are prejudiced by NTKN not bringing the standing issue to Trendtex's attention sooner when it was Trendtex that actively hid the information from NTKN and this Court. Plaintiffs do not even attempt to allege prejudice because there is none. Moreover, Trendtex did not produce copies of the relevant assignments until days *after* NTKN filed its Opposition and Counter-MSJ. More than a month after the close of discovery.

Finally, the arguments are identical to, and part of, NTKN's arguments in opposition to Plaintiffs' MPSJ since standing is a predicate to the copyright infringement claims. *DRK Photo v. McGraw-Hill Global Education Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017) (Plaintiff "has the burden of establishing a qualifying ownership interest both as a substantive element of the infringement claim, and as a necessary predicate for standing to bring the claim.").

## II.    TRENDTEX FABRICS ASSIGNED AWAY ITS STANDING AND TRENDTEX HOLDING NEVER HAD STANDING

Plaintiffs admit the relevant facts outlined in NTKN's Counter-MSJ and it is not disputed that Trendtex Fabrics assigned all rights in the asserted copyrights to Trendtex Holding in the middle of this litigation, including the right to sue for past, present and future infringement. (Dkt. 188 at 4.) Plaintiffs do not deny that Trendtex Fabrics assigned all rights in the asserted copyrights *after* initiating this action and *before* Plaintiffs filed their Second Amended Complaint adding Trendtex Holding. (Dkt. 188 at 4.)

3

A. **Trendtex Fabrics Was Dismissed for Lack of Standing by the Florida Court on Similar Facts**

Trendtex Fabrics has already been dismissed for lack of standing in a case it filed in Florida on January 25, 2023, and was aware of the importance of this standing issue. *See, Trendtex Fabrics, Ltd., et al. v. Bonnie Brown Designs, Inc.,* Case. No. 1:23-cv-20291, Order, Dkt. 23 at 9. ***In the Bobbie Brown case, the Court granted defendant's motion to dismiss Trendtex Fabrics, finding it lacked standing***. *Id.* (rejecting Trendtex's judicial efficiency argument and holding "this is not a compelling reason to allow a plaintiff without proper standing to remain in the present suit. Accordingly, the Court grants Bonnie Brown's request to dismiss Trendtex Fabrics's claims for lack of standing."). The *Bonnie Brown* court allowed the claims brought by Trendtex Holding to go forward, but only because the copyright assignments (made around October 2022) had been made to Holding *before* the case was initially filed in January 2023. *See id.* This is in sharp contrast to the facts in the present action, where Trendtex Holding did not have standing to sue when the case was initiated. (Dkt. 1.)

In the present action, it is undisputed that Trendtex Fabrics was the lone plaintiff when it filed this case on June 29, 20222 (Dkt. 1) and that it assigned away all of its rights to Trendtex Holding months *before* filing its Second Amended Complaint adding Trendtex Holding on June 2, 2023. (Dkt. 99.) Trendtex Fabrics assigned all its rights and interest in the asserted copyrights—including the right to sue for past, present, and future infringement. Despite losing ownership of any

4

enforceable right, Trendtex Fabrics continued to litigate its infringement claims against NTKN and the other defendants, while hiding the assignments from them.

Unlike in the *Bonnie Brown* action, in which the assignments to Trendtex Holding were completed *before* the action was filed, Plaintiffs here assigned all rights *after* the case was filed, meaning that *both* Plaintiffs lack standing.

B.     **Both Plaintiffs Lack Standing in the Present Action**

Plaintiffs attempt to salvage standing by arguing that the Court should disregard the filing date of this action, and all pleadings filed before the Second Amended Complaint. (Dkt. 188 at 5. ("superceded pleading no longer has any legal effect.").) Plaintiffs' argument is contrary to law and Supreme Court precedent.

While an amended pleading may supersede the original, it cannot fix standing in a copyright case. The *Northstar* case relied on by Plaintiffs, which is not a copyright case, is inapplicable. *See,* Dkt. 188 at 5-6, citing *Northstar Fin. Advisors Inc. v. Schwab Invs.,* 779 F.3d 1036, 1044-1046 (9th Cir. 2015). The *Northstar* case involves breach of contract and breach of fiduciary duty claims. *Id.*

The undisputed facts of the present action do not fall within any of the exceptions to the general rule that "subject matter jurisdiction must exist as of the time the action is commenced" and that a "lack of subject-matter jurisdiction at the outset cannot be cured subsequently." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376 (9th Cir. 1988). Indeed, Courts have consistently rejected Trendtex's argument and have held that amended pleadings cannot be used to correct deficiencies in subject matter jurisdiction in copyright cases. *See, Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,* 586 U.S.

5

588, 139 S. Ct. 881, 892 (2019); *Izmo, Inc. v. Roadster, Inc.,* No. 18-cv-06092, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019) (dismissing second amended complaint because copyrights not registered at time action initiated).

The Ninth Circuit has rejected amendment of pleadings as a means to cure defects in the original pleadings. *See, e.g., McKinney v. Carey,* 311 F.3d 1198, 1200–01 (9th Cir. 2002) (requiring dismissal without prejudice where claimant failed to comply with § 411(a)). Permitting amendment to cure a Trendtex's failure to perfect assignments before suing would similarly undermine the objectives in the Supreme Court's decision in *Fourth Estate*.

Courts in copyright cases have consistently held that **_standing must be present throughout the entire case_**. *See, Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 520 U.S. 167, 189 (2000) (emphasis added) ("The requisite personal interest that must exist at the commencement of the litigation (standing) **must continue throughout its existence** (mootness)."); *see also ModernaTx, Inc. v. Arbutus Biopharma Corp.*, 18 F.4th 1352 (Fed. Cir. 2021) ("Moderna has failed to demonstrate that it continuously had standing through-out the pendency of the appeal. Under our precedent, an 'intervening abandonment of the controversy produces loss of jurisdiction.'") (quoting *Momenta Pharms., Inc. v. Bristol-Myers Squibb Co.*, 915 F.3d 764, 770 (Fed. Cir. 2019).

Courts have also held that lack of **_standing cannot be acquired by assignment later._** *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1171 (9th Cir. 2013) (emphasis added) (noting that while there are limited exceptions to the rule that standing is determined as of the time the complaint is filed, "permitting standing based on a

6

property interest acquired after filing is not one of them"). Plaintiffs fail to provide any authority in their Opposition to negate this clear holding.

***A copyright plaintiff may assign away its standing***. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1341 n.8 (Fed. Cir. 2007) ("While parties are free to assign some or all patent rights as they see fit based on their interests and objectives, this does not mean that the chosen method of division will satisfy standing requirements."); *TrendTex Fabrics, Ltd. v. Bonnie Brown Designs, Inc.,* No. 23-20291-CIV, 2023 WL 4704008, at *5 (S.D. Fla. July 24, 2023). "[O]nce an owner or exclusive licensee exclusively licenses away those rights to another, the licensor loses standing to sue for infringement of those rights, and only the licensee has standing to sue." *Id.* (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, No. 93-08681, 1996 WL 605957 at *4 (S.D. Fla. Aug 1, 1996)), citing 3 M. NIMMER AND D. NIMMER, NIMMER ON COPYRIGHT § 12.02[B], p.12-54 - 12-55 (1996).

Because the Copyright Act specifies that the infringement must have "been committed while" a claimant was "the owner" of the exclusive right, ***"[t]he copyright owner must have such status at the time of the alleged infringement to have standing to sue."*** See *Optima Tobacco Corp. v. US Flue-Cured Tobacco Growers, Inc.*, 171 F. Supp. 3d 1303, 1308 (S.D. Fla. 2016) (Moore, J.). It is undisputed that Trendtex Holding had no ownership rights in the asserted copyrights at the time of alleged infringement and didn't acquire any rights until the assignments in late 2022 and early 2023. (Dkt. 188 at 4.)

Plaintiffs try to argue that Trendtex Fabrics retained standing because it was an exclusive licensee, but admit that the rights licensed back were the "rights to manufacture, reproduce, distribute, promote, market and sell fabric." (Dkt. 188 at 8.) The rights to sue for past, present and future infringement were *not* licensed back and remained exclusively with Trendtex Holding. Rather, it is undisputed that Trendtex Fabrics purposefully and intentionally assigned away these rights to Trendtex Holding. Once that happened, Trendtex Fabrics lost standing in this action, as recognized by the Florida District Court.

Because of Trendtex Fabrics' decision to assign all rights in the middle of a pending case, Trendtex Holding also does not have standing to sue because it was not in the case when it was filed and didn't own the rights when the alleged infringement occurred. Indeed, Trendtex Holding did not acquire rights to the asserted copyrights until many months after the case was filed. (Dkt. 188 at 4.) The Plaintiffs filed a Second Amended Complaint months after the assignments (Dkt. 99), which does not fix standing. Therefore, both Plaintiffs' claims must be dismissed.

## III.  CONCLUSION

Because there are no disputed facts regarding the timing and extent of Trendtex Fabrics' assignment of all rights in the asserted copyrights to Trendtex Holding in the middle of this litigation, the Court should grant NTKN's Counter-MSJ and dismiss both Plaintiffs' claims as moot and/or for lack of standing.

DATED: Honolulu, Hawaiʻi, April 12, 2024.

>*/s/ Rex Y. Fujichaku*
>REX Y. FUJICHAKU
>DAVID M. PLONA
>LENA N. BACANI (*pro hac vice*)
>WILLIAM CHADWICK (*pro hac vice*)
>
>Attorneys for Defendants/Counterclaim
>Plaintiffs NTKN, INC. and HUNG KY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TRENDTEX FABRICS, LTD., a Hawaii Corporation; and TRENDTEX HOLDING, LLC, a Hawaii limited Liability company, | Case No. 1:22-cv-00287-LEK-KJM  **CERTIFICATE OF SERVICE** |
| Plaintiffs, | |
| vs. | |
| NTKN, INC., a Hawaii corporation; HUNG KY, an individual; SHAKA TIME, INC., a Hawaii corporation; HAWAII HANGOVER, LLC, a Missouri limited liability company; MARK MADL, an individual D/B/A CITIES FASHION, | |
| Defendants. | |
| NTKN, INC., a Hawaii corporation, | |
| Counterclaim Plaintiff, | |
| vs. | |
| TRENDTEX FABRICS, LTD., a Hawaii corporation, | |
| Counterclaim Defendant. | |
| HAWAII HANGOVER, LLC, a Missouri limited liability company, | |
| Crossclaim Plaintiff, | |
| vs. | |
| NTKN, INC., a Hawaii corporation; and HUNG KY, an individual, | |
| Crossclaim Defendants. | |

1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 12, 2024, a true and correct copy of the foregoing document was duly served to the following parties below through CM/ECF:

LEONARD D. DUBOFF, ESQ.
lduboff@dubofflaw.com
EDWARD T. FU, ESQ.
tefu@dubofflaw.com
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357

LEO Y. SHIMIZU, ESQ.
leo@golaw-hi.com
Go Law Office LLLC
1441 Kapiolani Blvd., Suite 910
Honolulu, Hawaiʻi 96814

Attorneys for Plaintiffs
TRENDTEX FABRICS, LTD. and
TRENDTEX HOLDING, LLC

STEVEN L. GOTO, ESQ.
steven.goto@hawadvocate.com
1003 Bishop Street, Suite 2500
Honolulu, Hawaiʻi 96813

Attorney for Counterclaim Defendant
TRENDTEX FABRICS, LTD.

DATED: Honolulu, Hawaiʻi, April 12, 2024.

                          */s/ Rex Y. Fujichaku*
                          REX Y. FUJICHAKU
                          DAVID M. PLONA
                          LENA N. BACANI (*pro hac vice*)
                          WILLIAM CHADWICK (*pro hac vice*)

                          Attorneys for Defendants/Counterclaim
                          Plaintiffs NTKN, INC. and HUNG KY